UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>EMPOWER CLINIC SERVICES, LLC d/b/a EMPOWER PHARMACY,<br><br>      Defendant. | Civil Action No. 4:25-cv-3464 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

**1.** **State when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.**

The parties participated in a Rule 26(f) conference via videoconference on October 10, 2025 and continued via email and subsequent videoconferences. Attorneys David Horowitz, James Hileman, and Kathleen Vera Kinsella attended on behalf of Plaintiff Eli Lilly and Company ("Plaintiff" or "Lilly") and attorneys Geoff Gannaway, Rachael Pontikes, and Shannon McClure attended on behalf of defendant Empower Clinic Services, LLC ("Defendant" or "Empower").

**2.** **List the cases related to this one that are pending in any state or federal court with the case number and court.**

The following case may involve certain overlapping legal and/or factual issues with the above-captioned case and thus may be deemed to "relate" to this case:

- Case No. 4:23-cv-03521 (U.S. District Court for the Southern District of Texas), filed September 19, 2023: Eli Lilly and Company v. Revive RX, LLC.

- Case No. 3:25-cv-03534 (U.S. District Court for the Northern District of California), filed April 23, 2025: Eli Lilly and Company v. Mochi Health Corp., Mochi Medical CA P.C., Mochi Medical P.A., Aequita Pharmacy, LLC, Aequita Corporation.

- Case No. 4:25-cv-03535 (U.S. District Court for the Northern District of California), filed April 23, 2025: Eli Lilly and Company v. Aios Inc d/b/a Fella Health and Delilah, Fella Medical Group P.A., Fella Medical Group P.C.

- Case No. 4:25-cv-03536 (U.S. District Court for the Northern District of California), filed April 23, 2025: Eli Lilly and Company v. Adonis Health, Inc. d/b/a Henry Meds.

- Case No. 2:25-cv-03570 (U.S. District Court for the Central District of California), filed April 23, 2025: Eli Lilly and Company v. Willow Health Services, Inc.

- Case No. 2:25-cv-02183 (U.S. District Court for the District of New Jersey), filed April 1, 2025: Eli Lilly and Company v. Empower Clinic Services, LLC d/b/a Empower Pharmacy et al. (voluntarily dismissed July 25, 2025); refiled as the current matter before this Court (Case No. 4:25-cv-03464).

- Case No. 1:25-cv-00401 (U.S. District Court for the District of Delaware), filed April 1, 2025: Eli Lilly and Company v. Strive Pharmacy LLC; dismissed on personal jurisdiction grounds on October 8, 2025.

Defendant also contends that the following cases may be "related" to this case:

- Case No. 4:25-cv-1048 (U.S. District Court for the Northern District of Ohio), filed May 25, 2025: Novo Nordisk, Inc. et al. v. Amble Health, Inc.

- Case No. 5:25-cv-6563 (U.S. District Court for the Northern District of California), filed Aug. 4, 2025: Novo Nordisk, Inc. et al. v. Mochi Health, Inc. et al.

- Case No. 3:25-cv-2061 (U.S. District Court for the Northern District of Texas), filed Aug. 4, 2025: Novo Nordisk, Inc. v. Link Pharmacy LLC.

- Case No. 4:25-cv-00838 (U.S. District Court for the Eastern District of Texas), filed Aug. 4, 2025: Novo Nordisk, Inc. et al. v. Bhaumik Diversified LLC d/b/a Texas Star Pharmacy.

- Case No. 1:25-cv-06391 (U.S. District Court for the Southern District of Texas), filed Aug. 4, 2025: Novo Nordisk, Inc. et al. v. Zealthy Inc.

Defendant asserts that the above lists are not intended to be a comprehensive listing of all potentially related cases nationwide; instead, it represents a partial/exemplar listing of cases filed by Eli Lilly and/or Novo Nordisk against compounding pharmacies and telehealth platforms. There are other pending lawsuits filed by Eli Lilly and/or Novo Nordisk against other compounding pharmacies, telehealth platforms, medical spas, and medical clinics relating to the marketing and/or sale of compounded GLP-1s.

3. **Specify the allegation of federal jurisdiction.**

   There is federal jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. Plaintiff is a citizen of Indiana and Empower is a limited liability company with two members: (1) SN Trust, a traditional trust, the trustee of which is Mr. Arta Shaun Noorian, a citizen of Texas; and (2) EWS Gift Trust, a traditional trust, the trustee of which is Bessemer Trust Company, N.A., a national banking association that is a citizen of New York, where its main office is located. The Court also has subject matter jurisdiction over the Lanham Act cause of action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331. Alternatively and in addition to diversity jurisdiction, the Court has supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367(a), as they are part of the same case or controversy as the federal claim.

4. **Name the parties who disagree and the reasons.**

   N/A

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   N/A

6. **List anticipated interventions.**

   N/A

7. **Describe class-action issues.**

   N/A

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have not made initial disclosures. Lilly proposes that the parties do so by October 24, 2025. Empower asks the Court to stay discovery pending the motion to dismiss. The parties state their positions below:

   **Empower's Position.** Defendant notes that its Motion to Dismiss is pending. Other motions to dismiss similar actions brought by Eli Lilly in other federal courts across the country (as well as similar actions brought by Novo Nordisk) have resulted in dismissal and/or repleading. Discovery should await a complaint, if any, that passes constitutional muster and can meet the relevant pleading standards.

   A district court has broad discretion to stay discovery where resolution of a motion to dismiss may "preclude the need for the discovery altogether thus saving time and expense." *U.S. ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, LLC*, No. 4:23-01291,

2024 WL 5440746, at *1 (S.D. Tex. June 17, 2024); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 910 F.2d 404, 436 (5th Cir. 1990); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). Where a motion to dismiss "raises substantial challenges to the sufficiency of a [plaintiff's] allegations, the interests in preserving court and party resources favor a stay until the [c]ourt determines whether discovery should proceed at all." *Encompass Health*, 2024 WL 5440746, at *1. Further, the Supreme Court has noted that where a plaintiff fails to state a valid claim, the party is not entitled to discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (stating that a party whose pleading is deficient "is not entitled to discovery, cabined or otherwise").

Empower's motion to dismiss addresses all claims that Lilly asserts. Granting Empower's motion may dispose of Lilly's claims and preclude the need for discovery altogether or, if granted in part, may significantly narrow the scope of Lilly's suit. Good cause exists to stay discovery pending a ruling on Empower's motion to dismiss because a stay would avoid the undue burden and expense of spending time and resources that may not be necessary. Indeed, this Court has routinely granted motions to stay discovery and deadlines in similar circumstances. *See, e.g.*, *Sweat v. Houston Methodist Hosp.*, No. 4:24-cv-00775, ECF No. 17 (S.D. Tex. Apr. 19, 2024) (granting discovery stay pending ruling on motion to dismiss); *Tapia v. Union Pac. R.R. Corp.*, No. 4:23-cv-00042, ECF No. 45 (S.D. Tex. Apr. 5, 2024) (same for summary judgment motion); *Lopez v. Beard & Lane, P.C.*, No. 4:23-cv-02895, ECF No. 8 (S.D. Tex. Sept. 20, 2023) (same for judgment on the pleadings motion); *Anderson v. Lumpkin*, No. 4:23-cv-00538, ECF No. 44 (S.D. Tex. June 18, 2024) (granting stay of deadlines pending ruling on motion to dismiss); *Hamoodi v. Jaddou*, No. 4:23-cv-01713, ECF No. 31 (S.D. Tex. Jan. 23, 2024) (granting stay of initial pretrial and scheduling conference pending ruling on motion to dismiss).

Further, Lilly would not be prejudiced by a discovery stay and has no reasonable argument that discovery should proceed at such an early stage. This is already Lilly's second attempt at suing Empower—after initially filing in New Jersey, and in response to Empower's motion to dismiss, Lilly chose to dismiss that complaint and file this new one it in this Court. Nothing that Lilly may learn through discovery would affect the resolution of the pending motion to dismiss—which is ultimately about Lilly's insufficient and improper attempts to prevent all tirzepatide compounding nationwide. Should the Court agree that discovery should be stayed, the parties can revisit the schedule, if needed, after the Court rules on the pending motion to dismiss.

In advance of the conference, Empower will submit a formal Motion to Stay and submit a proposed order.

**Lilly's Position.** The Court should deny Empower's request for a discovery stay. "[F]ederal district courts in the Fifth Circuit uniformly recognize that staying discovery pending a ruling on a dispositive motion is the exception—not the general rule." *Lee v. U.S. Bank N.A.*, 2022 WL 20508526, at *1 (S.D. Tex. Jan. 13, 2022); *see also Boltex Mfg. Co., L.P. v. ULMA Forja, S. Coop*, 2017 WL 7798667, at *1 (S.D. Tex. Oct. 24, 2017) (same, and denying request to stay discovery pending motion to dismiss); *Edge196 LLC v. Jointer, Inc.*, 2021 WL 4027696, at *1 (S.D. Tex. Jan. 22, 2021) (same; "courts deny a stay

absent unusual circumstances"); *Array Holdings, Inc. v. Safoco, Inc.*, 2012 WL 12896361, at *1 (S.D. Tex. Oct. 12, 2012) (denying motion to stay discovery pending motion to dismiss). To stay discovery, Empower has the burden to show that good cause exists "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), and it must do so with "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements," *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Empower falls far short of this standard. To start, Empower cannot make a "particular and specific" demonstration of "undue burden or expense" given that Lilly has not yet served discovery. When Lilly does, Lilly's initial discovery will consist of a discrete set of document requests; depositions are months away pursuant to the proposed case schedule. If Empower objects to the scope of Lilly's discovery, it can serve objections and the parties can meet and confer and seek to narrow any disagreement; if any remain, Empower may seek relief in the form of a motion for a protective order or Lilly can move to compel. Indeed, that is precisely what the rules require: Empower's request is procedurally defective, as it has failed to file a motion to stay discovery or submit a proposed order, as required to obtain an order limiting discovery.[1] *See* Fed. R. Civ. P. 26(c)(1); *Tesla, Inc. v. Louisiana Auto Dealers Ass'n.*, 2025 WL 744151, at *4 (E.D. La. Mar. 7, 2025) ("As a matter of federal procedure, a request to stay discovery is considered a motion for protective order.").

Nor does the mere fact that Empower has filed a motion to dismiss justify a stay. "A defendant's belief that he or she will prevail on a dispositive motion is insufficient to warrant staying discovery. Indeed, *every* defendant who files a Rule 12(b)(6) motion presumably believes they will prevail." *Lee*, 2021 WL 20508526 at *1. That belief is unwarranted here, given that the Fifth Circuit recently issued a landmark decision squarely recognizing some of the very claims that Lilly brings here, and rejecting the preemption arguments made in Empower's motion. *Zyla Life Sciences, LLC v. Wells Pharm. of Houston, LLC*, 134 F.4th 326 (Apr. 10, 2025). As for the remainder of Lilly's claims, a federal court recently denied in part a motion to dismiss them in a related case. *See Eli Lilly & Co. v. Adonis Health, Inc.*, 2025 WL 2721684 (N.D. Cal. Sept. 24, 2025) (granting in part and denying in part motion to dismiss). And regardless, even courts that grant motions to dismiss have "sufficient discretion" to allow amendment: "[G]iven that possibility, however remote, it cannot be said that the parties' interests would be served by an indefinite stay of discovery." *Array Holdings*, 2012 WL 12896361, at *1 (denying motion to stay discovery based on motion to dismiss). This Court, too, frequently denies motions to stay discovery in similar circumstances. *See, e.g.*, *J.D. Fields & Co., Inc. v. Nucor-Yamato Steel Co.*, No. 4:12-cv-01918, ECF 26 (S.D. Tex. Sept. 28, 2012) (denying motion to stay discovery pending motion to dismiss); *JPMorgan Chase Bank, N.A. v. Oklahoma Oncology & Hematology, P.C. et al.*, No. 4:06-cv-00645, ECF 107 (S.D. Tex. May 11, 2007) (same).

---

[1]  Each of Empower's cited cases involve *motions* to stay discovery, which Empower has not filed here.

5

On the other hand, staying discovery would plainly prejudice Lilly. The Complaint alleges unfair and deceptive conduct that damages Lilly, while posing significant risks to patient safety. The urgency of this action is clear, and Lilly intends to oppose any motion to stay filed by Empower.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   - Plaintiff proposes that the parties make initial disclosures by October 24, 2025. Defendant notes that its Motion to Dismiss is pending. Other motions to dismiss similar actions in other federal courts across the country have resulted in dismissal and/or repleading. Discovery should await a complaint, if any, that passes constitutional muster and can meet the relevant pleading standards. Plaintiff responds that a motion to dismiss a similar action brought by Lilly was denied in part and that decision rejected the court's decision in the case where a motion to dismiss was granted. *See Eli Lilly & Co. v. Adonis Health, Inc.*, No. 25-CV-03536-JST, 2025 WL 2721684 (N.D. Cal. Sept. 24, 2025) (granting in part and denying in part motion to dismiss). Plaintiff further contends that there is no merit to Defendant's request for a discovery stay.

   - Plaintiff anticipates discovery regarding Empower's business operations and compounded tirzepatide products, including development (if any), testing (if any), analysis surrounding the decision to sell or facilitate the sale, procurement, marketing, sales, customer feedback (including confusion with Lilly's tirzepatide medicines, requests for Lilly's tirzepatide medicines, negative side effects, and/or complaints), regulatory compliance, revenue, profits, and other financial information for compounded tirzepatide, as well as knowledge of Lilly and Lilly's tirzepatide medicines.

   - Defendant anticipates discovery at least regarding Lilly's sales of tirzepatide products; the shortage FDA declared regarding Lilly's tirzepatide products; Lilly's communications with FDA, FTC, NAD, and/or state regulators concerning compounded tirzepatide; Lilly's communications with third parties concerning compounded tirzepatide and communications reflecting efforts to eliminate or reduce compounded tirzepatide from the U.S. market; communications and documentation concerning testing and/or other analysis of compounded formulations; communications with FDA, FTC, NAD, and/or state regulators related to advertising and promotion of tirzepatide-containing products; Lilly's marketing of its own tirzepatide-containing products; revenue, profits, and other financial information for Lilly's tirzepatide medicines.

   - The parties intend to proceed with fact discovery first, followed by expert discovery, in accordance with the proposed Docket Control Order.

- The parties are not aware of any current issues relating to the disclosure, discovery, or preservation of electronically stored information, but agree to discuss in good faith should any issues arise.

- The parties will address privilege issues if they arise. The parties agree that a protective order is appropriate to protect the confidentiality of trade secret information should it arise and anticipate submitting a proposed protective order and electronically stored information order to govern the production and dissemination of such information to the Court pursuant to Fed. R. Civ. P. 26(c) at such time.

- The parties do not propose any changes be made in the limitations on discovery imposed under the federal or local rules.

- The parties do not presently propose any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**B.  When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories within the discovery period to Defendant, within several weeks of the parties' conference.

**C.  When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories within the discovery period to Plaintiff after this Court rules on Defendant's pending Motion to Dismiss.

**D.  Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates deposing Defendant's employees responsible for Defendant's manufacturing and sales of compounded tirzepatide, and a corporate representative of Defendant, within the discovery period and after sufficient exchanges of written discovery and document production.

**E.  Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates deposing Lilly's employees responsible for Lilly's strategy for reducing and/or eliminating compounded tirzepatide from the U.S. market; Lilly's manufacturing and sales of tirzepatide; and a corporate representative of Lilly within the discovery period and after sufficient exchanges of written discovery and document production.

**F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

        The party with the burden of proof on an issue will designate experts and provide the reports required by Rule 26(a)(2)(B) by November 6, 2026. The opposing party will designate responsive experts in writing and provide their reports by December 4, 2026.

    **G.**    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

        Plaintiff expects to take the depositions of any experts designated by Defendant by or before January 22, 2027.

    **H.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

        The parties will complete expert depositions on or before January 22, 2027.

**10.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Empower asks the Court to stay discovery pending the motion to dismiss. Lilly responds that the Court should deny Empower's request for a discovery stay. The parties state their respective positions more fully above.

**11.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have not undertaken discovery to date.

**12.**    **State the date the planned discovery can reasonably be completed.**

The parties will complete discovery by January 22, 2027.

**13.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Although settlement discussions are premature at this time, the parties have committed to reviewing their settlement positions and making every effort to resolve the case prior to trial.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have not yet had meaningful discussions but are committed to participating in further discussion as this case progresses and will make good faith efforts to resolve the case prior to trial.

15. **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable.**

    Private mediation may be considered at an early stage after some discovery has taken place.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to a trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff made a jury demand and it was made on time.

18. **Specify the number of hours it will take to present the evidence in this case.**

    The parties currently anticipate that it will take approximately 50-60 hours to present evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

20. **List other motions pending.**

    Empower's Motion to Dismiss (ECF No. 34).

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

22. **List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.**

    <u>Counsel for Plaintiff Eli Lilly and Company</u>     Date: October 21, 2025

    - James John Lomeo, Texas Bar No. 24118993, Kirkland & Ellis LLP, 401 Congress Avenue, Austin, TX 78701, Telephone: 512-678-9101, email: james.lomeo@kirkland.com.

- James F. Hurst, admitted *pro hac vice*, IL Bar No. 6202190, Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, IL 60654, Telephone: 312-862-2000, email: james.hurst@kirkland.com.

- Diana M. Watral, admitted *pro hac vice*, IL Bar No. 6304247, Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, IL 60654, Telephone: 312-862-2000, email: diana.watral@kirkland.com.

- Robin A. McCue, admitted *pro hac vice*, IL Bar No. 6256551, Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, IL 60654, Telephone: 312-862-2000, email: robin.mccue@kirkland.com.

- Ryan J. Moorman, admitted *pro hac vice*, IL Bar No. 6309723, Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, IL 60654, Telephone: 312-862-2000, email: ryan.moorman@kirkland.com.

- James R.P. Hileman, admitted *pro hac vice*, IL Bar No. 6289737, Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, IL 60654, Telephone: 312-862-2000, email: jhileman@kirkland.com.

- Nicholas M. Ruge, admitted *pro hac vice*, IL Bar No. 6327531, Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, IL 60654, Telephone: 312-862-2000, email: nicholas.ruge@kirkland.com.

- Joshua L. Simmons, admitted *pro hac vice*, NY Bar No. 4882577, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Telephone: 212-446-4800, email: joshua.simmons@kirkland.com.

- Jeanna M. Wacker, admitted *pro hac vice*, NY Bar No. 4254058, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Telephone: 212-446-4800, email: jeanna.wacker@kirkland.com.

- David I. Horowitz, admitted *pro hac vice*, CA Bar No. 248414, Kirkland & Ellis LLP, 2049 Century Park East, 38th Floor, Los Angeles, CA 90067, Telephone: 310-552-4200, email: dhorowitz@kirkland.com.

- Eugene Temchenko, Texas Bar No. 24118928, Kirkland & Ellis LLP, 4550 Travis Street, Dallas, TX 75205, Telephone: 214-432-5072, email: eugene.temchenko@kirkland.com.

<u>Counsel for Defendant Empower Clinic Services, LLC</u>     Date: October 21, 2025

- Geoff A. Gannaway, Texas Bar No. 24036617, Beck Redden LLP, 1221 McKinney Street, Suite 4500, Houston, TX 77010, Telephone: 713-951-3700, email: ggannaway@beckredden.com.

- David J. Beck, Texas Bar No. 00000070, Beck Redden LLP, 1221 McKinney Street, Suite 4500, Houston, TX 77010, Telephone: 713-951-3700, email: dbeck@beckredden.com.

- Rachael G. Pontikes, admitted *pro hac vice*, IL Bar No. 6275709, Blank Rome LLP, 444 West Lake Street, Suite 1650, Chicago, IL 60606, Telephone: 312-776-2587, email: rachael.pontikes@blankrome.com.

- Shannon E. McClure, admitted *pro hac vice*, PA Bar No. 164502, Blank Rome LLP, 130 N. 18th Street, Philadelphia, PA 19103, Telephone: 215-569-5586, email: shannon.mcclure@blankrome.com.

- Karla L. Palmer, admitted *pro hac vice*, D.C. Bar No. 444353, Hyman, Phelps & McNamara, P.C. 1101 K. Street, N.W., Washington, D.C. 20005; Telephone: 202-737-7542; email kpalmer@hpm.com.


*/s/ Eugene Temchenko*　　　　　　　October 21, 2025
Counsel for Plaintiff　　　　　　　　　Date


*/s/ Shannon E. McClure [with permission]*　October 21, 2025
Counsel for Defendant　　　　　　　　Date

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on this 21st day of October, 2025, via the Court's Electronic Filing System.

                                                  */s/ Eugene Temchenko*
                                                  Eugene Temchenko