UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>  Plaintiff,<br><br>  vs.<br><br>EMPOWER CLINIC SERVICES, L.L.C. d/b/a EMPOWER PHARMACY,<br><br>  Defendant. | Civil Action No. 4:25-cv-03464<br><br>Hon. Sim Lake |

**DEFENDANT EMPOWER CLINIC SERVICES, L.L.C. D/B/A
EMPOWER PHARMACY'S MOTION TO STAY DISCOVERY**

Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower") files this Motion to Stay Discovery pending a ruling on its Motion to Dismiss. In support of its Motion, Empower states as follows.

**I.      Stage of Proceedings and Relevant Facts**

This Complaint is Lilly's second attempt to sue Empower. Lilly first sued Empower in New Jersey earlier this year, purporting to assert claims under the Lanham Act. Because Lilly failed to state a claim, Empower moved to dismiss that New Jersey complaint. Instead of opposing Empower's motion, Lilly voluntarily dismissed its New Jersey complaint, and then simultaneously filed a Complaint before this Court.

Lilly's extensive Complaint reattempts to state a cause of action under the Lanham Act, alleging that certain of Empower's advertisements are false and misleading. Specifically, Lilly claims that Empower's use of articles describing the clinical data regarding tirzepatide (the active pharmaceutical ingredient) falsely implies that Empower's compounded medications are safe and effective, when Empower's compounded tirzepatide ODT and tirzepatide/niacinamide medications have not undergone

clinical trials ("Safety and Effectiveness Theory"). Lilly also claims that Empower's practice of selling its Tirzepatide ODT and combination tirzepatide injectable as "personalized" products is deceptive, because in fact, Empower is mass manufacturing one-size-fits-all drugs ("Personalization Theory"). And, based on FDA's non-final determinations and state matters resolving conduct that far pre-date Empower's advertisements at issue, Lilly asserts that Empower's current statements that it "adheres to state and federal regulations" are false ("Compliance Theory").

Lilly also attempts to plead claims under the Alaska Unfair Trade Practices and Consumer Protection Act, the Colorado Consumer Protection Act, the Connecticut Unfair Trade Practices Act, the Hawaii Unfair Competition and Deceptive Trade Practices Act, the North Carolina Unfair Competition and Deceptive Trade Practices Act, the South Carolina Unfair Trade Practices Act, the Tennessee Consumer Protection Act, Texas Common Law, and the Washington Consumer Protection Act. These nine separate state claims pertain to Empower's advertisements and Empower's compounding with the active pharmaceutical ingredient tirzepatide, which Lilly alleges results in the sale of "unapproved drugs." Each of these nine states has its own unique scheme regulating compounded medications, and each of these regulatory schemes would be at issue in discovery.

On September 29, 2025, Empower moved to dismiss Lilly's Complaint. Empower's Motion seeks to dispose of this case in its entirety. Empower's Motion raises questions of law related to Lilly's Lanham Act and state law false advertising claims, arguing that Lilly cannot satisfy statutory standing requirements under the Lanham Act. Empower also raises questions of law as to whether Lilly's state law "unapproved drug" claims are preempted by 21 U.S.C. § 337(a) ("Section 337(a)"). The Motion also explains that Lilly's state law claims fails because compounding is expressly permitted under state law in all of the states upon which Lilly's Complaint relies, making Empower's conduct a state-sanctioned activity, not an unlawful act which can form the basis for an unfair or deceptive

2

practice.

Lilly's opposition brief is due on November 17, 2025, and Empower's reply brief is due on December 15, 2025. The parties participated in a Rule 26(f) conference via videoconference on October 10, 2025 and continued via email and subsequent videoconferences. These discussions included Empower's request for a stay of discovery pending resolution of its Motion, but parties were unable to come to an agreement on this issue resulting in the filing of this Motion to Stay Discovery.

## II.     Issue Presented

Empower moves to stay discovery pending a ruling on its motion to dismiss.

## III.    Summary of Argument

Empower's pending dispositive motion presents threshold legal questions that discovery will not affect, and a stay imposes no burden upon Lilly. As such, good cause exists to stay discovery pending resolution of Empower's dispositive motion. *See Fujita v. United States*, 416 Fed. App'x 400, 402 (5th Cir. 2011).

## IV.     Argument

The district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita*, 416 Fed. Appx. at 402. "Under Federal Rule of Civil Procedure 26(c), the court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Id.* Therefore, "[a] stay of discovery may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'" *Von Drake v. Nat'l Broad. Co.*, No. 04-0652, 2004 WL 1144142, *1 (N.D. Tex. May 20, 2004).

Further, stays are appropriate when the pending dispositive motion involves a question of

law (*Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010)), making discovery irrelevant to the motion's disposition. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding that a stay of discovery was appropriate when nothing learned through "discovery could have affected the resolution of the defendants' 12(b)(6) motion"). In deciding to issue a stay, additional relevant factors that inform a "court's discretion are the breadth of discovery sought, the burden of responding to such discovery, and the strength of the dispositive motion filed by the party seeking a stay." *Endure Indus., Inc. v. Vizient, Inc.*, No. 20-3190, 2021 WL 3771770, *1 (N.D. Tex. Apr. 9, 2021).

### A. A Stay Is Warranted Because Empower's Motion Raises Threshold Legal Issues That Discovery Cannot Affect

A ruling on Empower's motion will either dispose of Lilly's claims and preclude the need for discovery altogether or, if granted in part, may significantly narrow the scope of Lilly's suit. Empower's Motion raises significant questions of law, which do not depend on facts elicited in discovery to resolve. *See Petrus*, 833 F.2d at 583 (holding that a stay of discovery was appropriate because discovery was irrelevant to the pending Rule 12(b)(6) motion). To the contrary, at this early stage of the case, discovery is not relevant to the issues pending before the Court. And staying discovery will avoid imposing an undue burden by requiring Empower to engage in discovery on claims that likely will not survive the Motion. As such, good cause exists to issue a stay. *James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson County*, No. 20-191, 2020 WL 4365595, *1 (E.D. Tex., July 29, 2020) ("Good cause may exist when resolving a motion to dismiss might reduce or preclude the need for discovery.") (citation modified).

The outcome of Lilly's cases in other circuits supports a stay. Lilly has asserted similar claims against other compounding pharmacies, medical clinics, and telehealth platforms across the country. Many of Lilly's similar claims have been narrowed or dismissed at the pleading stage, demonstrating that discovery is premature in this matter. For example, in *Eli Lilly & Co. v. Willow*

4

*Health Services, Inc.* No. 25-03570, 2025 WL 2631620, at *6 (C.D. Cal. Aug. 29, 2025), the California District court dismissed Lilly's Complaint without prejudice. The Court reasoned that Lilly's Lanham Act claim failed to adequately allege proximate causation necessary to satisfy statutory standing because "Defendant's advertisements are not what 'causes them to withhold trade from the plaintiff.'" *Id*. *6. The court further assessed Lilly's Safety and Effectiveness Theory, Personalization Theory, and Compliance Theory—the same theories that Lilly has alleged against Empower—and found each of these theories to be inadequate to support Lilly's Lanham and state law unfair competition claims. *Id*. *9-11.

Lilly's other cases have fared similarly. *See, e.g.*, *Eli Lilly & Co. v. Adonis Health, Inc.*, No. 25-03536, 2025 WL 2721684, *8 (N.D. Cal. Sept. 24, 2025) (dismissing Lilly's Safety and Effectiveness Theory); *Eli Lilly & Co. v. Alderwood Surgical Ctr. LLC*, No. 24-00878, 2025 WL 745670, *5 (W.D. Wash. Mar. 7, 2025) (finding Lilly failed to adequately plead a cause of action under Washington's Consumer Protection Act); *Eli Lilly & Co. v. Wells Pharmacy Network, LLC*, No. 23-576, 2024 WL 1641673, *3 (M.D. Fla. Feb. 5, 2024) (finding Lilly's state law claim was an attempt to enforce the FDCA and was therefore preempted.); *Eli Lilly & Co. v. RXCompoundStore.com, LLC*, No. 23-23586, 2024 WL 1554339, *4 (S.D. Fla. Apr. 9, 2024) (relying in part on *Wells Pharmacy Network* and holding that plaintiff's state law claim was a back-door attempt to privately enforce the FDCA and was therefore preempted).

As demonstrated by Lilly's other cases, discovery at this stage is premature. Discovery should begin when threshold pertinent issues have been determined by the Court, and Lilly's claims are static (if still present at all). This Court has routinely granted motions to stay discovery and deadlines in similar circumstances. *See, e.g.*, *Sweat v. Houston Methodist Hosp.*, No. 24-00775, ECF No. 17 (S.D. Tex. Apr. 19, 2024) (granting discovery stay pending ruling on motion

5

to dismiss); *Tapia v. Union Pac. R.R. Corp.*, No. 23-00042, ECF No. 45 (S.D. Tex. Apr. 5, 2024) (same for summary judgment motion); *Lopez v. Beard & Lane, P.C.*, No. 23-02895, ECF No. 8 (S.D. Tex. Sept. 20, 2023) (same for judgment on the pleadings motion); *Anderson v. Lumpkin*, No. 23-00538, ECF No. 44 (S.D. Tex. June 18, 2024) (granting stay of deadlines pending ruling on motion to dismiss); *Hamoodi v. Jaddou*, No. 23-01713, ECF No. 31 (S.D. Tex. Jan. 23, 2024) (granting stay of initial pretrial and scheduling conference pending ruling on motion to dismiss).

### B. The Additional Factors Support Granting a Stay

#### 1. *The Breadth of Discovery Sought by Lilly Demonstrates a Stay Is Warranted*

Lilly's Complaint currently attempts to plead ten separate causes of action under federal and state law. Lilly raises federal claims based on Empower's advertisements about compounding with tirzepatide. Lilly has set forth three separate theories relating to this claim, with each theory requiring its own discovery. Lilly has also raised nine separate state law claims alleging that Empower's advertisements are false and misleading, as well as that Empower's compounded medications themselves violate state unfair competition and deceptive practice acts. Lilly's state law claims will require discovery on Empower's compliance with nine *separate* state regulatory schemes. The extent of Lilly's claims alone demonstrate that the discovery in this matter will be extensive. This broad discovery should not proceed until a determination has been made as to whether Lilly has adequately stated a claim under the Lanham Act and these nine separate state laws.

#### 2. *The Extensive Burden Associated With Responding to Lilly's Discovery Supports a Stay*

Given the extent of Lilly's claims, Empower will be burdened with obtaining documentation and responsive information on a number of topics including its advertisements and

its compliance with nine *separate* state regulatory schemes. The discovery in this matter will focus on an extended timeframe—Lilly's Complaint references conduct starting in 2017 through present. And the Complaint references a broad range of alleged issues that Lilly will likely focus on during discovery. Empower will be required to expend extensive effort associated with gathering materials responsive to Lilly's numerous claims.

### 3. The Strength of Empower's Dispositive Motion Supports a Stay

Lilly's Complaint fails to plead any plausible basis for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (stating that a party whose pleading is deficient "is not entitled to discovery, cabined or otherwise"). Empower has, therefore, moved to dismiss the Complaint on several bases. Empower has raised strong arguments that Lilly has not adequately set forth a claim for relief under the Lanham Act because Lilly cannot plausibly connect its purported harms to Empower's advertisements. *See Eli Lilly*, 2025 WL 2631620, *6 (finding Lilly lacked statutory standing for its Lanham Act claim).

Similarly, for Lilly's state law claims, Empower has raised extensive arguments relating to Lilly's state law claims. Empower has argued that the "unapproved drug" claims are preempted under federal law as an unlawful attempt to enforce the federal Food, Drug, and Cosmetic Act ("FDCA") contrary to Section 337(a)'s prohibition against such enforcement. Empower further argued that Lilly's theory that Empower's compounded medications are "unapproved drugs" are belied by Empower's licensing in each of the nine pertinent states. Pursuant to the regulatory schemes in each of these nine states, Empower's licensing authorizes Empower to dispense compounded medications in these states.

In sum, the strength of Empower's dispositive motion demonstrates that discovery is unlikely to proceed on these claims and therefore, a stay prevents burdening Empower with unnecessary efforts.

### C. Lilly Will Not Be Prejudiced by a Stay

Further, Lilly would not be prejudiced by a discovery stay and has no reasonable argument that discovery should proceed at such an early stage. Fifth Circuit courts have found that staying discovery at the outset of a case—such as the stay requested by Empower—does not prejudice a plaintiff. *See, e.g.*, *Conquest v. Camber Corp.*, 2014 WL 172500, *1 (W.D. Tex. 2014) ("When balancing the meager harm produced by such a temporary stay at the outset of this case against the possibility that Defendant's Motion to Dismiss will be granted and entirely eliminate the need for such discovery, this Court finds that a temporary stay is appropriate."); *Dresser v. MEBA Med. & Benefits Plan*, 2008 WL 2705584, *2 (E.D. La. 2008) ("In balancing the harm produced by such a temporary stay at the outset of this case (which is nil) against the possibility that the motion to dismiss will be granted and entirely eliminate the need for such discovery, this Court has determined that a temporary stay is appropriate.").

Moreover, this is already Lilly's second attempt at suing Empower—after initially filing in New Jersey, and in response to Empower's motion to dismiss, Lilly chose to dismiss that complaint on the day that its opposition brief was due. If time was of the essence for discovery, Lilly would have acted sooner to dismiss its New Jersey Complaint and file in this circuit. Further, Lilly did not propound discovery in the New Jersey matter, nor has Lilly propounded discovery in this matter. If discovery was relevant to Empower's pending Motion, Lilly would have propounded following Empower's filing of the Motion nearly a month ago. Nothing that Lilly may learn

8

through discovery would affect the resolution of the pending motion to dismiss. As such, a brief stay pending resolution of Empower's Motion will not prejudice Lilly.

## V. Conclusion

For the reasons discussed above, Empower requests that the Court stay discovery pending a ruling on Docket Entry No. 34. A proposed Order is attached.

Dated: October 24, 2025

Respectfully submitted,

**BECK REDDEN LLP**

By: */s/ Geoff A. Gannaway*
Geoff A. Gannaway (*Attorney-in-Charge*)
Texas State Bar No. 24036617
Federal I.D. No. 37039
ggannaway@beckredden.com
David J. Beck
Texas Bar No. 00000070
Federal I.D. No. 16605
dbeck@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

**BLANK ROME LLP**
*A Pennsylvania LLP*
Shannon E. McClure (*Pro Hac Vice*)
Shannon.McClure@BlankRome.com
One Logan Square
130 N. 18th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5586

**BLANK ROME LLP**
*A Pennsylvania LLP*
Rachael Pontikes (*Pro Hac Vice*)
Rachael.Pontikes@BlankRome.com
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
Telephone: (312) 776-2587

**HYMAN, PHELPS & MCNAMARA, P.C.**
Karla L. Palmer (*Pro Hac Vice*)
kpalmer@hpm.com
1101 K Street N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7542

**ATTORNEYS FOR DEFENDANT
EMPOWER CLINIC SERVICES, L.L.C. d/b/a
EMPOWER PHARMACY**

### CERTIFICATE OF CONFERENCE

I hereby certify that the parties conferred regarding a stay of discovery during their Rule 26 conferences. Plaintiff is opposed to a discovery stay.

*/s/ Geoff A. Gannaway*
Geoff A. Gannaway

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on this 24th day of October 2025, via the Courts Electronic Filing System.

*/s/ Geoff A. Gannaway*
Geoff A. Gannaway