**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EMPOWER CLINIC SERVICES, LLC d/b/a<br>EMPOWER PHARMACY,<br><br>　　　　　Defendant. | Case No. 4:25-cv-03464<br><br>Hon. Sim Lake |

## PLAINTIFF ELI LILLY AND COMPANY'S OPPOSITION TO EMPOWER PHARMACY'S MOTION TO STAY DISCOVERY

# TABLE OF CONTENTS

I.      **NATURE AND STAGE OF PROCEEDINGS** ................................................. **2**

II.     **STATEMENT OF RELEVANT FACTS** ..................................................... **2**

III.    **ISSUE PRESENTED** ............................................................................. **3**

IV.    **SUMMARY OF ARGUMENT** .................................................................. **4**

V.      **ARGUMENT** ........................................................................................ **6**

        A.    Empower's Weak Motion To Dismiss Supports Denying Its Stay Request........... 7

        B.    Empower Fails to Show That Proceeding with Discovery Would Be Unduly Burdensome. ......................................................................................... 11

        C.    Staying Discovery Would Prejudice Lilly. ......................................................... 13

VI.    **CONCLUSION** .................................................................................. **14**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Exteriors, Inc. v. United Servs. Auto. Ass'n,*
No. 21-CV-01817-WJM-NYW, 2022 WL 1239250 (D. Colo. Apr. 27, 2022)......................13

*Array Holdings, Inc. v. Safoco, Inc.,*
No. CV H-12-0366 2012, WL 12896361 (S.D. Tex. Oct. 12, 2012).........................................1

*Beheer B.V. v. Elk,*
No. CV H-05-0378, 2006 WL 8463004 (S.D. Tex. Mar. 1, 2006)............................................6

*Chavez v. Young Am. Ins.,*
No. CIVA 06CV02419PSFBNB, 2007 WL 683973 (D. Colo. Mar. 2, 2007) ........................13

*Colorado Biolabs, Inc. v. Three Arrows Nutra, LLC,*
No. 3:25-CV-0601-D, 2025 WL 2524313 (N.D. Tex. Sept. 2, 2025) ....................................10

*Conquest v. Camber Corp.,*
No. 5:13-CV-1108-DAE, 2014 WL 172500 (W.D. Tex. Jan. 13, 2014)................................13

*Dresser v. MEBA Med. & Benefits Plan,*
No. CIV.A. 08-2662, 2008 WL 2705584 (E.D. La. 2008) .....................................................13

*Edge196 LLC v. Jointer, Inc.,*
No. CV H-20-3417, 2021 WL 4027696 (S.D. Tex. Jan. 22, 2021).........................................12

*Eli Lilly & Co. v. Adonis Health, Inc.,*
No. 25-CV-03536-JST, 2025 WL 2721684 (N.D. Cal. Sept. 24, 2025).......................5, 10, 11

*Eli Lilly & Co. v. Alderwood Surgical Ctr. LLC,*
No. 24-00878, 2025 WL 745670 (W.D. Wash. Mar. 7, 2025).................................................10

*Eli Lilly & Co. v. Willow Health Servs., Inc.,*
2025 WL 2631620 (C.D. Cal. Aug. 29, 2025).........................................................................10

*Fed. Deposit Ins. Corp. as Receiver for Franklin Bank v. Morgan Stanley & Co. LLC,*
No. CV H-12-CV-1777, 2012 WL 12894738 (S.D. Tex. Oct. 30, 2012).................................1

*Ford Motor Co. v. U.S. Auto Club, Motoring Div., Inc.,*
No. 3-07-CV-2182-L, 2008 WL 2038887 (N.D. Tex. Apr. 24, 2008) .....................................7

*Glazer's Wholesale Drug Co. v. Klein Foods, Inc.,*
No. 3-08-CV-0774-L, 2008 WL 2930482 (N.D. Tex. July 23, 2008)..................................3, 4

*Hernandez v. Baylor Univ.*, No. 6-16-CV-069 RP,
    2016 WL 9450693 (W.D. Tex. Sept. 21, 2016)....................................................................12

*In re Terra Int'l, Inc.*,
    134 F.3d 302 (5th Cir. 1998) ...........................................................................................6

*J.D. Fields & Co. v. Nucor-Yamato Steel Co.*,
    No. 4:12-cv-01918 (S.D. Tex. Sept. 28, 2012), Dkt. No. 26 ...........................................6

*Lee v. U.S. Bank N.A.*,
    No. 6:20-CV-00074, 2022 WL 20508526 (S.D. Tex. Jan. 13, 2022)...................................1, 6

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014)....................................................9, 10

*Lord v. Univ. of Miami*,
    No. 13-22500-CIV, 2021 WL 9859769 (S.D. Fla. Oct. 27, 2021) ..........................................5

*Steadfast 829 Holdings, Inc. v. 2017 Yale Dev., LLC*,
    No. CV H-22-0905, 2022 WL 17170868 (S.D. Tex. Nov. 22, 2022) .......................................6

*Tesco Corp. v. Weatherford Int'l., Inc.*,
    599 F. Supp. 2d 848 (S.D. Tex. 2009) .................................................................................13

*Health Choice Grp., LLC ex rel. United States v. Bayer Corp.*,
    No. 5:17CV126-RWS-CMC, 2018 WL 5728520 (E.D. Tex. Aug. 8, 2018) ........................12

*United States v. Medoc Health Services LLC*,
    470 F.Supp.3d 638 (N.D. Tex. 2020) ...............................................................................8

*Von Drake v. Nat'l Broad. Co.*,
    No. 3-04-CV-0652R, 2004 WL 1144142 (N.D. Tex. May 20, 2004) ...................................6

*W.L. Doggett LLC v. Paychex, Inc.*,
    No. 4:14-CV-00506, 2014 WL 12599405 (S.D. Tex. Dec. 12, 2014)...................................6

*Walker v. Beaumont Indep. Sch. Dist.*,
    938 F. 3d 724 (5th Cir. 2019) ...........................................................................................8

*X Corp. v. Media Matters for Am.*,
    No. 4:23-CV-01175-O, 2024 WL 1895255 (N.D. Tex. Apr. 26, 2024) ....................... *passim*

*YETI Coolers, LLC v. Magnum Solace, LLC*,
    No. 1:16-CV-663 RP, 2016 WL 10571903 (W.D. Tex. Oct. 19, 2016)...................................1

*Zyla Life Scis., L.L.C. v. Wells Pharma of Houston, L.L.C.*,
    134 F.4th 326 (5th Cir. 2025) ....................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 12(b)(1)...................................................................................................13

Fed. R. Civ. P. 12(b)(6)................................................................................................5, 9

Fed. R. Civ. P. 26(c)(1)...................................................................................................3

**Other Authorities**

Minute Entry, *Eli Lilly & Co. v. Revive RX, LLC*,
  No. 4:23-cv-03521 (S.D. Tex. Nov. 12, 2025), Dkt. No. 82 ........................................... *passim*

This Court should deny Empower's request to stay discovery—where Empower's motion to dismiss is unlikely to succeed under controlling Fifth Circuit law and it has failed to carry its burden on all the factors necessary for an extraordinary stay. "It is not the general practice in this court to stay discovery during the pendency of dispositive motions." *Fed. Deposit Ins. Corp. as Receiver for Franklin Bank v. Morgan Stanley & Co. LLC*, No. CV H-12-CV-1777, 2012 WL 12894738, at *2 (S.D. Tex. Oct. 30, 2012); *Lee v. U.S. Bank N.A.*, No. 6:20-CV-00074, 2022 WL 20508526, at *2 (S.D. Tex. Jan. 13, 2022). Indeed, "[a] stay of discovery to allow the Court to resolve purely legal issues"—as Empower requests—is considered "the exception, not the rule," *Array Holdings, Inc. v. Safoco, Inc.*, No. CV H-12-0366, 2012 WL 12896361, at *1 (S.D. Tex. Oct. 12, 2012), and is "very rare, and almost never wise," *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016).

This is not the "exceptional" case for a stay. To the contrary, this case challenges Empower's ongoing unfair and deceptive business practices of (i) illegally selling unapproved drugs in large amounts on a national scale, and (ii) falsely advertising those unapproved drugs to consumers, claiming they have been proven safe and effective without any support or clinical testing and claiming its standardized, undifferentiated drugs are "personalized" and adhere to state and federal regulations. *See* Compl. ¶¶ 1–17. Empower asserts that its "pending dispositive motion presents threshold legal questions that discovery will not affect," Mot. 3, but fails to mention that the Fifth Circuit recently approved nearly identical claims to proceed against a purported compounder like Empower for the sale of unapproved drugs in nearly identical circumstances. *Zyla Life Scis., LLC v. Wells Pharma of Houston, LLC,* 134 F.4th 326, 331–39 (5th Cir. 2025). That controlling precedent means that Empower's motion is unlikely to succeed and staying discovery would serve no purpose other than delay while Empower's consumer deceit

and competitive harm to Lilly continues. And, only a few days before the filing of this opposition brief, in a nearly identical case in this Division raising all but two of the claims asserted here, Judge Rosenthal denied a motion to stay discovery pending a motion to dismiss because the claims were likely to survive dismissal. Minute Entry, *Eli Lilly & Co. v. Revive RX, LLC*, No. 4:23-cv-03521 (S.D. Tex. Nov. 12, 2025), Dkt. No. 82. Lilly requests that this Court do the same and deny Empower's motion.

## I.  NATURE AND STAGE OF PROCEEDINGS

On July 25, 2025, Lilly filed its Complaint alleging claims for false advertising and unfair competition by the illegal sale of unapproved drugs. On September 29, 2025, Empower filed a 12(b)(6) motion to dismiss. Although Empower argues that Lilly's unapproved drug claims are preempted, the Fifth Circuit recently reversed dismissal of claims on the same grounds in *Zyla Life Sciences, LLC v. Wells Pharma of Houston, LLC*, 134 F.4th 326, 331–39 (5th Cir. 2025). Lilly's opposition to Empower's motion to dismiss is due on November 17, 2025.

On October 21, 2025, the parties submitted a Joint Discovery and Case Management Plan and Docket Control Order. Empower filed this motion to stay discovery on October 24, 2025.

## II.  STATEMENT OF RELEVANT FACTS

Lilly's Complaint details two types of claims against Empower. First, Empower unfairly competes with Lilly in the marketplace through its sale of unapproved drugs in violation of state regulatory regimes. Compl. ¶¶ 75–82. Empower mass produces drugs containing tirzepatide at a "commercial-scale"—over 70,000 drugs per week. *Id.* ¶ 75. Empower has never conducted any clinical studies on these drugs showing that they are safe or effective, and it has never sought or received approval from FDA or any state regulator for their manufacture or sale under state laws governing prescription drugs. As a result, they are unapproved drugs, and Empower's illegal

manufacture and sale of them constitute unfair and deceptive trade practices under numerous states' laws. These unfair and deceptive practices risk the health of patients and cause Lilly harm: monetarily because Empower diverts sales from Lilly to its own products, and reputationally because Empower's false advertisements trade on Lilly's consumer goodwill. *Id.* ¶¶ 157–160.

Second, Empower markets its unapproved drugs through false and misleading advertisements. *Id.* ¶¶ 90–156. These advertisements include false and misleading claims that Empower's drugs have been proven safe and effective. *Id.* ¶¶ 106–111. Empower also falsely advertises mass-produced tirzepatide drugs as "personalized" products. *Id.* ¶¶ 112–115, 117–118. In reality, these drugs are not tailored to individual patients; they are offered in fixed doses and standardized formulations without any patient-specific modifications. *Id.* ¶¶ 112, 116, 119–121. Additionally, Empower falsely advertises its compliance with regulatory requirements, even though Empower consistently fails inspections by the U.S. Food and Drug Administration ("FDA"), has been subject to disciplinary proceedings in at least eight states, and has issued at least four nationwide recalls over the last three years for its compounded drugs. *Id.* ¶¶ 122–155.

## III.       ISSUE PRESENTED

Whether Empower can show "good cause" to stay discovery during the pendency of Empower's motion to dismiss where the Fifth Circuit recently rejected the same preemption arguments Empower asserts with respect to Lilly's unapproved drug claims, this Court recently denied a motion to stay in a nearly identical case, and Empower cannot demonstrate that it will be unduly burdened by engaging in discovery. *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3-08-CV-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008); Fed. R. Civ. P. 26(c)(1).

## IV.    SUMMARY OF ARGUMENT

Empower fails to satisfy its heavy burden of showing good cause to stay discovery. *Glazer's Wholesale Drug Co.*, 2008 WL 2930482, at *1.  Courts in this circuit consider three factors when assessing whether to issue a stay—(i) the strength of the pending dispositive motion, (ii) the breadth of discovery requested, and (iii) the burden associated with responding to discovery.  *X Corp. v. Media Matters for Am.*, No. 4:23-CV-01175-O, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024).  All mandate denial of Empower's request.

First, Empower's motion to dismiss is unlikely to result in dismissal of Lilly's claims—because Fifth Circuit law permits these exact claims to proceed.  Empower inexplicably does not mention the Fifth Circuit's recent decision, *Zyla Life Sciences, LLC v. Wells Pharma of Houston, LLC*, until the 39th page of its 40-page motion to dismiss (and does not mention *Zyla* at all in its motion to stay).  But that controlling law squarely and unequivocally rejects Empower's preemption arguments, allowing the same state law unfair competition claims Lilly asserts here to proceed.  There, the Fifth Circuit concluded the basis for preemption was nonexistent: "there is no reason to think allowing these claims to proceed will in any sense upset any purposes and objectives of Congress whatsoever."  *Zyla*, 134 F.4th at 338.  Even further, *Zyla* also rejects the premise that Empower can seek dismissal of these claims based on its compliance with safe harbors or federal compounding requirements, because "at this [pleading] stage of the litigation, [the defendant] cannot have proven that it satisfies" those requirements.  *Id.* at 331 n.2.  For this reason, just days ago, Judge Rosenthal heard oral argument on a nearly identical motion to dismiss and motion to stay in *Eli Lilly & Co. v. Revive RX, LLC* ("*Revive*") and denied the motion to stay because the motion to dismiss would not end the case.[1]

---

[1]    *See* Minute Entry, *Revive*, No. 4:23-cv-03521 (S.D. Tex. Nov. 12, 2025), Dkt. No. 82 ("The court denied the motion to stay discovery pending resolution of the motion to dismiss, for the reasons stated in detail on the

Lilly's Lanham Act claim fares similarly. In another recent decision that Empower barely acknowledges, the Northern District of California found that Lilly had standing to assert Lanham Act claims based on false claims of "personalization" like the ones alleged here. *Eli Lilly & Co. v. Adonis Health, Inc.*, No. 25-CV-03536-JST, 2025 WL 2721684, at *2–5, 8–9 (N.D. Cal. Sept. 24, 2025) ("*Henry*"). As that Court recognized, claims that a treatment is "tailor-made" or "individualized," when in fact the treatment is "standardized," are false and actionable under the Lanham Act. *Id.* Empower's other arguments in defense of its advertising—including its disputes over consumer deception, puffery, and falsity—amount to nothing more than factual assertions that its claims are true, which cannot serve as a basis for dismissal under Rule 12(b)(6).

The remaining two factors—the breadth of discovery sought and the burden of responding to discovery—do not support a stay either. Empower offers nothing more than speculation to claim that the discovery will be burdensome based on the number of claims asserted in the complaint. *X Corp.*, 2024 WL 1895255, at *5 ("Conclusory and halfhearted assertions of undue burden—or reliance on the other factors—fall short of demonstrating good cause."); *Lord v. Univ. of Miami*, No. 13-22500-CIV, 2021 WL 9859769, at *3 (S.D. Fla. Oct. 27, 2021) (denying motion to stay discovery because "Defendant has not made any particularized showing that it will be unfairly burdened without a stay").

Independently, this Court should deny Empower's motion because both the public and Lilly would be unfairly prejudiced by a stay of discovery. Patients are at risk every day Empower sells its unapproved drugs using deceptive and unfair practices. As a competitor, Lilly is suffering

---

record."); Lomeo Decl., Ex. A, Draft Transcript of Hearing at 61:8–62:2, *Revive*, No. 4:23-cv-03521 (S.D. Tex. Nov. 11, 2025) ("I can give you a secure enough basis that there will be claims that survive to not grant a stay of all discovery at this point.").

lost sales and harm to its reputation due to Empower's false advertising and violations of state compounding law.

## V. ARGUMENT

"[C]ourts should only exercise 'discretion to stay discovery for good cause shown.'" *X Corp.*, 2024 WL 1895255, at *1 (quoting *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004)). "The party seeking the stay bears the burden of showing good cause." *Id.* Courts in the Fifth Circuit assess whether there is good cause by considering three factors: "the strength of the dispositive motion filed by the party seeking a stay," "the breadth of discovery sought," and "the burden of responding to such discovery." *Id.* "Good cause" requires "a particular and specific demonstration of fact," not "stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Applying these factors, this Court frequently denies motions to stay discovery in similar circumstances. *See, e.g.*, *J.D. Fields & Co. v. Nucor-Yamato Steel Co.*, No. 4:12-cv-01918 (S.D. Tex. Sept. 28, 2012), Dkt. No. 26; *W.L. Doggett LLC v. Paychex, Inc.*, No. 4:14-CV-00506, 2014 WL 12599405, at *1–2 (S.D. Tex. Dec. 12, 2014) (denying motion for stay of discovery based on pending motion to dismiss); *Beheer B.V. v. Elk*, No. CV H-05-0378, 2006 WL 8463004, at *1 (S.D. Tex. Mar. 1, 2006) (denying motion to stay discovery despite pending motion to dismiss based on forum selection clause); *Steadfast 829 Holdings, Inc. v. 2017 Yale Dev., LLC*, No. CV H-22-0905, 2022 WL 17170868, at *2 (S.D. Tex. Nov. 22, 2022) (denying motion to stay discovery pending ruling on motion for partial summary judgment); *Lee*, 2022 WL 20508526, at *1 (denying motion to stay discovery pending motion to dismiss). Empower has not met its burden that any factor applies here.

**A. Empower's Weak Motion To Dismiss Supports Denying Its Stay Request.**

The first factor—the strength of Empower's pending motion to dismiss—counsels against a discovery stay. Courts in this Circuit do not stay discovery "merely because [a] defendant believes it will prevail on its motion to dismiss." *Ford Motor Co. v. U.S. Auto Club, Motoring Div., Inc.*, No. 3-07-CV-2182-L, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008). Instead, courts conduct a "'cursory review' of the dispositive motion to assess whether the arguments are so 'substantial' to justify a stay." *X Corp.*, 2024 WL 1895255, at *2. The standard required to grant a stay on this review "is a demanding one because a stay is an intrusion into the ordinary processes of administration and judicial review." *Id.* (citations omitted).

Empower's motion to dismiss does not come close to justifying a stay. Empower argues that Lilly's state law claims are "preempted under federal law." Mot 7. But it fails to cite the controlling Fifth Circuit case on preemption from earlier this year, where the Fifth Circuit ***reversed*** dismissal of state-law unfair competition claims where the defendant made the same preemption argument that Empower raises here. In that case, *Zyla Life Sciences, LLC v. Wells Pharma of Houston, LLC*, the seller of an FDA-approved drug sued a compounding pharmacy, arguing (just as Lilly does) that selling the drug without FDA or state-level approvals violated state law that "mirror[ed] federal law by making it illegal to sell any new drug that has not been approved." 134 F.4th 330–31. The Fifth Circuit squarely held those identical claims were *not* preempted and allowed them to proceed in their entirety. *Id.* at 332-39. "If anyone sells drugs in violation of these state laws, competitors may bring suit under traditional state unfair-competition law." *Id.* at 331. There is no daylight between that decision and Lilly's claims here.

Empower also argues that it complies with "licensing" or compounding laws in the pertinent states, Mot. 7, but *Zyla* rejected that argument too. In *Zyla*, the defendant argued that its compliance with the compounding regulations of the Food, Drug, and Cosmetic Act ("FDCA")

7

shielded it from liability for selling unapproved drugs.  *Zyla*, 134 F.4th at 331 n.2.  The Fifth

Circuit held that the defendant would need to "prove" that it "satisfies the many requirements" of

its FDCA-compliance-based defense to succeed on the merits.  *Id.*  And, on a motion to dismiss,

the defendant "cannot have proven that it satisfies" those requirements.  *Id.*  The same is true of

the state licensing regimes and safe harbors that Empower seeks to invoke, which are affirmative

defenses that Empower must prove.  *United States v. Medoc Health Servs. LLC*, 470 F. Supp. 3d

638, 651 (N.D. Tex. 2020) (holding that "'safe harbors' are affirmative defenses on which the

Defendants bear the burden of proof" and are not "appropriate to assert in a motion to dismiss").

Resolution of those affirmative defenses must wait for discovery; they cannot be resolved on a

motion to dismiss even if the complaint was silent about the relevant facts.  But, here, Lilly

affirmatively alleged facts showing that Empower does *not* comply, which must be accepted as

true at this stage.  *Walker v. Beaumont Indep. Sch. Dist.*, 938 F. 3d 724, 735 (5th Cir. 2019).

Judge Rosenthal reached this very conclusion earlier this week, when deciding a motion to

stay discovery in a nearly identical case.  Minute Entry, *Revive*, No. 4:23-cv-03521 (S.D. Tex.

Nov. 12, 2025), Dkt. No. 82.  In *Revive*, Lilly is suing a purported compounding pharmacy for

similar unfair competition: selling unapproved tirzepatide products under state law in Alaska,

Colorado, Connecticut, Hawaii, North Carolina, Tennessee, Texas, and Washington—eight of the

nine state laws at issue in Lilly's suit against Empower.  Amended Complaint ¶¶ 82–175, *Revive*,

No. 4:23-cv-03521, Dkt. No. 59.  And, as here, the defendant in *Revive* filed a motion to dismiss

Lilly's unfair competition claims based on purported safe harbors in state law (but, notably, not

preemption).  Motion to Dismiss at 5–23, *Revive*, No. 4:23-cv-03521, Dkt. No. 70.  Revive then

moved to stay discovery based on its motion to dismiss.  On November 11, 2025, the Court heard

oral argument and denied the motion to stay because the motion to dismiss would not end the case.

Minute Entry, *Revive*, No. 4:23-cv-03521 (S.D. Tex. Nov. 12, 2025), Dkt. No. 82. The court reasoned:

> I don't think that the case is going to go away. There may be repleading required. Some claims may be dismissed without leave to amend, depends on the state, depends on the claims. But I think it is safe to say that the case is not going to be ended, dismissed with prejudice as to every claim at this stage. . . [S]ome of the claims that have their basis in broad corporate practices of Revive, I don't see a reason to withhold discovery or to stop discovery on those kinds of claims in particular. . . **I can give you a secure enough basis that there will be claims that survive to not grant a stay of all discovery at this point**. So I'm going to deny that motion [to stay].

Lomeo Decl., Ex. A, Draft Transcript of Hearing at 61:8–62:2, *Revive*, No. 4:23-cv-03521 (S.D. Tex. Nov. 11, 2025) (emphasis added).

There is no reason to reach a different outcome here. Just as in *Revive*, Lilly's claims here fall squarely under *Zyla*: they involve the same theories of liability under the same state laws considered by the Fifth Circuit and other substantially identical ones, and the Fifth Circuit held that the compounding pharmacy cannot resolve factual affirmative defenses in its favor to obtain dismissal. Indeed, the only additional argument Empower propounds not present in *Revive* is its federal preemption argument—the one *Zyla* forecloses as a matter of law. Thus, just as in *Revive*, there is no reason to delay discovery pending resolution of the Rule 12(b)(6) motion.

Empower's only other reference to the merits of its motion is a single sentence regarding Lilly's Lanham Act claims, where it contends Lilly lacks standing because it "cannot plausibly connect its purported harms to Empower's advertisements." Mot. 7. But, to establish Lanham Act standing, Lilly need only establish that its injuries fall within the "zone of interests" protected by the Lanham Act and "are proximately caused by violations of the statute." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132, 134 S. Ct. 1377, 1390, 188 L. Ed. 2d 392 (2014). Lilly's Complaint easily clears that hurdle. Indeed, Lilly's Complaint is a "classic Lanham

Act false-advertising claim" "in which one competitor directly injures another by making false statements about his own goods … inducing customers to switch." *Id.* at 137 (cleaned up). That is precisely what Lilly alleges:  Empower's false claims "lure consumers away from" Lilly's FDA-approved medicines to Empower's untested and unapproved drugs, which causes Lilly direct financial harm in the form of lost sales.  Compl. ¶¶ 158–159.  That is sufficient to establish standing, as numerous courts have held.  *Colo. Biolabs, Inc. v. Three Arrows Nutra, LLC*, No. 3:25-CV-0601-D, 2025 WL 2524313, at *15 (N.D. Tex. Sept. 2, 2025) ("competitor whose position in the marketplace has allegedly been damaged by CBL's false advertising … plausibly allege[d] statutory standing under the Lanham Act"); *Henry*, 2025 WL 2721684, at *3 ("Lilly is a direct competitor and therefore entitled to a presumption of injury").  Empower's false advertising also harms Lilly's reputation, which is independently sufficient to establish standing under the Lanham Act.  It is black-letter law that a plaintiff has standing where "the defendant damages the [plaintiff's] product's reputation by, for example, equating it with an inferior product." *Lexmark*, 572 U.S. at 138.  As Lilly has alleged, Empower advertises that patients can receive the same health benefits from Empower's untested, unapproved drugs as they would with Lilly's medicines. Compl. ¶¶ 107–109.

Instead of engaging with any of this, Empower relies heavily on a motion to dismiss decision in *Eli Lilly & Co. v. Willow Health Services, Inc.*, 2025 WL 2631620 (C.D. Cal. Aug. 29, 2025).  Mot 4–5.  But it fails to mention that the case is still proceeding under an amended complaint and, rather than staying discovery, the court set a discovery schedule in that case and discovery is moving forward.  *Willow*, No. 2:25-CV-03570-AB-MAR, Dkt. No. 48.  In two of the other cases Empower cites, the *Henry* and *Alderwood* cases, the courts *allowed* several of Lilly's claims to proceed.  *See* Mot. at 5 (citing *Henry*, 2025 WL 2721684, and *Eli Lilly & Co. v.*

*Alderwood Surgical Ctr. LLC*, No. 24-00878, 2025 WL 745670 (W.D. Wash. Mar. 7, 2025)). Discovery was not stayed in *either* case.

The *Henry* case is particularly instructive. In that case, Lilly asserted a Lanham Act claim based on the defendant's claims that its compounded tirzepatide products were "individualized," tailored," and "patient-specific," just as Lilly does here. *Henry*, 2025 WL 2721684, at *8. And, like Empower, the defendant moved to dismiss the Lanham Act claim for lack of standing and failure to allege falsity. *Id.*, at *3–4, *8. The court denied the defendant's motion on the personalization claim, finding that Lilly had sufficiently stated a claim and Lilly had standing to assert it. *Id.* at *5. As the court held, the defendant's claims to offer "tailor-made" or "individualized treatments" would be false if the defendant was, as alleged, actually offering "standardized," "one-size-fits-all" treatments. *Id.* at *8–9. Here too, Lilly has alleged both that Empower makes such statements and then manufactures—at a claimed rate of 70,000 per week—standardized, unpersonalized products. Compl. ¶ 75.

## B. Empower Fails to Show That Proceeding with Discovery Would Be Unduly Burdensome.

The second and third factors for good cause are the breadth of discovery sought and the burden of responding. *X Corp.*, 2024 WL 1895255, at *1. Neither supports a stay.

Empower asserts in a conclusory manner that it "will be required to expend extensive effort associated with gathering materials responsive to Lilly's numerous claims." Mot. 7. But it makes no effort to describe the supposed "extensive burden" that would result from discovery, even though the law is clear that "[c]onclusory and halfhearted assertions of undue burden … fall short[.]" *X Corp.*, 2024 WL 1895255, at *5. There's a good explanation for that deficiency: Empower filed this motion to stay without seeing a single one of Lilly's discovery requests, basing its claims only on its unilateral speculation. It premised its arguments regarding burden and

breadth of discovery only upon the fact that Lilly pleads ten causes of action under federal and state law. The number of claims—of course—is not a basis of burden. It just reflects the fact that Empower's unlawful conduct violates multiple states' law. Empower ignores that the same common conduct and legal questions underly the various state laws, which resulting in significantly overlapping discovery across multiple claims, as Judge Rosenthal recognized in denying Revive's similar request. Lomeo Decl., Ex. A, Draft Transcript of Hearing at 61:17–22, *Revive*, No. 4:23-cv-03521 (S.D. Tex. Nov. 11, 2025).

Lilly's discovery requests will be neither overbroad nor unduly burdensome. *See, e.g.*, *Hernandez v. Baylor Univ.*, *No. 6-16-CV-069 RP*, 2016 WL 9450693, at *1–2 (W.D. Tex. Sept. 21, 2016) (finding anticipated disputes over scope, confidentiality, attorney-client privilege, and the privacy rights of third parties did not comprise oppression or undue burden); *Health Choice Grp., LLC ex rel. United States v. Bayer Corp.*, No. 5:17CV126-RWS-CMC, 2018 WL 5728520, at *1 (E.D. Tex. Aug. 8, 2018) (denying motion to stay notwithstanding allegation that discovery would require "years of records from five defendants, across three different drugs and three different programs"). The most efficient course of action is for Lilly to serve its discovery requests, after which the parties can meet and confer regarding protective orders, electronically stored information orders, and parameters for document discovery in response. There is a perfectly typical remedy available to Empower if it disputes the breadth or burden of particular discovery requests and the parties cannot reach agreement: it may seek appropriate relief from this Court as other parties do routinely. *Hernandez*, 2016 WL 9450693, at *2; *Edge196 LLC v. Jointer, Inc.*, No. CV H-20-3417, 2021 WL 4027696, at *1 (S.D. Tex. Jan. 22, 2021) ("If the discovery Plaintiffs seek is, in fact, inappropriate, there are remedies that Defendants can seek short of a full stay of discovery."). Nothing about this case warrants blanket deviation from the usual practice.

## C. Staying Discovery Would Prejudice Lilly.

Finally, Empower wrongly asserts that "Lilly would not be prejudiced by a discovery stay." Mot. 8. To the contrary, delaying the commencement of this well-pleaded suit will prejudice Lilly and the public by prolonging Empower's conduct of illegally selling and falsely advertising its drugs, which and lures customers away from Lilly's tested and FDA-approved medicines to Empower's unapproved, untested products that FDA itself calls riskier for patients. Compl. ¶¶ 5, 54, 89, 156.

With each day that passes, Empower's illegal sales of unapproved and untested drugs harms Lilly and the patients that it serves. *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009) ("Where the parties are direct competitors, a stay would likely prejudice the non-movant."). This harm extends beyond mere monetary damages and loss of market share; Lilly's brand suffers irreparable harm when Empower trades on Lilly's goodwill and promises results that consumers will not obtain with Empower's drugs, results that it implies are superior to Lilly's medicines. Compl. ¶ 160. In short, Lilly would further be prejudiced by a discovery stay because "staying the case while defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences." *Chavez v. Young Am. Ins.*, No. CIVA 06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007); *Advanced Exteriors, Inc. v. United Servs. Auto. Ass'n*, No. 21-CV-01817-WJM-NYW, 2022 WL 1239250, at *3 (D. Colo. Apr. 27, 2022) ("Even a brief 90-day stay may potentially delay the efficient resolution of Plaintiff's claims[.]").[2]

---

[2]  Empower implies that any harm to Lilly is outweighed by the likelihood that Empower's motion to dismiss eliminates the need for discovery. Mot. 8. But for the reasons explained above, Empower overstates the strength of its motion to dismiss. The cases relied upon by Empower involve motions to dismiss raising threshold jurisdictional inquiries, and are therefore inapposite. *Conquest v. Camber Corp.*, No. 5:13-CV-1108-DAE, 2014 WL 172500, at *1 (W.D. Tex. Jan. 13, 2014) (involving motion to dismiss under Rule 12(b)(1)); *Dresser v. MEBA*

## VI.       CONCLUSION

For the reasons set forth above, the Court should deny Empower's motion to stay.

*Med. & Benefits Plan*, No. CIV.A. 08-2662, 2008 WL 2705584, at *2 (E.D. La. 2008) (involving motion to dismiss for mootness and lack of ripeness as well as deposition requests on a tight timeline).

Dated: November 14, 2025

Respectfully submitted,

/s/ *James John Lomeo*
James John Lomeo (*attorney-in-charge*)
Texas Bar No. 24118993
Southern District No. 3511238
KIRKLAND & ELLIS LLP
401 W. Fourth Street
Austin, Texas 78701
Telephone: (512) 678-9101
Facsimile: (512) 678-9101
james.lomeo@kirkland.com

James F. Hurst (*pro hac vice*)
Diana M. Watral (*pro hac vice*)
Robin A. McCue (*pro hac vice*)
Ryan J. Moorman (*pro hac vice*)
James R.P. Hileman (*pro hac vice*)
Nicholas M. Ruge (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
james.hurst@kirkland.com
diana.watral@kirkland.com
robin.mccue@kirkland.com
ryan.moorman@kirkland.com
jhileman@kirkland.com
nicholas.ruge@kirkland.com

Joshua L. Simmons (*pro hac vice*)
Jeanna M. Wacker (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.simmons@kirkland.com
jeanna.wacker@kirkland.com

David I. Horowitz (*pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East, 38th Floor
Los Angeles, CA 90067
Telephone: (310) 552-4200
dhorowitz@kirkland.com

Eugene Temchenko
Texas Bar No. 24118928
Southern District No. 3929004
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205
Telephone: (214) 432-5072
Facsimile: (214) 972-1771
eugene.temchenko@kirkland.com

*Counsel for Plaintiff Eli Lilly and Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, a true and correct copy of this document was served via the Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above captioned case.

*/s/ James John Lomeo*
James John Lomeo