# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>*Plaintiff,*<br><br>vs.<br><br>EMPOWER CLINIC SERVICES, L.L.C. d/b/a EMPOWER PHARMACY,<br><br>*Defendant.* | Civil Action No. 4:25-cv-03464<br><br>Hon. Sim Lake |

**DEFENDANT EMPOWER CLINIC SERVICES, L.L.C. D/B/A EMPOWER PHARMACY'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower") hereby submits the following Reply in Support of Its Motion to Stay Discovery ("Motion"):

## I. INTRODUCTION

Lilly has littered courts across the nation with suits (37 and counting) against telehealth companies, pharmacies like Empower, and medical clinics, alleging "false advertising," "unfair competition," and "deceptive practices" to prevent compounding with tirzepatide. In many of these matters, Lilly's expansive, novel, and aggressive claims have faced judicial scrutiny, with judges frequently dismissing or paring down Lilly's claims as insufficient.

This particular case presents a complex amalgamation of the false advertising and conduct-based theories that Lilly has pursued individually against other entities, wrapped in a single complaint. And, like other courts have found, Lilly's false advertising and unlawful sale of "unapproved drug" claims suffer from significant legal issues that will benefit from orderly resolution, rather than piecemeal litigation. A brief stay of discovery while Empower's Motion to Dismiss is decided will streamline the proceedings, conserve judicial and party resources, and

ensure that discovery is tethered only to claims with merit (if any)—not a fishing expedition into theories Lilly has already lost elsewhere.

## II. ARGUMENT

Empower's Motion to Dismiss raises significant questions of law as to whether Lilly's claims against Empower can proceed. *Fujita v. United States*, 416 F. App'x. 400, 402 (5th Cir. 2011) (Appendix, Ex. 3) (the trial court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined") (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "Good cause" exists to stay discovery to avoid imposing undue burden and expense upon Empower for claims that are unlikely to survive. *Id*. There is no purpose in proceeding with discovery when Lilly's Complaint fails to plead any plausible basis for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (stating that a party whose pleading is deficient "is not entitled to discovery, cabined or otherwise").

### A. Empower's Motion to Dismiss is Compelling

#### 1. *Lilly's Conduct-Based State Law Claims Are Preempted Under Section 337(a)*

Contrary to Lilly's assertions (Response in Opposition to Motion to Stay ("*Response*") at 7-8), Empower in fact did address and distinguish the holding in *Zyla Life Sciences, LLC v. Wells Pharma of Houston, LLC*, 134 F.4th 326, 328 (5th Cir. 2025) in its Motion to Dismiss. Mot. at 38-40. In *Zyla*, a drug manufacturer (Zyla) sued Wells Pharma, an FDA-registered 503B outsourcing facility that engaged in compounding, under state unfair competition laws in California, Colorado, Connecticut, Florida, South Carolina, and Tennessee for selling unapproved drugs in violation of those states' laws, which incorporate the federal Food, Drug, and Cosmetic Act's ("FDCA") new drug approval requirements. *Zyla*, 134 F.4th at 331. Wells Pharma filed a motion to dismiss under Rule 12(b)(6), arguing that the state laws were preempted because these state laws conflicted with the FDCA by adding to federal requirements. *Id*. The

district court granted Wells Pharma's Motion to Dismiss. *Id*.

As such, on appeal, "the question presented [wa]s whether a State triggers implied obstacles-and-purposes preemption when it expressly incorporates federal law into state law." *Id*. at 328. The Fifth Circuit held that "there can be 'no conflict in terms' and no preemption" when a state makes federal law its own. *Id*. at 332. Empower's Motion to Dismiss does not challenge the Fifth Circuit's holding in *Zyla*.

Rather, Empower argued Lilly is enforcing ***federal*** law, not any state law that had made federal law its own. Lilly's Complaint alleges state law violations ***because*** Empower's compounded medications allegedly fail to satisfy the federal law governing compounding, Section 503A of the FDCA. Therefore, Lilly is directly enforcing a drug-related provision of federal law (the FDCA), in contravention of the prohibition set forth in Section 337(a) which reserves enforcement of the FDCA only to FDA, not private litigants. 21 U.S.C. § 337(a)("[e]xcept as provided in subsection (b), all such proceedings for the enforcement … of this chapter [i.e., the FDCA] shall be by and in the name of the United States").

For this reason, *Zyla* is inapposite. Here, Lilly is ***not*** enforcing state laws that have incorporated federal law as their own. *Zyla*, 134 F.4th at 332. Rather, Lilly's suit against Empower seeks to enforce a federal law (Section 503A) as the necessary predicate to every one of its state law claims. This Lilly may not do. *Spano v. Whole Foods, Inc.*, 65 F.4th 260, 262 (5th Cir. 2023) (private litigants cannot enforce the FDCA). Lilly's overbroad application of *Zyla*, therefore, entirely misses the point. This Court should stay discovery while it considers this threshold legal issue.

So too does Lilly misstate the scope of Judge Rosenthal's preliminary determinations made during the recent hearing in *Revive*. Response, Ex. A, Draft Transcript of Hearing, *Eli Lilly & Co. v. Revive RX, LLC*, No. 23-3521 (S.D. Tex. Nov. 11, 2025) ("*Revive*"). During the hearing, Judge Rosenthal did not consider *Zyla* relative to Lilly's state law claims because Revive did not raise preemption in its Motion to Dismiss. Motion to Dismiss, *Revive*, No. 23-3521, Dkt. No. 70 (S.D. Tex. Aug. 26, 2025)

3

(Appendix, Ex. 7). Yet, Lilly claims in this case against Empower that "[j]ust as in *Revive*, Lilly's claims here fall squarely under *Zyla*." Response at 9. Contradicting itself, Lilly then concedes, in the very next sentence, that Judge Rosenthal did ***not*** consider *Zyla*'s impact on Lilly's state law claims—admitting that "the only additional argument Empower propounds not present in Revive is its federal preemption argument." *Id*. But it is entirely because *Revive* did not raise federal preemption that Judge Rosenthal's finding that ***some*** of Lilly's state law claims would proceed has no relevance to whether Empower's preemption argument will dispose of ***all*** Lilly's state law claims.

Moreover, Judge Rosenthal's preliminary determinations made during the recent *Revive* hearing further supports Empower's position that this Court should decide threshold legal questions before the parties proceed to discovery. Judge Rosenthal acknowledged that "[s]ome [of Lilly's] claims may be dismissed ***without leave to amend***, depends on the state, depends on the claims." Response, Ex. A, Draft Transcript of Hearing at 61:8–62:2, *Revive*, No. 23-3521 (S.D. Tex. Nov. 11, 2025) (emphasis added). Judge Rosenthal, therefore, acknowledged that certain of Lilly's claims are legally deficient, and that these deficiencies cannot be cured through an amendment to the pleadings. While *Revive* was filed in September 2023 (Complaint, *Revive*, No. 23-03521, Dkt. No. 1 (S.D. Tex. Sept. 19, 2023)) (Appendix, Ex. 5) and stayed during the pendency of the *Zyla* appeal (Stay Order, *Revive*, No. 23-03521, Dkt. No. 37 (S.D. Tex. Dec. 27, 2023)) (Appendix, Ex. 6) —making an additional stay there unreasonable, this case is only recently filed, and a brief stay will not derail the course of this litigation. Rather, a stay will ensure that discovery proceeds on Lilly's claims that may, as alleged, have merit (if any survive dismissal).

2. *Lilly's False Advertising Claims Have Consistently Been Pared Down*

Regarding Lilly's false advertising claims, Empower has directed this Court in its Motion to Dismiss to other jurisdictions in which the same theories Lilly asserts here against Empower have been

rejected or limited in material ways. Judicial economy supports granting the stay while this Court evaluates whether Lilly has stated any viable false advertising claims.

Although Lilly argues that *Eli Lilly & Co. v. Adonis Health, Inc.*, No. 25-3536, 2025 WL 2721684, at *2–5, 8–9 (N.D. Cal. Sept. 24, 2025) ("*Henry*") (Appendix, Ex. 1) is instructive (Response at 11), Lilly ***fails*** to inform this Court that the Northern District Court of California dismissed one of Lilly's two theories (with leave to replead), which Lilly subsequently ***abandoned***. Joint Case Management Statement and Proposed Order, *Henry*, No. 25-3536, Dkt. No. 63 (N.D. Cal. Oct. 14, 2025) (Appendix, Ex. 4). Further, that some discovery is proceeding in Lilly's other cases is irrelevant to Empower's pending Motion. Because no other defendant faced such a vast array of claims, no other defendant moved for a stay of discovery as Empower has done here.

## B. The Breadth of Discovery Sought and The Burden Associated With Responding to Discovery Support Granting a Stay

Lilly's asserts that the number of state laws at play cannot form the basis of Empower's burden. Response at 12. Lilly ignores Empower's argument that engaging in discovery on claims based on nine different state laws that are unlikely to be viable can—and does—constitute a burden.

As Empower correctly indicated in its Motion, Lilly's Complaint attempts to plead ten separate causes of action under federal and state law. For its federal law claims, Lilly has set forth three distinct theories: Personalization Theory, Safety and Effectiveness Theory, and Compliance Theory. Each theory will require distinct discovery. Moreover, contrary to Lilly's claim, each of the nine state laws Lilly seeks to enforce in its Complaint has a unique regulatory scheme and each state law claim will involve unique discovery.

In sum, given the breadth and scope of Lilly's purported claims and their fundamentally questionable viability, requiring Empower to engage in discovery before this Court rules on the motion to dismiss is unnecessary and burdensome.

### C. Lilly's Failure to Serve or Seek Any Discovery Thus Far Undermines Its Claim of Prejudice

Lilly's assertion that a brief discovery stay would "substantially delay the ultimate resolution" and cause "injurious consequences" rests on rhetoric, not the facts of this case. Response at 13. This lawsuit is Lilly's second bite at the apple, after initially suing Empower in New Jersey federal court on April 1, 2025. Rather than proceed in Lilly's chosen venue, Lilly waited to voluntarily dismiss that matter until the day that its response to Empower's then-pending Rule 12(b)(6) motion was due and next filed this expanded suit before this Court. Lilly's own machinations confirm that Lilly will not be prejudiced by a few months of delay while this Court evaluates Empower's Motion to Dismiss.

Here, Lilly has yet to serve discovery requests, serve its Rule 26(a)(1) Initial Disclosures, or otherwise identify any immediate discovery necessary to address the alleged prejudice it experiences with "each day that passes." Response at 13. Discovery likewise is unnecessary to resolve any of the issues raised in Empower's motion to dismiss. *Petrus*, 833 F.2d at 583 (holding that a stay of discovery was appropriate when nothing learned through "discovery could have affected the resolution of the defendants' 12(b)(6) motion"). Lilly already filed its response in opposition to Empower's Motion to Dismiss (Opposition to Motion to Dismiss, Dkt. No. 49), confirming that discovery was not pertinent to its response. Lilly's conduct demonstrates that its claimed prejudice is hyperbolic. Lilly's own decision to wait to serve any discovery confirms that the speculative prejudice Lilly asserts will not be affected by the brief stay necessary for the Court to resolve Empower's Motion to Dismiss.

Moreover, contrary to Lilly's claims, there is no presumption of prejudice merely because a matter involves alleged direct competitors. Rather, Courts instead assess the potential for undue prejudice based on the specific facts of each case. *See, e.g., Feit Elec. Co. v. Elong Int'l USA, Inc.*, No. 24-1089, 2025 WL 1296672, at *1 (N.D. Tex. May 25, 2025) (Appendix, Ex. 2) ("merely being a competitor is not enough to avoid halting the litigation"); *Southwire Co. v. Cerro Wire, Inc.*, 750 F. Supp. 2d 775, 779 (E.D. Tex. Nov. 10, 2010) (considering the director competitor relationship but observing that the plaintiff's conduct in seeking re-examination negated any perceived prejudice). Lilly's reliance upon *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009) is, therefore, misplaced. *Tesco* involved a request to stay the entire case pending resolution of a request for reexamination pending before the United States Patent and Trademark Office. *Id.* at 850. *Tesco* did not address targeted short discovery stays such as the one sought by Empower here.

Given that Lilly has yet to propound discovery and its response to Empower's dispositive motion did not require discovery, a brief stay pending resolution of Empower's Motion to Dismiss will not prejudice Lilly.

## III. CONCLUSION

For the reasons discussed above, Empower requests that the Court stay discovery pending a ruling on Docket Entry No. 34.

Dated: November 21, 2025                Respectfully submitted,

**BECK REDDEN LLP**

By:     */s/ Geoff A. Gannaway*
        Geoff A. Gannaway (*Attorney-in-Charge*)
        Texas State Bar No. 24036617
        Federal I.D. No. 37039
        ggannaway@beckredden.com
        David J. Beck
        Texas Bar No. 00000070
        Federal I.D. No. 16605
        dbeck@beckredden.com
        1221 McKinney Street, Suite 4500
        Houston, Texas 77010
        Telephone: (713) 951-3700
        Facsimile: (713) 951-3720

**BLANK ROME LLP**
*A Pennsylvania LLP*

        Shannon E. McClure (*Pro Hac Vice*)
        Shannon.McClure@BlankRome.com
        One Logan Square
        130 N. 18th Street
        Philadelphia, Pennsylvania 19103
        Telephone: (215) 569-5586

        Rachael Pontikes (*Pro Hac Vice*)
        Rachael.Pontikes@BlankRome.com
        444 West Lake Street, Suite 1650
        Chicago, Illnois 60606
        Phone: (312) 776-2587

**HYMAN, PHELPS & MCNAMARA, P.C.**

        Karla L. Palmer (*Pro Hac Vice*)
        kpalmer@hpm.com
        1101 K Street N.W., Suite 700
        Washington, DC 20005
        Telephone: (202) 737-7542

**ATTORNEYS FOR DEFENDANT
EMPOWER CLINIC SERVICES, L.L.C. d/b/a
EMPOWER PHARMACY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on this 21st day of November, 2025, via the Courts Electronic Filing System.

*/s/ Geoff A. Gannaway*
