# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>EMPOWER CLINIC SERVICES, LLC d/b/a EMPOWER PHARMACY,<br><br>    Defendant. | Case No. 4:25-cv-03464<br><br>Hon. Sim Lake |

## PLAINTIFF ELI LILLY AND COMPANY'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Eli Lilly and Company ("Lilly") files this Notice to alert the Court to the Memorandum and Opinion issued on December 15, 2025, by Judge Rosenthal of the U.S. District Court for the Southern District of Texas in the matter captioned *Eli Lilly and Company v. Revive RX, LLC*, 4:23-cv-03521. In a 61-page opinion, Judge Rosenthal thoroughly analyzed Lilly's complaint and denied Revive RX, LLC's ("Revive") motion to dismiss as to six of Lilly's eight claims. Because Empower's motion to dismiss makes nearly identical arguments to Revive's, Judge Rosenthal's well-reasoned and detailed opinion provides highly relevant and persuasive authority for denying Empower's motion to dismiss.

In *Revive*, as in this case, Lilly sued a so-called "compounder" for mass-manufacturing unapproved tirzepatide drugs, bringing statutory and common-law unfair competition claims under the laws of several states. *Revive* at 2–3. Each of the state law claims that Lilly brought in *Revive* is at issue here too: Alaska, Colorado, Connecticut, Hawaii, North Carolina, Tennessee, Texas, and Washington. Complaint Dkt. 1 ("Compl.") ¶ 9. Just as Empower does here, Revive moved to dismiss the state-law claims based on safe harbors and exemptions.

1

First, Empower argues its conduct is exempt from the unfair competition laws of Connecticut, Colorado, South Carolina, Tennessee and Washington because the unfair competition laws of these states exempt conduct authorized by state regulatory agencies, and compounding is authorized by state regulators. Motion to Dismiss Dkt. 34 ("Mot.") at 31. The *Revive* court, however, held that the defendant's compliance with compounding regulations is an affirmative defense that a defendant cannot prove, and Lilly is not required to rebut, on a motion to dismiss. *Revive* at 35–36 (citing *Cunningham v. Cornell University*, 604 U.S. 693, 696 (2025); *Zyla Life Scis., LLC v. Wells Pharma of Houston, LLC*, 134 F.4th 326, 331 n.2 (5th Cir. 2025)). It therefore denied Revive's similar motion to dismiss on this basis.

Second, Empower argues its conduct is exempt from liability under the Alaska Unfair Trade Practices and Consumer Protection Act's ("UTPA's") safe harbor because the conduct at issue—Empower's unlawful sale of unapproved new drugs—is "subject to ongoing, careful regulation." Mot. at 33–34. The *Revive* court rejected the same argument, reasoning that conduct that is *per se* unfair or deceptive is not covered by the safe harbor, and that whether conduct is a *per se* violation cannot be resolved on a motion to dismiss. *Revive* at 39–41 (citing *Cunningham*, 604 U.S. at 708 (2025)). Additionally, the *Revive* court found that whether the safe harbor applies to conduct that is broadly subject to a regulatory scheme but not to "ongoing, careful regulation" could not be determined on a motion to dismiss. *Revive* at 41.

Third, Empower also argues that it is shielded from liability under the "learned profession" exemption to North Carolina's Unfair and Deceptive Trade Practices Act. Mot. at 34. According to Empower, Lilly's claim concerns its compliance with state pharmacy regulations, which is "inextricably related to Empower's rendering of patient care" and therefore the practice of a learned profession. *Id*. at 35. But the *Revive* court upheld Lilly's North Carolina claim, explaining

2

that "manufacturing and distributing pharmaceuticals . . . are not practices of a learned profession." *Revive* at 53. Whether Empower's conduct is related to the rendering of patient care, as Empower argues, or instead to the mass manufacture of an unapproved new drug, is a factual question requiring discovery. *Id*.

Fourth, while Revive did not argue preemption in its motion to dismiss, the *Revive* litigation and decision are relevant to Empower's federal preemption argument here too. Revive's first motion to dismiss, filed prior to the decision in *Zyla Life Scis., LLC v. Wells Pharma of Houston, LLC*, 134 F.4th 326 (5th Cir. 2025), argued that Lilly's unfair competition claim was preempted. Mot. to Dismiss, *Revive*, 4:23-cv-03521, Dkt. No. 14. The *Revive* court stayed the case pending the Fifth Circuit's decision in *Zyla*, reasoning that the "Fifth Circuit's decision on the preemption question in *Zyla* . . . is likely to determine if and how this case may proceed." Stay Order at 2, *Revive*, 4:23-cv-03521, Dkt. No. 36. After the *Zyla* decision, Lilly filed an amended complaint with claims mirroring those in *Zyla* and this case, and Revive dropped its preemption argument completely. Neither the *Revive* court nor Revive itself has ever subsequently suggested that Lilly's claims might be preempted because that question was obviously resolved by *Zyla*. To the contrary, Judge Rosenthal applied *Zyla* to conclude that Revive's claim to satisfy the federal "statutory requirements for authorized compounding" is an affirmative defense that cannot be resolved on a motion to dismiss—not a basis for preemption. *Revive* at 36.

Thus, the *Revive* decision is persuasive authority that Lilly's unfair competition claims against Empower under Alaska, Connecticut, Colorado, North Carolina, South Carolina, Tennessee, and Washington are all well-pled, not subject to any state-specific exemptions, and not preempted.

3

Finally, the *Revive* court dismissed Lilly's similar Texas law claim, finding that the Texas FDCA cannot be a predicate act for an unfair competition claim. *Revive* at 12–23. Lilly respectfully disagrees, as seminal Texas unfair competition cases like *Featherstone v. Independent Service Station Ass'n*, 10 S.W.2d 124 (Tex. App. 1928), *Schoellkopf v. Pledger*, 778 S.W.2d 897 (Tex. App. 1989), and *Reliable Ambulance Serv., Inc. v. Mercy Hosp. of Laredo*, 2003 WL 21972724 (Tex. App. Aug. 20, 2003) recognize that statutory violations can support unfair competition claims unless doing so would be inconsistent with legislative intent. This case law, along with the legislative history of the FDCA that Lilly described in its brief, compel a different conclusion.

Given the relevance of the *Revive* order to the instant case, Lilly respectfully submits it to this Court for its consideration.

| | |
|---|---|
| Dated: December 23, 2025 | Respectfully submitted,<br><br>/s/ *James John Lomeo*<br>James John Lomeo (*attorney-in-charge*)<br>Texas Bar No. 24118993<br>Southern District No. 3511238<br>KIRKLAND & ELLIS LLP<br>401 Congress Avenue<br>Austin, Texas 78701<br>Telephone: (512) 678-9101<br>Facsimile: (512) 678-9101<br>james.lomeo@kirkland.com<br><br>James F. Hurst (*pro hac vice*)<br>Diana M. Watral (*pro hac vice*)<br>Robin A. McCue (*pro hac vice*)<br>Ryan J. Moorman (*pro hac vice*)<br>James R.P. Hileman (*pro hac vice*)<br>Nicholas M. Ruge (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>james.hurst@kirkland.com<br>diana.watral@kirkland.com<br>robin.mccue@kirkland.com<br>ryan.moorman@kirkland.com<br>jhileman@kirkland.com<br>nicholas.ruge@kirkland.com<br><br>Joshua L. Simmons (*pro hac vice*)<br>Jeanna M. Wacker (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>joshua.simmons@kirkland.com<br>jeanna.wacker@kirkland.com<br><br>David I. Horowitz (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>2049 Century Park East, 38th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 552-4200<br>dhorowitz@kirkland.com |

Eugene Temchenko
Texas Bar No. 24118928
Southern District No. 3929004
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205
Telephone: (214) 432-5072
Facsimile: (214) 972-1771
eugene.temchenko@kirkland.com

*Counsel for Plaintiff Eli Lilly and Company*

# CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2025, a true and correct copy of this document was served via the Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above captioned case.

*/s/ James John Lomeo*
James John Lomeo