UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| ELI LILLY AND COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EMPOWER CLINIC SERVICES, LLC d/b/a EMPOWER PHARMACY,<br><br>　　　　Defendant. | Civil Action No. 4:25-cv-3464 |

### DEFENDANT EMPOWER CLINIC SERVICES, L.L.C. D/B/A EMPOWER PHARMACY'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower Pharmacy" or "Defendant") hereby files its response to Plaintiff Eli Lilly & Co.'s ("Lilly" or "Plaintiff") Notice of Supplemental Authority filed on December 23, 2025 (ECF 54). While Empower does not oppose the Court's consideration of the *Eli Lilly & Co. v. Revive Rx, LLC*, No. 23-3521, 2025 WL 3640703 (S.D. Tex. Dec. 15, 2025) (*Revive*) decision, Empower respectfully notes that Lilly's exaggerates the *Revive* opinion's pertinence to Empower's pending Motion to Dismiss.

### I.　*Revive* Is Irrelevant to Empower's Federal Preemption Argument.

Lilly overstates *Revive's* preemption relevance, claiming that the "*Revive* litigation and decision are relevant to Empower's federal preemption argument here too." ECF 54 at 3. Not so. The recent *Revive* opinion does not address (or even consider) preemption. *Revive*, 2025 WL 3640703, at *1-28. And, the *Revive* opinion certainly does not address (or even consider) whether a private litigant can enforce Section 503A of the federal Food, Drug, and Cosmetic Act ("FDCA")

when no parallel state law exists. *Id*. Thus, the *Revive* opinion says nothing about what Lilly seeks to do here: enforce federal law in direct contravention of 21 U.S.C. § 337(a). Therefore, the *Revive* opinion is irrelevant to Empower's federal preemption argument.

To be clear, in *Revive*, the defendant moved to dismiss Lilly's <u>initial</u> complaint in October 2023 on the <u>exact same</u> basis as the defendant in *Zyla*—arguing that the plaintiff's state law claims created requirements in addition to the federal requirements, resulting in obstacles and conflict preemption. *Revive*, No. 23-03521, Mot. to Dismiss, ECF 14, pp. 8-9 (S.D. Tex. Oct. 11, 2023). Revive explicitly relied upon the district court's opinion in *Zyla* to support its argument that Lilly's "claim adds to the federal requirements and consequently is preempted." *Id*. at 8. Given that Revive tied its preemption claim directly to *Zyla*, Judge Rosenthal, appropriately stayed *Revive* pending the Fifth Circuit's opinion in *Zyla*. *Revive*, 23-03521, Stay Order, ECF 36 (S.D. Tex. Dec. 27, 2023).

After the Fifth Circuit issued its *Zyla* opinion, Lilly and Revive entered a Joint Stipulation to reinstate the *Revive* case. *Revive*, No. 23-03521, Order, ECF 57 (July 8, 2025). Therein, the parties **agreed** that Revive's Motion to Dismiss should now be denied as moot, but without prejudice. *Id*. Following the filing of the First Amended Complaint, Revive again moved to dismiss, now arguing that the state unfair-competition laws did not cover the legally permissible and heavily regulated compounding conduct that Lilly alleged. *Revive*, No. 23-03521, Mot. to Dismiss First Amended Complaint, ECF 70 (Aug. 26, 2025). Revive did not raise—nor argue— federal preemption again. *Id*.

Based on this sequence of events, Lilly concludes that *Revive* is persuasive authority that Lilly's claims are not preempted because "[n]either the *Revive* court nor Revive itself has ever subsequently suggested that Lilly's claims might be preempted because that question was

obviously resolved by *Zyla*." ECF 54 at 3. But, Lilly—again—misconstrues Empower's preemption argument. Empower agrees that the Fifth Circuit's opinion in *Zyla* rendered moot Revive's preemption argument presented in its initial Motion to Dismiss. However, Empower's Motion sets forth a completely distinct preemption argument: that Lilly is enforcing Section 503A—which lacks state law corollaries—in direct contravention of Section 337(a). ECF 34 at 38-40. For this reason, Lilly's claim is preempted and the *Revive* decision is irrelevant.

## II. *Revive* Supports That Lilly's Texas Unfair Competition Claim Is Not Legally Cognizable and Should Be Dismissed

Judge Rosenthal's finding that Lilly's Texas unfair competition claims are "not legally cognizable" compel the same outcome here. Like Empower, Revive argued that Lilly could not use common law to enforce the Texas Food, Drug, and Cosmetic Act ("TFDCA"). Judge Rosenthal agreed. *Revive*, 2025 WL 3640703, at *11. Seeking to avoid Judge Rosenthal's well-reasoned holding that " Lilly's [Texas] unfair-competition claim is not legally cognizable (*Id*.)," Lilly claims that the cases cited in its Opposition like "*Featherstone v. Independent Service Station Ass'n*, 10 S.W. 2d 124 (Tex. App. 1928), *Schoellkopf v. Pledger*, 778 S.W. 2d 897 (Tex. App. 1989), and *Reliable Ambulance Serv., Inc. v. Mercy Hosp. of Laredo*, 2003 WL 21972725 (Tex. App. Aug. 20, 2003)" compel a different conclusion. ECF 54 at 4. Lilly completely ignores that Judge Rosenthal thoroughly considered and *distinguished* each of these cases in reaching her holding. *Revive*, 2025 WL 3640703, at *7-11. The Texas legislature's deliberate decision not to provide for a private cause of action under the TFDCA forecloses Lilly's claim. *Id*. at *11 ("Texas does not have such a statute, which is why Eli Lilly relies on a novel common-law claim. These differences result from the Texas legislature's deliberate choices, which its courts cannot contravene").

**III.     *Revive* Does Not Foreclose Empower's State Law Exemption Arguments**

*Revive* does not establish an overarching principle applicable to the other state laws Lilly invokes. While the decision considered whether certain state law exemptions applied, Judge Rosenthal considered the applicability of these exemptions relative to Lilly's First Amended Complaint in *Revive*—not relative to Lilly's Complaint in this matter. *Revive*, 2025 WL 3640703, at *16-26. And, whether the exemptions apply is a Complaint-specific assessment. *Cf. Am. Precision Ammunition, L.L.C v. City of Min. Wells*, 90 F.4th 820, 824 (5th Cir. 2024) (a "Rule 12(b)(6) dismissal may also 'be appropriately based on a successful affirmative defense' provided that the affirmative defense 'appear[s] on the face of the complaint'"). Thus, merely because Judge Rosenthal determined that the applicability of the state law exemptions could not be determined based on the face of the *Revive* Complaint does not require—or compel—a similar holding here.

Empower submits this clarification to ensure the Court has a complete and accurate understanding of the scope of the *Revive* decision as it relates to the issues presented in Empower's pending Motion to Dismiss.

Dated: January 5, 2026

Respectfully submitted,

**BECK REDDEN LLP**

By:     */s/ Geoff A. Gannaway*
Geoff A. Gannaway (*Attorney-in-Charge*)
Texas Bar No. 24036617
Federal I.D. No. 37039
ggannaway@beckredden.com
David J. Beck
Texas Bar No. 00000070
Federal I.D. No. 16605
dbeck@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

**BLANK ROME LLP**
*A Pennsylvania LLP*

      Shannon E. McClure (*Pro Hac Vice*)
      Shannon.McClure@BlankRome.com
      One Logan Square
      130 N. 18th Street
      Philadelphia, Pennsylvania 19103
      Telephone: (215) 569-5586

      Rachael Pontikes (*Pro Hac Vice*)
      Rachael.Pontikes@BlankRome.com
      444 West Lake Street, Suite 1650
      Chicago, Illinois 60606
      Phone: (312) 776-2587

**HYMAN, PHELPS & MCNAMARA, P.C.**

      Karla L. Palmer (*Pro Hac Vice*)
      kpalmer@hpm.com
      1101 K Street N.W., Suite 700
      Washington, DC 20005
      Telephone: (202) 737-7542

**ATTORNEYS FOR DEFENDANT
EMPOWER CLINIC SERVICES, L.L.C. d/b/a
EMPOWER PHARMACY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on January 5, 2026, via the Court's Electronic Filing System.

                                    */s/ Geoff A. Gannaway*