IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> EMPOWER CLINIC SERVICES, LLC d/b/a EMPOWER PHARMACY, <br><br> Defendant. | Case No. 4:25-cv-03464 <br><br> Hon. Sim Lake |

**PLAINTIFF ELI LILLY AND COMPANY'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Eli Lilly and Company ("Lilly") files this Notice to alert the Court to the Form FDA 483 (list of FDA inspection observations) that the U.S. Food and Drug Administration ("FDA") issued to Defendant Empower Clinic Services, LLC ("Empower") on November 14, 2025, made public on December 18, 2025, and attached as Exhibit 1. FDA's inspection observations are judicially noticeable and relevant to the Court's consideration of Empower's motion to dismiss.[1]

Lilly filed its complaint in this case on July 25, 2025. Complaint, Dkt. 1 ("Compl."). In the complaint, Lilly explained Empower's history of regulatory non-compliance, citing Form FDA 483s issued between 2015 and 2024. *Id*. ¶¶ 126–156. Lilly alleged that Empower's advertising, which claims Empower "adheres to stringent regulations set by State Boards of Pharmacy, the FDA, and USP standards," was literally false. *Id.* ¶ 123.

---

[1] *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (holding that on a motion to dismiss, "[t]he district court took appropriate judicial notice of publicly-available documents … produced by the FDA[.]") (quotations omitted).

1

In its motion to dismiss, Empower argued that its advertising was not false because Empower "currently" complies with regulations. Dkt. 34 ("Mot.") at 28. According to Empower, Lilly erroneously relies on evidence of *past* non-compliance to "demonstrate non-compliance in perpetuity, barring Empower from ever holding the opinion that it is regulatorily compliant." *Id.* at 29. Empower's argument mischaracterizes its own advertising claims, which, taken in context, necessarily imply that its products met "stringent regulations" at all times, not just at the moment the statements were made. Dkt. 49 ("Opp.") at 30. This most recent Form FDA 483, however, undercuts even Empower's claim of "current" compliance.

FDA issued its findings to Empower on November 14, 2025, which communicated observations made during an inspection of Empower's Houston, Texas compounding pharmacy from November 3 through November 14, 2025—after Lilly filed its complaint and long after Empower's advertising began. Ex. 1, Nov. 14, 2025 Form FDA 483. During this inspection, FDA investigators found that Empower "processed," "accepted," and "dispensed" at least one lot of testosterone injections even though Empower's own environmental testing had been positive for bacterial contamination in the ISO clean room while the lot was being filled—an egregious USP violation and also rendering those drugs "adulterated" under 21 U.S.C. 351(a)(2)(A). *Id.* at 1. FDA investigators also found that Empower failed "to appropriately and regularly clean and disinfect or sterilize equipment located in the ISO area" (another USP violation, and as FDA investigators noted, a repeat violation). *Id.* at 1–2. And FDA investigators found that Empower failed to use proper aseptic technique, including when it produced its tirzepatide-B6 injections (yet another USP violation, and—again—a repeat violation). *Id.* at 3–4.

A full month *after* FDA communicated its findings to Empower, and *knowing* it was out of compliance with USP standards, Empower doubled down on its claim of "current" regulatory

compliance.  In its December 15, 2025 reply in support of its motion to dismiss, Empower argued that "Lilly has not alleged Empower was out of compliance when Empower's statement was made" because "the latest in time allegation Lilly cites" is an April 2025 FDA Warning Letter.  Dkt. 53 ("Reply"), at 23.  This most recent Form FDA 483 demonstrates that Empower remains out of compliance long after its statement was made.

      Given the relevance of FDA's inspection findings to the pending motion, Lilly respectfully submits this Form FDA 483 to this Court for its consideration.

Dated: January 22, 2026

Respectfully submitted,

*/s/ James John Lomeo*
James John Lomeo (*attorney-in-charge*)
Texas Bar No. 24118993
Southern District No. 3511238
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, Texas 78701
Telephone: (512) 678-9101
Facsimile: (512) 678-9101
james.lomeo@kirkland.com

James F. Hurst (*pro hac vice*)
Diana M. Watral (*pro hac vice*)
Robin A. McCue (*pro hac vice*)
Ryan J. Moorman (*pro hac vice*)
James R.P. Hileman (*pro hac vice*)
Nicholas M. Ruge (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
james.hurst@kirkland.com
diana.watral@kirkland.com
robin.mccue@kirkland.com
ryan.moorman@kirkland.com
jhileman@kirkland.com
nicholas.ruge@kirkland.com

Joshua L. Simmons (*pro hac vice*)
Jeanna M. Wacker (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.simmons@kirkland.com
jeanna.wacker@kirkland.com

David I. Horowitz (*pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East, 38th Floor
Los Angeles, CA 90067
Telephone: (310) 552-4200
dhorowitz@kirkland.com

Eugene Temchenko
Texas Bar No. 24118928
Southern District No. 3929004
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205
Telephone: (214) 432-5072
Facsimile: (214) 972-1771
eugene.temchenko@kirkland.com

*Counsel for Plaintiff Eli Lilly and Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 22, 2026, a true and correct copy of this document was served via the Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above captioned case.

                                            */s/ James John Lomeo*
                                            James John Lomeo