UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>EMPOWER CLINIC SERVICES, LLC d/b/a EMPOWER PHARMACY,<br><br>    Defendant. | Civil Action No. 4:25-cv-3464 |

**DEFENDANT EMPOWER CLINIC SERVICES, L.L.C. D/B/A EMPOWER PHARMACY'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower Pharmacy" or "Defendant") hereby files its response to Plaintiff Eli Lilly & Co.'s ("Lilly" or "Plaintiff") Notice of Supplemental Authority filed on January 22, 2026 (ECF 57). Empower opposes consideration of the Form 483 issued by the U.S. Food and Drug Administration ("FDA") on November 14, 2025 because it is irrelevant to Empower's pending Motion to Dismiss.

**I.    Lilly Misstates the Relevance of a Form 483**

Despite Lilly being well-aware that a Form 483 is an interim instrument used to record FDA's inspectional observations, Lilly seeks to introduce the Form 483 for the very purpose that FDA disavows: to show alleged regulatory noncompliance.[1] ECF 57 at 1. But, FDA has repeatedly decreed that a Form 483 does not support this proposition. In fact, the Form 483 that Lilly seeks to introduce *explicitly* affirms this point at the top of the document:

---

[1] In its Motion to Dismiss, Empower also argued that Lilly's efforts to convert FDA's interim, non-final observations into determinations of non-compliance (Compl. ¶¶ 126-149) directly contravene FDA's policy choice and therefore, these allegations are precluded. *See Pom Wonderful, LLC v. Coca-Cola Co.*, 573 U.S. 102, 120 (2014). For this additional reason, Empower's recent Form 483 is not material to its pending Motion to Dismiss.

> This document lists observations made by the FDA representative(s) during the inspection of your facility. They are inspectional observations, and do not represent a final Agency determination regarding your compliance. If you have an objection regarding an observation, or have implemented, or plan to implement, corrective action in response to an observation, you may discuss the objection or action with the FDA representative(s) during the inspection or submit this information to FDA at the address above. If you have any questions, please contact FDA at the phone number and address above.

It is well-accepted that a Form 483 marks the *start* of an iterative process in which a regulated entity is provided an opportunity to respond to FDA's inspectional observations, clarifying or correcting its practices to address FDA's inspectional observations.[2] Thus, contrary to Lilly's claims, a Form 483 does *not* mark the consummation of FDA's compliance determinations. For this reason, FDA does *not* consider a Form 483 to be a "final Agency determination" that a "violation of the FDCA or any of its relevant regulations" has occurred.[3]

## II. A Form 483 Does Not Establish Evidence of Regulatory Non-Compliance and This Court Should Reject Lilly's Efforts to Introduce Irrelevant Information

Because a Form 483 is not "evidence" of regulatory non-compliance, the Form 483 is irrelevant to the matters pending before this Court. Specifically, contrary to Lilly's claims (ECF 57 at 2), the Form 483 does not undercut Empower's argument that its "compliance statements" are not false because there has been no "***clear*** and ***unambiguous ruling*** from a court or agency of competent jurisdiction" about the status of Empower's regulatory compliance at the time its statements were made. *See e.g., Dial A Car Inc. v. Transp., Inc.*, 82 F.3d 484, 489 (D.C. Cir. 1996) (requiring an unambiguous clear interpretation from the appropriate regulatory authority at the time the statements were made to establish falsity). Given that the Form 483 is neither a ***final*** Agency determination nor an Agency ***ruling*** regarding compliance, the Form 483 cannot be used

---

[2] *See* FDA, *FDA Form 483 FAQ* (Jan. 09, 2020) ("The FDA Form 483 does not constitute a final Agency determination of whether any condition is in violation of the FD&C Act or any of its relevant regulations"), *available at* https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/inspection-references/fda-form-483-frequently-asked-questions. Courts may take judicial notice of FDA public records. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (affirming district court's consideration of public FDA documents); *McGuire v. Abbott Labs.*, No. 22-197, 2022 WL 4295402, *3 (E.D. Tex. Sept. 15, 2022) (FDA public documents "are the type of documents which a court may take judicial notice" under the Fed. R. Evid.).
[3] *FDA Form 483 FAQ*, *supra* note 2.

to show that Empower's alleged compliance statements were false. *See Coastal Abstract Servs., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999) (discussing that regulatory compliance statements are nothing more than opinion statements).

As such, the Form 483 is completely irrelevant to Empower's pending Motion to Dismiss and this Court should deny Lilly's Notice of Supplemental Authority.

Date: January 28, 2026

Respectfully submitted,

**BECK REDDEN LLP**

By:    */s/ Geoff A. Gannaway*
           Geoff A. Gannaway (*Attorney-in-Charge*)
           Texas Bar No. 24036617
           Federal I.D. No. 37039
           ggannaway@beckredden.com
           David J. Beck
           Texas Bar No. 00000070
           Federal I.D. No. 16605
           dbeck@beckredden.com
           1221 McKinney Street, Suite 4500
           Houston, Texas 77010
           Telephone: (713) 951-3700
           Facsimile: (713) 951-3720

**BLANK ROME LLP**
*A Pennsylvania LLP*

Shannon E. McClure (*Pro Hac Vice*)
Shannon.McClure@BlankRome.com
One Logan Square
130 N. 18th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5586

Rachael Pontikes (*Pro Hac Vice*)
Rachael.Pontikes@BlankRome.com
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
Phone: (312) 776-2587

**HYMAN, PHELPS & MCNAMARA, P.C.**

Karla L. Palmer (*Pro Hac Vice*)
kpalmer@hpm.com
1101 K Street N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7542

**ATTORNEYS FOR DEFENDANT**
**EMPOWER CLINIC SERVICES, L.L.C. d/b/a**
**EMPOWER PHARMACY**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on January 28, 2026, via the Court's Electronic Filing System.

*/s/ Geoff A. Gannaway*