**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EMPOWER CLINIC SERVICES, LLC d/b/a<br>EMPOWER PHARMACY,<br><br>　　　　Defendant. | Civil Action No. 4:25-cv-3464 |

**DEFENDANT EMPOWER CLINIC SERVICES, L.L.C. d/b/a/ EMPOWER**
**PHARMACY'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower") respectfully alerts the Court to a dispositive Memorandum Opinion issued March 19, 2026, by Judge John R. Adams in the U.S. District Court for the Northern District of Ohio in *Novo Nordisk A/S v. Amble Health, Inc.*, Case No. 4:25-cv-01048 ("Amble Health"), that is directly relevant to the arguments in Section IV(B)(1) of Empower's Motion to Dismiss and Section II(C)(1) of Empower's Reply in Support of Defendant's Motion to Dismiss.

In *Amble Health*, the court conducted a rigorous Article III standing analysis in a lawsuit with Lanham Act claims nearly identical to the one in this case. Judge Adams concluded the court lacked subject matter jurisdiction and dismissed the case in its entirety. Because Empower's pending Motion to Dismiss [ECF No. 34] on the Lanham Act claim of Plaintiff Eli Lilly and Company ("Lilly") rests on the same jurisdictional arguments, this recent authority confirms Lilly's Lanham Act claim is legally unsustainable and should be dismissed.[1]

---

[1] Lilly's false advertising claims against Empower under Alaska, Connecticut, Texas, and Washington state law parallel the Lanham Act. *Alderman v. Iditarod Props., Inc.*, 32 P.3d 373, 380 (Alaska 2001); *Doctor's Assoc., Inc. v. QIP Holder LLC*, No. 06-1710, 2010 WL 669870, at *25 (D. Conn. Feb. 19, 2010); *Mission Pharmacal Co. v. Virtus*

In *Amble Health*, as in the present case, a brand-name manufacturer sued a competitor over allegedly deceptive advertisements for non-FDA-approved medications. *Amble* at 1-2. The court's reasoning explains exactly why Lilly's Lanham Act claim cannot survive a Motion to Dismiss or justify the heavy burden of ongoing discovery.

The *Amble* court correctly noted that federal judicial power is strictly confined to actual "cases or controversies" under U.S. Const. art. III, § 2. *Id.* at 3-5. In finding that the plaintiff lacked standing, the court made findings that are a mirror image of the issues before this Court.

First, the Physician is the Absolute Gatekeeper: The *Amble* court recognized that patients do not "buy" prescription medications based on an advertisement. Instead, "regardless of advertising or patient intent, obtaining a prescription medication requires a physician to prescribe it." *Id.* at 7. Because a licensed physician exercises independent clinical judgment, an advertisement is not—and cannot be—the proximate cause of a patient's drug choice. As Empower argued in its Motion to Dismiss, the doctor stands between the marketing and the sale, acting as an absolute unsurmountable barrier in the chain of causation. Without a direct causal link, Lilly cannot prove the injury required for Article III standing for a Lanham Act claim.

Next, even if Lilly could somehow clear the standing hurdle, the *Amble* court noted that the Lanham Act requires an even "more demanding standard than constitutional standing"—"a 'zone of interests' and a 'proximate cause' requirement." *Id.* at 6. The court found that the use of the word "personalized" is insufficient to support the Lanham Act proximate cause requirement.

---

*Pharms., LLC*, 23 F. Supp. 3d 748, 759 (W.D. Tex. 2014); *Mighty Dreams LLC v. Shenzhen Beianen Auto. Supplies Co.*, No. 24-00793, 2025 WL 1635240, at \*3 (W.D. Wash. June 9, 2025). Similarly, to state an actionable false advertising claim under the unfair competition laws of Colorado, North Carolina, South Carolina, and Tennessee, a plaintiff must allege—at a minimum—conduct that misleads or deceives consumers, and that the plaintiff was actually injured by the challenged conduct. *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003); *Walker v. Branch Banking & Tr. Co.*, 515 S.E.2d 727, 729 (N.C. Ct. App. 1999); *Charleston Lumber Co. v. Miller Hous. Corp.*, 458 S.E.2d 431, 438 (S.C. Ct. App. 1995); *Act for Health v. Case Mgmt. Assocs., Inc.*, 128 F. Supp. 3d 1020, 1036 (E.D. Tenn. 2014). As such, the reasoning for dismissal of the Lanham Act claim applies to the Colorado, North Carolina, South Carolina, and Tennessee state law claims as well.

Specifically, the Lanham Act claim asserted by Lilly failed in this case because compounded medications are, by definition, prescribed by licensed providers for individual needs. *Id.* at 7. Lilly's allegations here are identical; they complain about "personalized" advertisements but fail to show any direct causal link between the advertisements and a specific harm to Lilly.

Lilly is at a jurisdictional dead-end. By failing to recognize the prescribing physician as the ultimate gatekeeper, Lilly failed to bridge the gap between Empower's alleged statements and a doctor's clinical choice to sustain a Lanham Act Claim.

*Amble Health* confirms that brand-name giants cannot use the Lanham Act to override the independent medical judgment of physicians. This case lacks subject matter jurisdiction for the same reasons identified by the Northern District of Ohio, and Empower's Motion to Dismiss Lilly's Lanham Act claim should be granted.

Dated: March 24, 2026

Respectfully submitted,

**FISHERBROYLES**

By:     /s/ Anthony J. Calamunci
Anthony J. Calamunci (*Attorney-in-Charge*)
6800 W. Central Avenue, Suite E
Toledo, Ohio 43617
(567) 455-5257
anthony.calamunci@fisherbroyles.com
Lisa A. Powell
Texas Bar No. 16204215
lisa.powell@fisherbroyles.com
Trent D. Stephens
Texas Bar No. 24008081
trent.stephens@fisherbroyles.com
2925 Richmond Ave., Ste. 1200
Houston, Texas 77098
(713) 425-3730

3

**BECK REDDEN LLP**

By:    */s/ Geoff A. Gannaway*
        Geoff A. Gannaway
        Texas State Bar No. 24036617
        Federal I.D. No. 37039
        ggannaway@beckredden.com
        David J. Beck
        Texas Bar No. 00000070
        Federal I.D. No. 16605
        dbeck@beckredden.com
        1221 McKinney Street, Suite 4500
        Houston, Texas 77010
        Telephone: (713) 951-3700

**HYMAN, PHELPS & MCNAMARA, P.C.**
        Karla L. Palmer (Pro Hac Vice)
        kpalmer@hpm.com
        1101 K Street N.W., Suite 700
        Washington, DC 20005
        Telephone: (202) 737-7542

        **ATTORNEYS FOR DEFENDANT
        EMPOWER CLINIC SERVICES, L.L.C.
        d/b/a EMPOWER PHARMACY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 24th day of March 2026, I have caused the foregoing to be electronically filed with the Court using the Court's CM/ECF System which sends notification of such filing to all counsel of record.

        */s/ Anthony J. Calamunci*
        Anthony J. Calamunci

4