**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EMPOWER CLINIC SERVICES, LLC d/b/a EMPOWER PHARMACY,<br><br>Defendant. | Civil Action No. 4:25-cv-3464 |

**DEFENDANT EMPOWER CLINIC SERVICES, L.L.C. d/b/a/ EMPOWER PHARMACY'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower") respectfully submits this Response to Plaintiff Eli Lilly and Company's ("Lilly") Notice of Supplemental Authority [ECF No. 76] regarding the *Eli Lilly and Company v. Aios Inc.*, 4:25-cv-03535 ("Aios") decision. Contrary to Lilly's characterization, the *Aios* opinion does not support denying Empower's Motion to Dismiss because the facts of Aios are materially distinguishable from the facts of Lilly's claims against Empower. Specifically, in *Aios*, Lilly claims that the Aios telehealth platform coordinates with its own in-house doctor groups to sell weight loss drugs to consumers, including compounded tirzepatide.[1]

---

[1] *See Aios* decision at p. 2 ("Defendant Aios Inc. (d/b/a Fella Health and Delilah) (separately, "Fella Health" and "Delilah") (collectively, "Fella") is a corporation that operates telehealth platforms focusing on drugs for weight loss. Compl., ¶ 8. According to Plaintiff, Fella coordinates with doctor groups Fella Medical Group P.A. and Fella Medical Group P.C. (collectively, "Fella Medical Group") to sell these weight loss drugs. Compl., ¶ 1. Delilah and Fella Health are both telehealth platforms, with Delilah marketed towards women, and Fella Health marketed towards men. Compl., ¶ 8. Through these telehealth platforms, Fella sells weight loss drugs to consumers, including compounded tirzepatide").

1

**I.** ***Aios*** **decision is inapposite because independent, third-party doctors determine whether a patient receives Empower's compounded tirzepatide unlike Aios's in-house medical group**

1.    In its Notice, Lilly emphasizes that *Aios* found Lilly adequately alleged standing under the Lanham Act.[2]  However, this Court should decline to follow *Aios* because independent, third-party doctors—not Empower—decide whether a patient receives compounded tirzepatide. By contrast, the *Aios* court noted: "According to Eli Lilly, these mass prescription changes were not based on medical reasons, but were instead driven by Fella's financial interests and corporate influence on prescribing decisions."[3]  It further noted:  "Eli Lilly alleges that the founder and CEO of Fella, Richie Cartwright (who does not have a medical degree), 'exercises direct and indirect control and influence over' Fella Medical Group, which Plaintiff asserts is ***the only medical group that services Fella patients***."[4]  This intervening cause breaks the causal chain required for Lanham Act standing.

2.    Unlike the facts of *Aios*, Empower's Motion to Dismiss demonstrates that Lilly's proximate causation theory is fatally flawed because independent, third-party doctors determine whether a patient receives compounded tirzepatide—not Empower.[5] Under Section 503A, a compounded medication must be tied to "a prescription order that a compounded product is necessary for the identified patient." The physician's independent clinical judgment—not Empower's advertisements—determines what medication, if any, is prescribed.  This intervening cause breaks the causal chain required for Lanham Act standing.

3.    In sum, the *Aios* court's standing analysis does not address this physician-intervention argument because *Aios Inc.* is a telehealth platform with its own affiliated doctor

---

[2] ECF No. 76 at p. 3.
[3] *See Aios* decision at p. 5.
[4] *Id.* (emphasis added).
[5] ECF No. 34 at p. 15.

group that focuses on selling drugs for weight loss.[6]  Without addressing this critical break in causation present in this case, *Aios* provides no persuasive authority for this Court.

## II. Conclusion

4.      *Aios* does not support denying Empower's Motion to Dismiss. Quite simply, the claims against Empower are materially distinguishable from those against Aios because independent, third-party physicians decide whether a patient receives compounded tirzepatide— not Empower. Accordingly, the Court should deny Lilly's invitation to apply *Aios* to this case and instead grant Empower's Motion to Dismiss.

Dated: April 14, 2026

Respectfully submitted,

**FISHERBROYLES**

By:      */s/ Anthony J. Calamunci*
         Anthony J. Calamunci (*Attorney-in-Charge*)
         6800 W. Central Avenue, Suite E
         Toledo, Ohio 43617
         (567) 455-5257
         anthony.calamunci@fisherbroyles.com
         Lisa A. Powell
         Texas Bar No. 16204215
         lisa.powell@fisherbroyles.com
         Trent D. Stephens
         Texas Bar No. 24008081
         trent.stephens@fisherbroyles.com
         2925 Richmond Ave., Ste. 1200
         Houston, Texas 77098
         (713) 425-3730

**BECK REDDEN LLP**
         Geoff A. Gannaway
         Texas State Bar No. 24036617
         Federal I.D. No. 37039
         ggannaway@beckredden.com
         David J. Beck
         Texas Bar No. 00000070
         Federal I.D. No. 16605

---

[6] *See Aios* decision at p. 2.

dbeck@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700

**HYMAN, PHELPS & MCNAMARA, P.C.**
Karla L. Palmer (Pro Hac Vice)
kpalmer@hpm.com
1101 K Street N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7542

**ATTORNEYS FOR DEFENDANT
EMPOWER CLINIC SERVICES, L.L.C.
d/b/a EMPOWER PHARMACY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 14th day of April, 2026, I have caused the foregoing to be electronically filed with the Court using the Court's CM/ECF System which sends notification of such filing to all counsel of record.

<u>/s/ Anthony J. Calamunci</u>
Anthony J. Calamunci

4