**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ELI LILLY AND COMPANY,

      Plaintiff,

v.

EMPOWER CLINIC SERVICES, LLC d/b/a
EMPOWER PHARMACY,

      Defendant.

Civil Action No. 4:25-cv-3464

**DEFENDANT EMPOWER CLINIC SERVICES, L.L.C. d/b/a/ EMPOWER**
**PHARMACY'S RESPONSE TO PLAINTIFF ELI LILLY AND COMPANY'S**
**COMPLAINT [DKT. 1]**

Now comes Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower" or "Defendant') and in answer to Plaintiff Eli Lilly and Company's ("Lilly" or "Plaintiff") Complaint ("the Complaint") [Dkt. 1], states and avers as follows:

1.      Empower admits it is a Texas-based compounding pharmacy engaged in lawful compounding but denies the remainder of the allegations contained in paragraph 1 of the Complaint.

2.      Empower objects to paragraph 2 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Upon information and belief, Empower admits tirzepatide is the active ingredient in Mounjaro and Zepbound as alleged in paragraph 2.  Empower denies that Mounjaro and Zepbound are the only tirzepatide medicines that have been "approved' by the U.S. Food and Drug Administration ("FDA") as alleged in paragraph 2.  Empower admits that Mounjaro and Zepbound were approved to treat type 2 diabetes and to help with weight management and obstructive sleep apnea as alleged in paragraph 2.

1

Empower lacks information sufficient to form a belief about the truth of whether Lilly's medicines have undergone 37 completed clinical trials or whether there are or will be more underway as alleged in paragraph 2 of the Complaint.  Empower either lacks knowledge sufficient to form a belief about or denies all remaining allegations contained in paragraph 2 of the Complaint.

3.    Empower objects to paragraph 3 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly has obtained the FDA's approval to market and sell tirzepatide as alleged in paragraph 3 of the Complaint. Empower objects to paragraph 3 of the Complaint as immaterial and impertinent.  Empower either lacks knowledge sufficient to form a belief about or denies all remaining allegations contained in paragraph 3 of the Complaint.

4.    Empower admits Lilly claims it has quoted 21 C.F.R. §300.50 in footnote 1 in paragraph 4 and that it lawfully compounds products, including but not limited to those containing tirzepatide, but denies the remainder of the allegations contained in paragraph 4 of the Complaint.

5.    Empower objects to paragraph 5 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower objects to paragraph 5 of the Complaint as immaterial and impertinent.   Empower admits the FDA has inspected Empower at different times.  Empower admits it has received letters from the FDA.  Empower admits it has had proceedings with some state Boards of Pharmacy.  Empower denies the remainder of the allegations contained in paragraph 5 of the Complaint.

6.    Empower objects to paragraph 6 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower denies all allegations contained in paragraph 6 of the Complaint.

7.      Empower is without knowledge or information as to "why" Lilly is filing this action and therefore denies this assertion.  Empower also denies the remainder of the allegations contained in paragraph 7 of the Complaint.

8.      Empower objects to paragraph 8 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower denies the allegations contained in paragraph 8 of the Complaint.

9.      Empower objects to paragraph 9 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower denies the allegations contained in paragraph 9 of the Complaint.

10.      Empower objects to paragraph 10 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower denies the allegations contained in paragraph 10 of the Complaint.

11.      Empower objects to paragraph 11 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower denies the allegations contained in paragraph 11 of the Complaint.

12.      Empower objects to paragraph 12 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits Lilly claims it cites to statutes in footnotes 2-5 of paragraph 12 of the Complaint, but denies the allegations contained in paragraph 12 of the Complaint.

13.      Empower objects to paragraph 13 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower denies the allegations contained in paragraph 13 of the Complaint.

14. Empower objects to paragraph 14 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower denies the allegations contained in paragraph 14 of the Complaint.

15. Empower objects to paragraph 15 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower denies the allegations contained in paragraph 15 of the Complaint.

16. Empower objects to paragraph 16 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower objects to paragraph 16 of the Complaint as immaterial and impertinent. Empower admits Lilly claims it has quoted material in footnote 6 in paragraph 16 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 16 of the Complaint.

17. Empower objects to paragraph 17 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower denies the allegations contained in paragraph 17 of the Complaint.

## THE PARTIES

18. Empower lacks sufficient information to form a belief about the allegations contained in paragraph 18 of the Complaint and therefore denies same.

19. Empower objects to paragraph 19 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits it is a Texas LLC with a principal place of business at 7601 North Sam Houston Parkway, Suite 100, Houston, Texas, 77064. Empower admits it operates a 503B outsourcing facility and 503A compounding pharmacy in Houston in Houston, Texas. Empower admits Lilly claims it has quoted material in

4

footnotes 7-9 in paragraph 19 of the Complaint.  Empower denies the allegations contained in paragraph 19 of the Complaint.

20.    Empower objects to paragraph 20 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits it operates a facility at 5980 W. Sam Houston Parkway N, Suite 300, Houston, TX but denies the remainder of the allegations in paragraph 20 of the Complaint.

21.    Empower objects to paragraph 21 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits Lilly claims it has quoted material in footnote 10 in paragraph 21 of the Complaint.  Empower admits it is licensed to ship to multiple states.  Empower denies any remaining allegations contained in paragraph 21 of the Complaint.

## JURISDICTION AND VENUE

22.    Empower admits the court has subject matter jurisdiction pursuant to diversity under 28 U.S.C. §1332.  Empower admits Lilly claims it has quoted material in footnote 11 in paragraph 22 of the Complaint.  Because the Lanham Act claim was dismissed by this Court, Empower denies that the Court has subject matter jurisdiction pursuant to U.S.C. §1121 and 28 U.S.C. §1331.  Empower admits the court has jurisdiction over the state law causes of action pursuant to 28 U.S.C. §1367(a) if they are part of the same case or controversy.

23.    Empower admits the allegations contained in paragraph 23 of the Complaint.

24.    Empower objects to paragraph 24 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits Lilly claims it has quoted material in footnote 12 in paragraph 24 of the Complaint.  Empower admits it operates

a facility in Houston, TX that employs hundreds of people and prepares prescriptions daily but denies the remainder of the allegations in paragraph 24 of the Complaint.

25. Empower objects to paragraph 25 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits venue is proper as alleged in paragraph 25 of the Complaint but denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 25 of the Complaint.

### GENERAL ALLEGATIONS

26. Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35.     Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37.     Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38.     Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.     Empower objects to paragraph 39 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits the states play an important role in regulating the sale of drugs and medicines within their borders as alleged in paragraph 39.  Empower admits the passage of the 1906 Food and Drug Act and federal Food, Drug, and Cosmetic Act ("FDCA") as alleged in paragraph 39.  Empower admits Lilly claims it has quoted material in footnotes 13-16 in paragraph 39 of the Complaint. Empower lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and objects to their inclusion as impertinent and immaterial.

40.     Empower objects to paragraph 40 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits state laws generally prohibit the sale of drugs that are misbranded or adulterated.  Empower denies the allegations contained in paragraph 40 of the Complaint.

41. Because Lilly alleges compounded medicines are "new drugs," Empower denies the allegations contained in paragraph 41 of the Complaint.

42. Because Lilly alleges compounded medicines are "new drugs," Empower denies the allegations contained in paragraph 42 of the Complaint.

43. Because Lilly alleges compounded medicines are "new drugs," Empower denies the allegations contained in paragraph 43 of the Complaint.

44. Because Lilly alleges compounded medicines are "new drugs," Empower denies the allegations contained in paragraph 44 of the Complaint.

45. Because Lilly alleges compounded medicines are "new drugs," Empower denies the allegations contained in paragraph 45 of the Complaint.

46. Because Lilly alleges compounded medicines are "new drugs," Empower denies the allegations contained in paragraph 46 of the Complaint.

47. Because Lilly alleges compounded medicines are "new drugs," Empower denies the allegations contained in paragraph 47 of the Complaint.

48. Because the Court dismissed all claims based on Texas state laws, no response is required to paragraph 48 of the Complaint. To the extent a response would be required, because Lilly alleges compounded medicines are "new drugs," Empower denies the allegations contained in paragraph 48 of the Complaint.

49. Because Lilly alleges compounded medicines are "new drugs," Empower denies the allegations contained in paragraph 49 of the Complaint.

50. Empower objects to paragraph 50 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 17 in paragraph 50 of the Complaint. Empower either denies or

8

lacks information sufficient to form a belief about the truth of the multifaceted allegations contained in paragraph 50 of the Complaint.

51. Empower objects to paragraph 51 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 18 in paragraph 51 of the Complaint. Empower admits the existence of and that there are multiple compounded drugs for many reasons. Empower either denies or lacks information sufficient to form a belief about the truth of the multifaceted allegations contained in paragraph 51 of the Complaint.

52. Empower objects to paragraph 52 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits the FDA has said the "[c]ompounded drugs are not FDA-approved," and in the sense the FDA used that term of art ("FDA-approved"), as alleged in paragraph 52 of the Complaint. Empower admits Lilly claims it has quoted material in footnote 19 in paragraph 52 of the Complaint. Empower lacks knowledge or information sufficient to form a belief about the truth of whether the FDA "reviews" compounded drugs to evaluate their safety, effectiveness, or quality before they reach patients as and any remaining allegations as alleged in paragraph 52 of the Complaint.

53. Empower objects to paragraph 53 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower either denies or lacks information sufficient to form a belief about the multifaceted allegations in paragraph 53 of the Complaint.

54. Empower objects to paragraph 54 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 20-21 in paragraph 54 of the Complaint. Empower either denies

or lacks information sufficient to form a belief about the truth of the multifaceted allegations contained in paragraph 54 of the Complaint.

55. Empower objects to paragraph 55 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower objects to paragraph 55 of the Complaint as immaterial and impertinent. Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 55 of the Complaint.

56. Empower objects to paragraph 56 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 22-23 in paragraph 56 of the Complaint. Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 56 of the Complaint.

57. Empower objects to paragraph 57 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 24-27 in paragraph 57 of the Complaint. Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 57 of the Complaint.

58. Empower objects to paragraph 58 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower objects to paragraph 58 of the Complaint as immaterial and impertinent. Empower admits that in 1997, Congress added section 503A to the FDCA as alleged in paragraph 58. Empower admits that section 503A includes requirements that a prescriber must first determine that a compounded drug is necessary for an identified patient. Empower admits that section 503A includes requirements that a compounding

pharmacy may only compound drugs in advance of receiving a prescription in "limited quantities." Empower admits that section 503A include requirements that compounding pharmacies may not compound "regularly or in ordinate amounts…any drug products that are essentially copies of a commercially available drug. Empower admits Lilly claims it has quote material in footnote 28 in paragraph 58 of the Complaint. Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 58 of the Complaint.

59.     Empower objects to paragraph 59 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 29-30 in paragraph 59 of the Complaint. Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 59 of the Complaint.

60.     Empower objects to paragraph 60 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 31-33 of the Complaint. Empower admits that certain advertising restrictions present in the 1997 version of section 503A were successfully challenged and caused the statute to be struck down by the Supreme Court as alleged in paragraph 60. Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 60 of the Complaint.

61.     Empower objects to paragraph 61 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted bullet pointed allegations contained in paragraph 61 of the Complaint.

62.    Empower objects to paragraph 62 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits Lilly claims it has quoted material in footnote 34 in paragraph 62 of the Complaint.  Empower admits Congress enacted section 503A of the FDCA without the invalidated advertising restrictions as alleged in paragraph 62.   Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 62 of the Complaint.

63.    Empower objects to paragraph 63 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted bullet-pointed allegations contained in paragraph 63 of the Complaint.

64.    Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 64 of the Complaint.

65.    Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 65 of the Complaint.

66.    Empower objects to paragraph 66 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits that producing active pharmaceutical ingredients ("APIs") isa complex, methodical, and science-based process as alleged in paragraph 66.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 66 of the Complaint.

67.    Empower objects to paragraph 67 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower either denies or

12

lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 67 of the Complaint.

68.     Empower objects to paragraph 68 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits (again) that the FDA approved Mounjaro and Zepbound as alleged in paragraph 68.  Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 68 of the Complaint.

69.     Empower objects to paragraph 69 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits (again) that the FDA approved Mounjaro and Zepbound as alleged in paragraph 69.  Upon information and belief, Empower admits that Mounjaro and Zepbound contain tirzepatide as alleged in paragraph 69 of the Complaint. Empower admits that tirzepatide medicines target patients' GLP-1 (glucagon-like peptide-1) and GIP (glucose-dependent insulinotropic polypeptide) receptors to improve blood sugar control and reduce appetite and food intake as alleged in paragraph 69. Empower lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69 of the Complaint.

70.     Empower objects to paragraph 70 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits (again) that Mounjaro is FDA-approved to treat type 2 diabetes, and that Zepbound is approved to treat chronic weight management and obstructive sleep apnea as alleged in paragraph 70.  Upon information oane belief, Empower admits (again) that Lilly manufactures, markets, and sells Mounjaro and Zepbound throughout the United States as alleged in paragraph 70 of the Complaint.  Empower

13

lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.    Empower objects to paragraph 71 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 71 of the Complaint.

72.    Upon information and belief, Empower admits Mounjaro and Zepbound are approved as subcutaneous injections as alleged in paragraph 72. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 72 of the Complaint.

73.    Upon information and belief, Empower admits Mounjaro and Zepbound are approved as single-active ingredient drugs alleged in paragraph 73. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 73 of the Complaint.

74.    Empower objects to paragraph 74 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 74 of the Complaint.

75.    Empower objects to paragraph 75 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits it is a compounding pharmacy that operates a 503B outsourcing facility and 503A compounding pharmacy in Houston.  Empower admits Lilly claims it has quoted material in footnotes 35-39 in paragraph 75 of the Complaint.  Empower either denies or lacks sufficient information to form a

14

belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 75 of the Complaint.

76.    Empower objects to paragraph 76 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits it has a compounding facility that produced injectable drugs as alleged in paragraph 76.  Empower admits there have been voluntary recalls of non-tirzepatide medications – completely unrelated to any medications Lilly is making claims about in this lawsuit as stated in paragraph 76.  Empower admits Lilly claims it has quoted material in footnotes 40-41 in paragraph 76 of the Complaint. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 76 of the Complaint.

77.    Empower objects to paragraph 77 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits it compounds tirzepatide.  Empower admits Lilly claims it has quoted material in footnote 42 in paragraph 77 of the Complaint.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 77 of the Complaint.

78.    Empower objects to paragraph 78 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits Lilly claims it has quoted material in footnote 43 in paragraph 78 of the Complaint.  Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 78 of the Complaint.

79.    Empower objects to paragraph 79 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower either denies pr

lacks sufficient information to form a belief about the allegations contained in paragraph 79 of the Compliant.

80.    Empower objects to paragraph 80 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 80 of the Complaint.

81.    Empower objects to paragraph 81 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 81 of the Complaint.

82.    Empower objects to paragraph 82 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 82 of the Complaint.

83.    Empower objects to paragraph 83 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 83 of the Complaint.

84.    Empower objects to paragraph 84 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits Lilly claims it has quoted material in footnotes 44-45 in paragraph 84 of the Complaint.  Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 84 of the Complaint.

85.    Empower objects to paragraph 85 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits Lilly claims

it has quoted material in footnotes 46-47 in paragraph 85 of the Complaint.  Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 85 of the Complaint.

86.     Empower objects to paragraph 86 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits Lilly claims it has quoted material in footnote 48 in paragraph 86 of the Complaint.  Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 86 of the Complaint.

87.     Empower objects to paragraph 87 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower admits Lilly claims it has quoted material in footnotes 49-53 in paragraph 87 of the Complaint.  Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 87 of the Complaint.

88.     Empower denies the allegations contained in paragraph 88 of the Complaint.

89.     Empower objects to paragraph 89 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 89 of the Complaint.

90.     Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 90 of the Compliant.  Empower objects to paragraph 90 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 90 of the Complaint.

91.    Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 91 of the Compliant.  Empower objects to paragraph 91 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 91 of the Complaint.

92.    Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 92 of the Compliant.  Empower objects to paragraph 92 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 92 of the Complaint.

93.    Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 93 of the Compliant.  Empower objects to paragraph 93 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 54 in paragraph 93 of the Complaint.  Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 93 of the Complaint.

94.    Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 94 of the Compliant.  Empower objects to paragraph 94 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.   Lilly claims it has quoted material in footnotes 54-56 in paragraph 94 of the Complaint.  Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 94 of the Complaint.

95.     Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 95 of the Compliant.  Empower objects to paragraph 95 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits it has had past affiliations with Alliance for Pharmacy Compounding ("APC") and its predecessors.  Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 95 of the Complaint.

96.     Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 96 of the Compliant.  Empower objects to paragraph 96 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 57-60 in paragraph 96 of the Complaint.  Empower either denies or lacks information sufficient to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 96 of the Complaint.

97.     Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 97 of the Compliant.  Empower objects to paragraph 97 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.   Lilly claims it has quoted material in footnotes 61-62 in paragraph 97 of the Complaint.  Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 97 of the Complaint.

98.     Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 98 of the Compliant.  Empower objects to paragraph 98 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances Lilly claims it has quoted material in footnote 63 in paragraph 98 of the Complaint.  Empower denies

19

the impertinent, immaterial, and multifaceted allegations contained in paragraph 98 of the Complaint.

99.     Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 99 of the Compliant.  Empower objects to paragraph 99 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 99 of the Complaint.

100.     Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 100 of the Compliant.  Empower objects to paragraph 100 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Lilly claims it has quoted material in footnote 64 in paragraph 100 of the Complaint.  Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 100 of the Complaint.

101.     Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 101 of the Compliant.  Empower objects to paragraph 101 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 101 of the Complaint.

102.     Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 102 of the Compliant.  Empower objects to paragraph 102 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Lilly claims it has quoted material in footnote 65 in paragraph 102 of the Complaint.  Empower denies

the impertinent, immaterial, and multifaceted allegations contained in paragraph 102 of the Complaint.

103. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 103 of the Compliant. Empower objects to paragraph 103 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 66 in paragraph 103 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 103 of the Complaint.

104. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 104 of the Compliant. Empower objects to paragraph 104 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances Empower admits Lilly claims it has quoted material in footnotes 67-68 in paragraph 104 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 104 of the Complaint.

105. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 105 of the Compliant. Empower objects to paragraph 105 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote footnotes 69-70 in paragraph 105 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 105 of the Complaint.

106. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 106 of the Compliant. Empower objects to paragraph 106 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.

Empower admits Lilly claims it has quoted material in footnote 71 in paragraph 106 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 106 of the Complaint.

107. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 107 of the Compliant. Empower objects to paragraph 107 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 72-75 in paragraph 107 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 107 of the Complaint.

108. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 108 of the Compliant. Empower objects to paragraph 108 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 108 of the Complaint.

109. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 109 of the Compliant. Empower objects to paragraph 109 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 76 in paragraph 109 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 109 of the Complaint.

110. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 110 of the Compliant. Empower objects to paragraph 110 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.

Empower admits Lilly claims it has quoted material in footnote 77 in paragraph 110 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 110 of the Complaint.

111. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 111 of the Compliant. Empower objects to paragraph 111 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 111 of the Complaint.

112. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 112 of the Compliant. Empower objects to paragraph 112 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 78 in paragraph 112 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 112 of the Complaint.

113. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 113 of the Compliant. Empower objects to paragraph 113 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 79 in paragraph 113 of the Complaint. denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 113 of the Complaint.

114. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 114 of the Compliant. Empower objects to paragraph 114 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.

23

Empower admits Lilly claims it has quoted material in footnote 80 in paragraph 114 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 114 of the Complaint.

115. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 115 of the Compliant. Empower objects to paragraph 115 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 81 in paragraph 115 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 115 of the Complaint.

116. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 116 of the Compliant. Empower objects to paragraph 116 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 116 of the Complaint.

117. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 117 of the Compliant. Empower objects to paragraph 117 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 82 in paragraph 117 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 117 of the Complaint.

118. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 118 of the Compliant. Empower objects to paragraph 118 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.

Empower admits Lilly claims it has quoted material in footnote 83 in paragraph 118 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 118 of the Complaint.

119. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 119 of the Compliant. Empower objects to paragraph 119 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 84 in paragraph 119 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 119 of the Complaint.

120. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 120 of the Compliant. Empower objects to paragraph 120 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 85-86 in paragraph 120 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 120 of the Complaint.

121. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 121 of the Compliant. Empower objects to paragraph 121 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower denies the allegations contained in paragraph 121 of the Complaint.

122. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 122 of the Compliant. Empower denies the allegations contained in paragraph 122 of the Complaint.

123. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 123 of the Compliant. Empower objects to paragraph 123 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 87-88 in paragraph 123 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 123 of the Complaint.

124. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 124 of the Compliant. Empower objects to paragraph 124 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 124 of the Complaint.

125. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 125 of the Compliant. Empower objects to paragraph 125 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 89 in paragraph 125 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 125 of the Complaint.

126. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 126 of the Compliant. Empower objects to paragraph 126 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits the FDA has inspected Empower at different times. Empower admits Lilly claims it has quoted material in footnote 90 in paragraph 126 of the Complaint. Empower denies

the impertinent, immaterial, and multifaceted allegations contained in paragraph 126 of the Complaint.

127.    Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 127 of the Compliant.  Empower objects to paragraph 127 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 91 in paragraph 127 of the Complaint.  Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 127 of the Complaint.

128.    Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 128 of the Compliant.  Empower objects to paragraph 128 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits regulators from multiple state boards of pharmacy have inspected Empower at different times.   Empower admits that it has entered into stipulated resolutions with different state boards of pharmacy, but denies Lilly's characterization of and their alleged bases for the resolution of those agreements as alleged in paragraph 128 of the Complaint. Empower admits Lilly claims it has quoted material in footnotes 92-96 in paragraph 128 of the Complaint.  Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 128 of the Complaint.

129.    Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 129 of the Compliant.  Empower objects to paragraph 129 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits that it has entered into agreements with different states but denies Lilly's summary of any agreement as alleged in paragraph 129 of the Complaint. Empower admits Lilly claims it has quoted material in footnote 97 in paragraph 129 of the Complaint.  Empower denies

the impertinent, immaterial, and multifaceted allegations contained in paragraph 129 of the Complaint.

130. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 130 of the Compliant. Empower objects to paragraph 130 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 98-100 in paragraph 130 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 130 of the Complaint.

131. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 131 of the Compliant. Empower objects to paragraph 131 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits state Iowa regulators has inspected Empower. Empower admits Lilly claims it has quoted material in footnotes 101-102 in paragraph 131 of the Complaint. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 131 of the Complaint.

132. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 132 of the Compliant. Empower objects to paragraph 132 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits the FDA has inspected Empower at different times as alleged in paragraph 132 of the Complaint. Empower admits Lilly claims it has quoted material in footnote 103 in paragraph 132 of the Complaint. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 132 of the Complaint.

133.    Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 133 of the Compliant.  Empower objects to paragraph 133 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits the FDA has inspected Empower at different times as alleged in paragraph 133 of the Complaint.   Empower admits Lilly claims it has quoted material in footnote 104 in paragraph 133 of the Complaint.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 133 of the Complaint.

134.    Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 134 of the Compliant.  Empower objects to paragraph 134 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 105 in paragraph 134 of the Complaint Empower admits that it has entered into agreements with different states but denies Lilly's summary of any agreement as alleged in paragraph 134 of the Complaint. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 134 of the Complaint.

135.    Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 135 of the Compliant.  Empower objects to paragraph 135 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 106-107 in paragraph 135 of the Complaint.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 135 of the Complaint.

136.     Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 136 of the Compliant.  Empower objects to paragraph 136 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits it operates a facility in Texas.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 136 of the Complaint.

137.     Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 137 of the Compliant.  Empower objects to paragraph 137 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 108 in paragraph 137 of the Complaint.  Empower admits it operates a facility in Texas.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 137 of the Complaint.

138.     Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 138 of the Compliant.  Empower objects to paragraph 138 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 109 in paragraph 138 of the Complaint.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 138 of the Complaint.

139.     Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 139 of the Compliant.  Empower objects to paragraph 139 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 110 in paragraph 139 of the

Complaint. Empower admits the FDA has inspected Empower at different times. Empower denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 139 of the Complaint.

140. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 140 of the Compliant. Empower objects to paragraph 140 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 111 in paragraph 140 of the Complaint. Empower admits the existence of a FDA letter in October 2021 but Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 140 of the Complaint.

141. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 141 of the Compliant. Empower objects to paragraph 141 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 112 in paragraph 141 of the Complaint. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 141 of the Complaint.

142. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 142 of the Compliant. Empower objects to paragraph 142 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 113 in paragraph 142 of the Complaint but expressly notes there are no allegations brought pursuant to Virgina law or claimed Virginia deficiencies. Empower either denies or lacks sufficient information to form a belief about

31

the impertinent, immaterial, and multifaceted allegations contained in paragraph 142 of the Complaint.

143. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 143 of the Compliant. Empower objects to paragraph 143 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 114 in paragraph 143. Empower admits the FDA has inspected the Texas facility at different times. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 143 of the Complaint.

144. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 144 of the Compliant. Empower objects to paragraph 144 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 115 in paragraph 144. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 144 of the Complaint.

145. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 145 of the Compliant. Empower objects to paragraph 145 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 116-117 in paragraph 145. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 145 of the Complaint.

146. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 146 of the Compliant. Empower objects to paragraph 146 of the Complaint

as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 146 of the Complaint.

147. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 147 of the Compliant. Empower objects to paragraph 147 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 118 in paragraph 147. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 147 of the Complaint.

148. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 148 of the Compliant. Empower objects to paragraph 148 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 119-121 in paragraph 148. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 148 of the Complaint.

149. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 149 of the Compliant. Empower objects to paragraph 149 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 122 in paragraph 149. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 149 of the Complaint.

33

150. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 150 of the Compliant. Empower denies the impertinent, immaterial, and multifaceted allegations contained in paragraph 150 of the Complaint.

151. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 151 of the Compliant. Empower objects to paragraph 151 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 123 in paragraph 151. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 151 of the Complaint.

152. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 152 of the Compliant. Empower objects to paragraph 152 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 124-125 in paragraph 152. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 152 of the Complaint.

153. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 153 of the Compliant. Empower objects to paragraph 153 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 126-129 in paragraph 153. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 153 of the Complaint.

154. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 154 of the Compliant. Empower objects to paragraph 154 of the Complaint

34

as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnote 130 in paragraph 154. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 154 of the Complaint.

155. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 155 of the Compliant. Empower objects to paragraph 155 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower admits Lilly claims it has quoted material in footnotes 131-135 in paragraph 155. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 155 of the Complaint.

156. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 156 of the Compliant. Empower objects to paragraph 156 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 156 of the Complaint.

157. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 157 of the Compliant. Empower denies the allegations contained in paragraph 157 of the Compliant.

158. Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 158 of the Compliant. Empower objects to paragraph 158 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances. Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 158 of the Complaint.

159.   Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 159 of the Compliant.  Empower objects to paragraph 159 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 159 of the Complaint.

160.   Because the Court dismissed all claims based on the Lanham Act, no response is required to paragraph 160 of the Compliant.  Empower objects to paragraph 160 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 160 of the Complaint.

### FIRST CAUSE OF ACTION
**Unfair Competition in Violation of the Alaska Unfair Trade Practices**
**In Violation of the Alaska Unfair Trade Practices and Consumer Protection Act**
**Alaska Stat. Ann. §§ 45.50.471 *et seq.* and Alaska Common Law**

161.   Empower repeats and reasserts each response to each allegation above as if fully set forth herein in response to paragraph 161 of the Complaint.

162.   Empower admits the allegations contained in paragraph 162 of the Complaint.

163.   Empower admits that it has not conducted any clinical trials of its tirzepatide tablets or injections for FDA drug-approval but denies the remainder of the allegations contained in paragraph 163 of the Complaint.

164.   Empower admits the allegations contained in paragraph 164 of the Complaint.

165.   Empower objects to paragraph 165 of the Complaint as a violation of Rule 10 because the paragraph contains more than one set of circumstances.  Empower either denies or lacks sufficient information to form a belief about the impertinent, immaterial, and multifaceted allegations contained in paragraph 165 of the Complaint.

36

166.    Empower admits Lilly has quoted the statute cited in paragraph 166 of the Complaint.

167.    Empower admits Lilly has quoted the source cited in paragraph 167 of the Complaint.

168.    Empower denies the allegations contained in paragraph 168 of the Complaint.

169.    Empower denies the allegations contained in paragraph 169 of the Complaint.

170.    Empower denies the allegations contained in paragraph 170 of the Complaint,

171.    Empower denies the allegations contained in paragraph 171 of the Complaint.

172.    Empower denies the allegations contained in paragraph 172 of the Complaint.

173.    Empower denies the allegations contained in paragraph 173 of the Complaint.

174.    Empower denies the allegations contained in paragraph 174 of the Complaint.

175.    Empower denies the allegations contained in paragraph 175 of the Complaint.

176.    Empower denies the allegations contained in paragraph 176 of the Complaint.

177.    Empower denies the allegations contained in paragraph 177 of the Complaint.

### SECOND CAUSE OF ACTION
**Unfair and Deceptive Trade Practices
in Violation of the Colorado Consumer Protection Act
Colo. Rev. Stat. §6-1-105(z)**

178.    Empower repeats and reasserts each response to each allegation above as if fully set forth herein in response to paragraph 178 of the Complaint.

179.    Empower admits Lilly has quoted the statute cited in paragraph 179 of the Complaint.

180.    Empower admits Lilly has quoted the statute cited in paragraph 180 of the Complaint.

181.    Empower denies the allegations contained in paragraph 181 of the Complaint.

182.    Empower denies the allegations contained in paragraph 182 of the Complaint.

183.    Empower denies the allegations contained in paragraph 183 of the Complaint.

184.    Empower denies the allegations contained in paragraph 184 of the Complaint.

185.    Empower denies the allegations contained in paragraph 185 of the Complaint.

186.    Empower denies the allegations contained in paragraph 186 of the Complaint.

187.    Empower admits Lilly has quoted the statute cited in paragraph 187 of the Complaint but denies the remainder of any allegations contained therein.

188.    Empower denies the allegations contained in paragraph 188 of the Complaint.

189.    Empower denies the allegations contained in paragraph 189 of the Complaint.

190.    Empower denies the allegations contained in paragraph 190 of the Complaint.

191.    Empower denies the allegations contained in paragraph 191 of the Complaint.

### THIRD CAUSE OF ACTION
**Unfair and Deceptive Trade Practices**
**in Violation of the Connecticut Unfair Trade Practices Act**
**Conn. Gen. Stat. Ann. §42-110b(a)**

192.    Empower repeats and reasserts each response to each allegation above as if fully set forth herein in response to paragraph 192 of the Complaint.

193.    Empower admits Lilly has quoted the statute cited in paragraph 193 of the Complaint.

194.    Empower denies the allegations contained in paragraph 194 of the Complaint.

195.    Empower denies the allegations contained in paragraph 195 of the Complaint.

196.    Empower denies the allegations contained in paragraph 196 of the Complaint.

197.    Empower denies the allegations contained in paragraph 197 of the Complaint.

198.    Empower denies the allegations contained in paragraph 198 of the Complaint.

199.    Empower denies the allegations contained in paragraph 199 of the Complaint.

200.    Empower denies the allegations contained in paragraph 200 of the Complaint.

201.    Empower denies the allegations contained in paragraph 201 of the Complaint.

202.    Empower admits Lilly has quoted the statute cited in paragraph 202 of the Complaint but denies the remainder of the allegations.

203.    Empower denies the allegations contained in paragraph 203 of the Complaint.

204.    Empower denies the allegations contained in paragraph 204 of the Complaint.

### FOURTH CAUSE OF ACTION
**Unfair Competition and Deceptive Trade Practices
in Violation of Haw. Rev. Stat. §§480-1 *et seq.***

205.    Empower repeats and reasserts each response to each allegation above as if fully set forth herein in response to paragraph 205 of the Complaint.

206.    Empower admits Lilly has quoted the statute cited in paragraph 206 of the Complaint.

207.    Empower denies the allegations contained in paragraph 207 of the Complaint.

208.    Empower denies the allegations contained in paragraph 208 of the Complaint.

209.    Empower denies the allegations contained in paragraph 209 of the Complaint.

210.    Empower denies the allegations contained in paragraph 210 of the Complaint.

211.    Empower denies the allegations contained in paragraph 211 of the Complaint.

212.    Empower denies the allegations contained in paragraph 212 of the Complaint.

213.    Empower admits Lilly has quoted the statute cited in paragraph 213 of the Complaint.

214.    Empower denies the allegations contained in paragraph 214 of the Complaint.

215.    Empower denies the allegations contained in paragraph 215 of the Complaint.

216.    Empower denies the allegations contained in paragraph 216 of the Complaint.

**FIFTH CAUSE OF ACTION**
**Unfair Competition and Deceptive Trade Practices**
**in Violation of the North Carolina Unfair and Deceptive Trade Practices Act**
**N.C. Gen. Stat. Ann. § 75-1.1,** *et seq.*

217.    Empower repeats and reasserts each response to each allegation above as if fully set forth herein response to paragraph 217 of the Complaint.

218.    Empower admits Lilly has quoted the statute cited in paragraph 218 of the Complaint.

219.    Empower denies the allegations contained in paragraph 219 of the Complaint.

220.    Empower denies the allegations contained in paragraph 220 of the Complaint.

221.    Empower denies the allegations contained in paragraph 221 of the Complaint.

222.    Empower denies the allegations contained in paragraph 222 of the Complaint.

223.    Empower denies the allegations contained in paragraph 223 of the Complaint.

224.    Empower denies the allegations contained in paragraph 224 of the Complaint.

225.    Empower denies the allegations contained in paragraph 225 of the Complaint.

226.    Empower admits Lilly has quoted the statute cited in paragraph 226 of the Complaint but denies the remainder of the allgations.

227.    Empower denies the allegations contained in paragraph 227 of the Complaint.

228.    Empower denies the allegations contained in paragraph 228 of the Complaint.

**SIXTH CAUSE OF ACTION**
**Unfair Competition and Deceptive Trade Practices**
**in Violation of the South Carolina Unfair Trade Practices Act**
**S.C. Cod Ann. §§39-5-20** *et seq.*

229.    Empower repeats and reasserts each response to each allegation above as if fully set forth herein response to paragraph 229 of the Complaint.

40

230. Empower admits Lilly has quoted the statute cited in paragraph 230 of the Complaint.

231. Empower denies the allegations contained in paragraph 231 of the Complaint.

232. Empower denies the allegations contained in paragraph 232 of the Complaint.

233. Empower denies the allegations contained in paragraph 233 of the Complaint.

234. Empower denies the allegations contained in paragraph 234 of the Complaint.

235. Empower denies the allegations contained in paragraph 235 of the Complaint.

236. Empower denies the allegations contained in paragraph 236 of the Complaint.

237. Empower denies the allegations contained in paragraph 237 of the Complaint.

238. Empower denies the allegations contained in paragraph 238 of the Complaint.

239. Empower admits Lilly has quoted the statute cited in paragraph 239 of the Complaint but denies the remainder of the allegations.

240. Empower denies the allegations contained in paragraph 240 of the Complaint.

241. Empower denies the allegations contained in paragraph 241 of the Complaint.

**SEVENTH CAUSE OF ACTION**
**Unfair Competition and Deceptive Trade Practices**
**in Violation of the Tennessee Consumer Protection Act**
**Tenn. Code Ann. §§ 47-18-104 *et seq.***

242. Empower repeats and reasserts each response to each allegation above as if fully set forth herein in response to paragraph 242 of the Complaint.

243. Empower admits Lilly has quoted the statute cited in paragraph 243 of the Complaint but denies the remainder of the allegations.

244. Empower denies the allegations contained in paragraph 244 of the Complaint.

245. Empower denies the allegations contained in paragraph 245 of the Complaint.

246. Empower denies the allegations contained in paragraph 246 of the Complaint.

247. Empower denies the allegations contained in paragraph 247 of the Complaint.

248. Empower denies the allegations contained in paragraph 248 of the Complaint.

249. Empower denies the allegations contained in paragraph 249 of the Complaint.

250. Empower denies the allegations contained in paragraph 250 of the Complaint.

251. Empower denies the allegations contained in paragraph 251 of the Complaint.

252. Empower admits Lilly has quoted the statute cited in paragraph 252 of the Complaint but denies the remainder of the allegations.

253. Empower denies the allegations contained in paragraph 253 of the Complaint.

254. Empower denies the allegations contained in paragraph 254 of the Complaint.

255. Empower denies the allegations contained in paragraph 255 of the Complaint.

## EIGHTH CAUSE OF ACTION
### Unfair Competition
### in Violation of Texas Common Law

256. Empower repeats and asserts each response to each allegation above as fully set forth herein in response to paragraph 256 of the Complaint.

257. Because the Court dismissed this claim, no response is required to paragraph 257 of the Complaint.

258. Because the Court dismissed this claim, no response is required to paragraph 258 of the Complaint.

259. Because the Court dismissed this claim, no response is required to paragraph 259 of the Complaint.

260. Because the Court dismissed the claim, no response is required to paragraph 260 of the Complaint.

261. Because the Court dismissed the claim, no response is required to paragraph 261 of the Complaint.

262. Because the Court dismissed the claim, no response is required to paragraph 262 of the Complaint.

263. Because the Court dismissed the claim, no response is required to paragraph 263 of the Complaint.

264. Because the Court dismissed the claim, no response is required to paragraph 264 of the Complaint.

265. Because the Court dismissed the claim, no response is required to paragraph 265 of the Complaint.

266. Because the Court dismissed the claim, no response is required to paragraph 266 of the Complaint.

267. Because the Court dismissed the claim, no response is required to paragraph 267 of the Complaint.

268. Because the Court dismissed the claim, no response is required to paragraph 268 of the Complaint.

269. Because of the Court dismissing the claim, no response is required to paragraph 269 of the Complaint.

**NINTH CAUSE OF ACTION**
**Unfair Competition**
**in Violation of Texas Common Law**

270. Empower repeats and asserts each response to each allegation above as fully set forth herein in response to paragraph 270 of the Complaint.

271.    Empower admits Lilly has quoted the statute cited in paragraph 271 of the Complaint.

272.    Empower denies the allegations contained in paragraph 272 of the Complaint.

273.    Empower denies the allegations contained in paragraph 273 of the Complaint.

274.    Empower denies the allegations contained in paragraph 274 of the Complaint.

275.    Empower denies the allegations contained in paragraph 275 of the Complaint.

276.    Empower denies the allegations contained in paragraph 276 of the Complaint.

277.    Empower denies the allegations contained in paragraph 277 of the Complaint.

278.    Empower admits Lilly has quoted the statute cited in paragraph 278 of the Complaint.

279.    Empower denies the allegations contained in paragraph 279 of the Complaint.

280.    Empower denies the allegations contained in paragraph 280 of the Complaint.

281.    Empower denies the allegations contained in paragraph 281 of the Complaint.

**TENTH CAUSE OF ACTION**
**False or Misleading Advertising and Promotion**
**in Violation of 15 U.S.C. §1125(a)(1)(B)**

282.    Empower repeats and asserts each response to each allegation above as fully set forth herein in response to paragraph 282 of the Complaint.

283.    Because the Court dismissed this claim, no response is required to paragraph 283 of the Complaint.

284.    Because the Court dismissed this claim, no response is required to paragraph 284 of the Complaint.

285.    Because the Court dismissed this claim, no response is required to paragraph 285 of the Complaint.

45

286.    Because the Court dismissed this claim, no response is required to paragraph 286 of the Complaint.

287.    Because the Court dismissed the claim, no response is required to paragraph 287 of the Complaint.

288.    Because the Court dismissed the claim, no response is required to paragraph 288 of the Complaint.

289.    Because the Court dismissed the claim, no response is required to paragraph 289 of the Complaint.

290.    Because the Court dismissed the claim no response is required to paragraph 290 of the Complaint.

WHEREFORE Empower respectfully requests that the Court enter judgment dismissing with prejudice all claims against Empower, that the reasonable costs, including attorneys' fee, incurred in responding to the action be taxed against Lilly as permitted by applicable law, and that the Court award Empower any and all other relief the Court may deem just, equitable, and proper. Alternatively, based on the dismissal of the Lanham Act cause of action, Empower requests the Court to decline supplemental jurisdiction under 28 U.S.C. §1367(c) as the federal claims were eliminated. See, *Carnegie-Mellon Univ. V. Cohill,* 484 U.S. 343, 350 N.7 (1988) (when federal claims are eliminated before trial, the balance of the factors will "point to declining to exercise jurisdiction over the state-law claims.").

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Unavailability of Injunctive Relief, Corrective Advertising, Disgorgement, and Other Equitable Remedies)

Lilly is not entitled to injunctive relief, corrective advertising, disgorgement, or any other form of equitable relief because it cannot satisfy the applicable equitable factors required for such extraordinary remedies. Among other things, Lilly cannot demonstrate irreparable harm, cannot show that the balance of hardships tips in its favor, and cannot establish that the public interest supports the sweeping relief it seeks. Moreover, the injunctive and corrective advertising relief demanded in the Complaint is overbroad, untethered to any proven harm, and would impose burdens on Empower grossly disproportionate to any injury Lilly has alleged. The Court should decline to exercise its equitable discretion to award such relief.

### SECOND AFFIRMATIVE DEFENSE
### (Extraterritoriality and Limits on State-Law Remedies)

Lilly's state-law claims and the remedies sought thereunder cannot regulate conduct occurring outside each respective state's borders or impose relief beyond each state's lawful regulatory interest. The Complaint seeks nationwide injunctive and damages relief under the laws of individual states, but no state may project its regulatory authority extraterritorially to govern conduct in other jurisdictions. The Due Process Clause, the Commerce Clause, and principles of interstate federalism prohibit the imposition of one state's consumer protection or unfair trade practices regime on lawful conduct occurring wholly within other states. To the extent Lilly seeks relief extending beyond transactions occurring within the borders of each state whose law it invokes, such claims are barred.

46

**THIRD AFFIRMATIVE DEFENSE**
**(Alaska Regulatory Exemption)**

Lilly's claims under the Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. Ann. §§ 45.50.471 et seq., are barred by the statutory exemption set forth in Alaska Stat. Ann. § 45.50.481(a)(1). Empower holds an active Alaska nonresident pharmacy license (No. 181037) and is authorized under Alaska law to compound and dispense medications, including compounded tirzepatide products, without obtaining new drug approval. The Alaska Board of Pharmacy regulates the practice of pharmacy, including compounding, under Alaska Stat. Ann. § 08.80.030 and Alaska Admin. Code tit. 12, § 52.440. The conduct challenged by Lilly — the sale of compounded medications absent new drug approval — is an act or transaction regulated by a statute or regulation administered by the State of Alaska and accordingly is exempt from the UTPA under § 45.50.481(a)(1).

**FOURTH AFFIRMATIVE DEFENSE**
**(Colorado Regulatory Exemption)**

Lilly's claims under the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101 et seq., are barred by the statutory exemption set forth in Colo. Rev. Stat. § 6-1-106(1)(a). Empower holds an active Colorado nonresident pharmacy license (No. OSP.0006131) and conducts its compounding and dispensing activities in compliance with the orders, rules, and statutes administered by Colorado's pharmacy regulatory authorities, including Colo. Rev. Stat. § 12-280-120(4) and 3 Colo. Code Regs. § 719-1. Empower's conduct is therefore exempt from liability under the CCPA.

**FIFTH AFFIRMATIVE DEFENSE**
**(Connecticut Regulatory Exemption)**

Lilly's claims under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq., are barred by the statutory exemption set forth in Conn. Gen. Stat. § 42-110c(1)(a).

47

Empower holds an active Connecticut nonresident pharmacy license (No. PCN.0002564) and is authorized to compound and dispense sterile pharmaceuticals under Conn. Gen. Stat. § 20-633b and Conn. Agencies Regs. § 20-576-66. Empower's compounding and dispensing activities are transactions and actions otherwise permitted under law as administered by the Connecticut Board of Pharmacy and are therefore exempt from CUTPA liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Hawaii Regulatory Exemption)

Lilly's claims under the Hawaii Unfair Competition and Deceptive Trade Practices Act, Haw. Rev. Stat. §§ 480-1 et seq. and §§ 481A-1 et seq., are barred by the statutory exemption set forth in Haw. Rev. Stat. § 481A-5(a)(1). Empower holds an active Hawaii nonresident pharmacy license (No. PMP-1076) and is authorized to compound and dispense medications in compliance with the orders, rules, and statutes administered by the Hawaii Board of Pharmacy, including Haw. Rev. Stat. § 461-1 and Haw. Code R. tit. 16, ch. 95. Empower's conduct is therefore exempt from liability under Hawaii law.

## SEVENTH AFFIRMATIVE DEFENSE
### (South Carolina Regulatory Exemption)

Lilly's claims under the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 et seq., are barred by the statutory exemption set forth in S.C. Code Ann. § 39-5-40(a). Empower holds an active South Carolina nonresident pharmacy license (No. 15188) and is authorized to compound and dispense medications under the laws administered by the South Carolina Board of Pharmacy, including S.C. Code Ann. § 40-43-86(CC) and S.C. Code Ann. Regs. § 99-43(B)(2)(c). Empower's compounding and dispensing activities are actions and transactions permitted under laws administered by a regulatory body and are therefore exempt from SCUTPA liability.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Tennessee Regulatory Exemption)**

Lilly's claims under the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.*, are barred by the statutory exemption set forth in Tenn. Code Ann. § 47-18-111(a)(1). Empower holds an active Tennessee nonresident pharmacy license (No. 00005312) and is specifically authorized under Tennessee law to compound and dispense medications, including compounded tirzepatide products, under Tenn. Code Ann. § 63-10-216 and Tenn. Comp. R. & Regs. § 1140-07.01. Empower's compounding and dispensing activities are acts and transactions specifically authorized under the laws administered by the Tennessee Board of Pharmacy and are therefore exempt from TCPA liability.

**NINTH AFFIRMATIVE DEFENSE**
**(Washington Regulatory Exemption)**

Lilly's claims under the Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86.010 et seq., are barred by the statutory exemption set forth in Wash. Rev. Code § 19.86.170. Empower holds an active Washington nonresident pharmacy license (No. PHNR.FO.60669290) and is specifically and actively permitted to compound and dispense medications under Wash. Admin. Code § 246-945-100. Empower's compounding and dispensing activities are actions and transactions permitted by a regulatory body acting under statutory authority and are therefore exempt from WCPA liability.

**TENTH AFFIRMATIVE DEFENSE**
**(North Carolina Learned Profession Exemption)**

Lilly's claims under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 et seq., are barred by the learned profession exemption set forth in N.C. Gen. Stat. § 75-1.1(b). Empower holds an active North Carolina nonresident pharmacy license (No. 11581) and is a licensed pharmacy constituting a "member of a learned profession" within the

meaning of the statute. Empower's challenged conduct — compounding and dispensing tirzepatide products pursuant to valid prescriptions based on the exercise of professional pharmacy judgment — constitutes "professional services rendered by a member of a learned profession" and therefore falls outside the definition of "commerce" under the NCUDTPA. N.C. Gen. Stat. § 75-1.1(b); *Sykes v. Health Network Sols., Inc.*, 828 S.E.2d 467, 472–74 (N.C. 2019); *Church Ekklasia Sozo Inc. v. CVS Health Corp.*, 2022 WL 1572732, at *14 (W.D.N.C. 2022).

## ELEVENTH AFFIRMATIVE DEFENSE
### (Federal Preemption)

Lilly's state law claims are impliedly preempted by 21 U.S.C. § 337(a), which prohibits private enforcement of the Federal Food, Drug, and Cosmetic Act. Lilly's claims are entirely dependent upon establishing Empower's alleged noncompliance with Section 503A of the FDCA, 21 U.S.C. § 353a, for which no parallel state law exists. Private litigants may not enforce the FDCA. *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Spano v. Whole Foods, Inc.*, 65 F.4th 260, 262 (5th Cir. 2023). Empower preserves this defense notwithstanding this Court's prior ruling on the issue (Dkt. 80, p. 27).

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Statutory Standing / Failure to Establish Causation)

Lilly lacks statutory standing under the consumer protection statutes of each state in which it asserts claims because it has failed to allege or establish facts demonstrating that any injury to Lilly's business, reputation, or sales was proximately caused by Empower's conduct. Independent, third-party physicians — not Empower — determine whether a patient receives compounded tirzepatide based on the physician's independent clinical judgment. 21 U.S.C. § 353a(a). The physician's prescribing decision is an intervening cause that breaks any causal chain between Empower's conduct and Lilly's alleged injuries. *See Geomatrix, LLC v. NSF Int'l*, 82 F.4th 466,

50

484 (6th Cir. 2023); *Eli Lilly & Co. v. Willow Health Servs., Inc.*, 2026 WL 639976 (C.D. Cal. Feb. 3, 2026).

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Plead Cognizable Injury Under Hawaii Law)

Lilly lacks standing and has failed to state a claim under Hawaii law because it has not alleged a cognizable injury to its "business or property" resulting from Empower's conduct in Hawaii, as required by Haw. Rev. Stat. § 480-13(a). Lilly has not alleged facts showing how Empower's conduct negatively affects competition or how it has suffered competitive injury traceable to Empower's activities in Hawaii. *See Eli Lilly & Co. v. Revive Rx, LLC*, 812 F. Supp. 3d 708 (S.D. Tex. 2025) (dismissing Hawaii claim for failure to plead competitive injury).

## FOURTEENTH AFFIRMATIVE DEFENSE
### (FDCA Preclusion)

To the extent Lilly asserts or reasserts any false advertising or Lanham Act claims, those claims are precluded because adjudicating them would require the Court to interpret the FDCA and make regulatory determinations within the exclusive jurisdiction and particular expertise of the FDA. *Pom Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 120 (2014); *JHP Pharms., LLC v. Hospira, Inc.*, 52 F. Supp. 3d 992, 1004 (C.D. Cal. 2014).

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Lawful Compounding Under 21 U.S.C. § 353a)

Empower's compounding and dispensing of tirzepatide products is authorized by Section 503A of the FDCA, 21 U.S.C. § 353a, which exempts drug products compounded by a licensed pharmacist or physician pursuant to a valid prescription order for an individually identified patient from the new drug approval requirements of 21 U.S.C. § 355. Empower compounds tirzepatide products in compliance with the conditions set forth in § 503a, and accordingly, Lilly's characterization of Empower's products as "unapproved drugs" is legally and factually incorrect.

51

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Lilly's Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Empower.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Puffery / Non-Actionable Opinion)

To the extent any of Lilly's claims are premised on Empower's advertising statements, those statements are non-actionable puffery, statements of opinion, or literally true, and therefore are not actionable under the Lanham Act or any state consumer protection statute. *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 496–97 (5th Cir. 2000).

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Truth / Substantial Truth)

The statements challenged by Lilly in its Complaint are true or substantially true. Empower's descriptions of its compounded medications as "personalized" are consistent with the requirements of 21 U.S.C. § 353a, which requires compounding to be based on the receipt of a valid prescription order for an individually identified patient. Empower's representations regarding its regulatory compliance are accurate.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Lilly's claims for equitable relief, including injunctive relief, are barred in whole or in part by the doctrine of unclean hands. Lilly has engaged in inequitable conduct in connection with the subject matter of this litigation, including by pursuing a coordinated, nationwide litigation campaign against lawful compounding pharmacies for the purpose of eliminating competition and maintaining monopoly pricing for its FDA-approved tirzepatide products.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Laches)**

Lilly's claims are barred, in whole or in part, by the doctrine of laches. Lilly was aware of Empower's compounding activities for years prior to filing this action and unreasonably delayed in bringing its claims, to Empower's prejudice.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(No Damages / Failure to Mitigate)**

Lilly has suffered no cognizable damages as a result of Empower's conduct, or alternatively, Lilly's alleged damages are speculative, unquantifiable, or caused by factors independent of Empower's conduct. To the extent Lilly suffered any damages, Lilly failed to take reasonable steps to mitigate those damages.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(No Damages During Shortage Period)**

To the extent Lilly suffered any damages, those damages must be limited to the period following the FDA's declaration that the tirzepatide shortage had been resolved (December 19, 2024). During the shortage period, federal law authorized compounding of tirzepatide products, and Lilly was operating at or near capacity and could not have lost sales attributable to Empower's conduct.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Compounded Medicines Are Not "New Drugs" Under State Laws)**

Lilly's state law claims fail because compounded medications dispensed pursuant to prescription are not "new drugs" within the meaning of any state's food, drug, and cosmetic statute. Each state enacted its new drug statute during a period when the public meaning of "new drug" excluded pharmacy-compounded medicines, and each state enacted separate pharmacy practice acts specifically authorizing compounding. The canons of statutory construction—including the

specific-over-the-general canon, the in pari materia canon, the presumption against legislative futility, and the elephant-in-mousehole doctrine—foreclose Lilly's reading of these statutes.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Unfair Method of Competition)

Even if Empower's conduct constituted a violation of any state new drug statute (which Empower denies), such violation does not constitute an "unfair method of competition" or "unfair or deceptive act or practice" within the meaning of any of the state consumer protection statutes under which Lilly asserts its claims. No state has declared violations of its new drug statute to be a per se violation of its consumer protection act, and the FTC Act—whose standards inform interpretation of the state statutes—has never deemed violations of new drug statutes to constitute "unfair methods of competition."

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (State FDCA Exclusivity Provisions - Connecticut and Washington)

Lilly's claims under Connecticut and Washington law are independently barred because both states' food, drug, and cosmetic acts contain exclusivity provisions that prohibit private enforcement. Conn. Gen. Stat. § 21a-99 provides that "[a]ll such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the state of Connecticut." Wash. Rev. Code § 69.04.180 provides the identical restriction for Washington. Lilly, as a private litigant, may not enforce these states' new drug statutes, and accordingly cannot premise unfair competition claims on violations thereof.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Per Se Violation)

Violations of the state new drug statutes on which Lilly relies do not constitute per se violations of any state's consumer protection act. Each state's legislature has enumerated specific statutory violations that constitute per se unfair trade practices, and none has included violations

54

of its new drug statute among those enumerated violations. Under the expressio unius canon, the legislative omission of new drug statutes from those lists precludes treating such violations as per se unfair methods of competition.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Physician-Gatekeeper Doctrine / Intervening Cause)

Lilly's state law claims fail because independent, third-party physicians—not Empower—determine whether a patient receives compounded tirzepatide. The physician's independent clinical judgment constitutes an intervening cause that breaks any causal chain between Empower's conduct and Lilly's alleged injuries. This Court has already found that Lilly "failed to allege facts capable of proving that Empower's allegedly false and deceptive advertisements caused Lilly to lose sales or harmed Lilly's brand or consumer goodwill" (Dkt. 80, p. 19), and that finding applies with equal force to the state law claims.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Standing)

Lilly has no standing under state consumer statutes and Lilly is not a consumer.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (State Law Regulatory Prohibitions)

- Connecticut law prohibits private enforcement of Connecticut state laws regulating food, drug and cosmetics.

- Washington law prohibits private enforcement of Washington state laws regulating food, drug and cosmetics.

- Empower has an active, valid pharmacy license in the states of Alaska, Colorado, Connecticut, Hawaii, South Carolina, Tennessee, and Washington that expressly authorized Empower to compound and dispense medications without new drug approval.

- The state laws of Alaska, Colorado, Connecticut, Hawaii, South Carolina, Tennessee, and Washington do not require licensed compounding pharmacies to register compounded drugs as "new drugs" in order to dispense those compounded drugs.

- The state laws of Alaska, Colorado, Connecticut, Hawaii, South Carolina, Tennessee, and Washington do not require licensed compounding pharmacies like Empower to obtain premarket approval before dispensing compounded drugs pursuant to prescription order.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each cause of action or count alleged therein, fails to state a claim upon which relief may be granted.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Judicial Estoppel)

Lilly is judicially estopped from pursuing its unfair competition theory. Lilly's own Complaint acknowledges that compounding is a lawful practice and that § 503A "allows true compounders to compound and sell prescription drugs under narrowly confined conditions." Having taken the position in its Complaint that compounding is lawful and that federal law expressly permits it under certain conditions, Lilly cannot simultaneously maintain that the same lawful activity constitutes "unfair competition" under state law.

Lilly's claims are barred, in whole or in part, because any purported violation was not committed knowingly or intentionally, including because Empower relied on guidance from regulators, such as the FDA.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Comparative and Contributory Fault)

Lilly's recovery, if any, should be reduced as permitted under applicable state law by the degree of the fault of those who caused or contributed to such alleged injuries, whether Lilly's own acts that caused or contributed to its own alleged injuries (such as by its own deceptive and misleading statements about its own products, whether those alleged in the many lawsuits filed against Lilly in products liability, or those acts identified by regulatory agencies, such as the FDA); or the actions of third parties Empower does not control and that may have also caused or contributed to Lilly's alleged injuries, whether the FDA and any guidance it may have issued, or medical professionals licensed within each state at issue who issued prescriptions for the medicines at issue.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Plaintiff may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**
**(Punitive Damages Barred)**

All claims for punitive damages are barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1), by the Commerce Clause of the United States Constitution (Article I, § 8, cl. 3), and by principles of federalism embodied in the Constitution, including because such claims are based on conduct occurring outside the respective states at issue. No state has a legitimate interest in imposing punitive damages for conduct occurring outside its boundaries. Any claim for punitive or exemplary damages are capped according to the limits a respective state's law may provide.

57

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Compliance with Applicable Law)

Lilly's claims are barred, in whole or in part, because Empower complied materially with all applicable state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (State FDCA Enforcement Schemes Foreclose Private Enforcement)

The structure of each state's FDCA enforcement scheme forecloses private enforcement through unfair competition claims. Each state's FDCA was enacted to protect public health and consumers—not to provide brand-name drug manufacturers with a private right of action against compounding pharmacies. Lilly does not belong to the class of persons the statute was designed to protect and did not suffer the type of injury the statute was designed to prevent.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

Empower reserves the right to assert additional affirmative defenses as they become known through discovery or the further development of the factual record. Empower's assertion of these affirmative defenses does not constitute an admission that any burden of proof applicable to any defense rests on Empower, except as required by applicable law.

## PRAYER

Empower respectfully requests that the Court enter judgment dismissing with prejudice all claims against Empower, that the reasonable costs, including attorneys' fees, to include but not be limited to fees incurred as a prevailing party under 15 U.S.C. 1117(a), incurred in responding to the action be taxed against Lilly as permitted by applicable law, and that the Court award Empower any and all other relief the Court may deem just, equitable, and proper.

Dated: May 13, 2026

Dated: May 13, 2026                     Respectfully submitted,

**FISHERBROYLES**

By:     */s/ Anthony J. Calamunci*
        Anthony J. Calamunci (*Attorney-in-Charge*)
        6800 W. Central Avenue, Suite E
        Toledo, Ohio 43617
        (567) 455-5257
        anthony.calamunci@fisherbroyles.com
        Lisa A. Powell
        Texas Bar No. 16204215
        lisa.powell@fisherbroyles.com
        Trent D. Stephens
        Texas Bar No. 24008081
        trent.stephens@fisherbroyles.com
        2925 Richmond Ave., Ste. 1200
        Houston, Texas 77098
        (713) 425-3730


**BECK REDDEN LLP**
        Geoff A. Gannaway
        Texas State Bar No. 24036617
        Federal I.D. No. 37039
        ggannaway@beckredden.com
        David J. Beck
        Texas Bar No. 00000070
        Federal I.D. No. 16605
        dbeck@beckredden.com
        1221 McKinney Street, Suite 4500
        Houston, Texas 77010
        Telephone: (713) 951-3700

**HYMAN, PHELPS & MCNAMARA, P.C.**
        Karla L. Palmer (Pro Hac Vice)
        kpalmer@hpm.com
        1101 K Street N.W., Suite 700
        Washington, DC 20005
        Telephone: (202) 737-7542

        **ATTORNEYS FOR DEFENDANT
        EMPOWER CLINIC SERVICES, L.L.C.
        d/b/a EMPOWER PHARMACY**

59

60

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 13th day of May, 2026, I have caused the foregoing to be electronically filed with the Court using the Court's CM/ECF System which sends notification of such filing to all counsel of record.

<u>/s/ Anthony J. Calamunci</u>
Anthony J. Calamunci