**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:25-cv-3464 |
| EMPOWER CLINIC SERVICES, LLC d/b/a EMPOWER PHARMACY, | | |
| Defendant. | | |

**DEFENDANT EMPOWER CLINIC SERVICES, L.L.C. D/B/A EMPOWER**
**PHARMACY'S SECOND MOTION FOR PROTECTIVE ORDER**

**TABLE OF CONTENTS**

**Page**

I.      SUMMARY.................................................................................................................. 1

II.     RELIEF REQUESTED ............................................................................................. 2

III.    RELEVANT BACKGROUND.................................................................................. 3

IV.     ARGUMENTS AND AUTHORITIES...................................................................... 5

      A.      Good Cause Exists Under Rule 26(c) to Require Lilly to Narrow Its Discovery
           to the Surviving Claims........................................................................................ 5

      B.      Lilly's Discovery Requests Are Facially Overbroad and Disproportionate to the
           Surviving Claims.................................................................................................. 6

      C.      The Volume and Cost of Responding to Unnarrowed Discovery Is Staggering
           and Disproportionate............................................................................................ 8

      D.      Empower's Pending Rule 7 Motion May Further Narrow the Scope of
           Permissible Discovery...........................................................................................9

      E.      Federal Courts Require Narrowing of Discovery After Claims Are Dismissed....10

      F.      A Protective Order Is Necessary Because Lilly Seeks Confidential Commercial
           Information Before Entry of Any Governing Confidentiality Order.....................11

      G.      Cost-Shifting Is Appropriate If Discovery Proceeds in Its Current Form.............12

      H.      Lilly Will Suffer No Cognizable Prejudice from a Protective Order Requiring
           Narrowing.............................................................................................................12

      I.      Lilly's Refusal to Narrow Despite Good-Faith Conferral Compels Court
           Intervention..........................................................................................................13

CONCLUSION AND PRAYER ........................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

*Conquest v. Camber Corp.*,
     No. 14-87, 2014 WL 172500 (W.D. Tex. Jan. 15, 2014)....................................................12

*Cunningham v. Cornell University*,
     604 U.S. 693 (2025) ............................................................................................5,9

*Dresser v. MEBA Med. & Benefits Plan*,
     No. 08-1057, 2008 WL 2705584 (E.D. La. July 8, 2008)..................................................13

*Eli Lilly and Co. v. Revive RX, LLC*,
     812 F. Supp. 3d 708 (S.D. Tex. 2025) ............................................................................5,9

*Fujita v. United States*,
     416 Fed. App'x 400, 402 (5th Cir. 2011)........................................................................10

*Petrus v. Bowen*,
     833 F.2d 581, 583 (5th Cir. 1987)..................................................................................10

*Rocha v. S.P. Richards Co.*,
     No. 5:16-CV-411-XR, 2016 U.S. Dist. LEXIS 163628, 2016 WL 6876576
     (W.D. Tex. Nov. 17, 2016)..........................................................................................11

*Samsung Elecs. Am., Inc. v. Chung*,
     321 F.R.D. 250, 279 (N.D. Tex. 2017)..........................................................................11

*Trevino v. Caliber Home Loans, Inc. (In re Trevino)*,
     564 B.R. 890, 918 (Bankr. S.D. Tex. 2017).................................................................... 9

**Federal Statutes**

15 U.S.C. § 1125(a)(1)(B) ................................................................................................ 1

28 U.S.C. § 473...........................................................................................................10

Following the Court's dismissal of Plaintiff Eli Lilly and Company's ("Lilly") claims pursuant to the Court's Memorandum and Opinion Order [ECF No. 80], which dismissed Lilly's Lanham Act claims and Texas common law claims but permitted Lilly's state law claims under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington to proceed, Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower") files this Second Motion for Protective Order under Federal Rule of Civil Procedure 26(c) as to Lilly's First Set of Interrogatories (Nos. 1–15) and First Set of Requests for Production (Nos. 1–52) and states as follows:

## I. SUMMARY

On April 29, 2026, this Court entered its Memorandum Opinion and Order [ECF No. 80] granting in part and denying in part Empower's Motion to Dismiss [ECF No. 34]. The Court dismissed Lilly's sole federal claim under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), for failure to allege facts capable of establishing the proximate cause requirement for statutory standing. The Court, likewise, dismissed Lilly's claims asserted under Texas state law, concluding that Texas courts likely would not allow a tort claim based on violations of the Texas Food, Drug, and Cosmetic Act. The Court denied Empower's prior Motion for Protective Order [ECF No. 73] as moot in light of its ruling on the Motion to Dismiss.

The Court's Order fundamentally altered the scope of this litigation. Lilly's only surviving claims are state statutory unfair competition and deceptive practices claims under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington. These surviving claims are premised on Empower's alleged sale of unapproved new drugs in those eight states in violation of the respective state statutes incorporating federal new-drug approval requirements, and on allegedly deceptive marketing directed at consumers in those

states. Critically, these claims do not implicate proof of Lilly's own lost sales, competitive injury, or harm to Lilly's brand reputation—elements that the Court found Lilly failed to plead under the Lanham Act.

Despite this fundamental narrowing of the case, Lilly has refused to narrow its First Set of Interrogatories and First Set of Requests for Production to conform to the surviving claims. Instead, Lilly's current position is that "nothing in the Federal Rules permit Empower to unilaterally insist that Lilly 'narrow' discovery requests before Empower responds." Yet, in three separate conferral letters dated May 20, May 28, and June 15, 2026, and a meet and confer conference on June 4, Empower requested that Lilly withdraw or modify discovery requests that pertain solely to the dismissed Lanham Act and Texas common law claims, and narrow remaining requests to discovery proportional to and directly tied to the eight surviving state-law claims. *See* Exhibits 1, 2, 3, and 4. Lilly has steadfastly refused to do so, demanding instead that Empower update its discovery responses to the unnarrowed requests, which Empower has done and served on Lilly. *See* Exhibits 4 and 5. Because Lilly has not voluntarily conformed its discovery to the surviving claims and the proportionality requirements of Rule 26(b)(1), Empower has proposed narrowing of Lilly's demands and seeks a protective order from this Court related to such narrowing to the remaining claims. *See* Exhibit 3.

## II. RELIEF REQUESTED

Although Empower has lodged objections and responses and further served amended objections and responses as detailed in Exhibit 5, Empower requests an order protecting it from Lilly's interrogatories and requests for production by: (1) requiring Lilly to narrow its First Set of Interrogatories and First Set of Requests for Production to discovery directly tied to and proportional to the eight remaining state-law claims under Alaska, Colorado, Connecticut, Hawaii,

North Carolina, South Carolina, Tennessee, and Washington law, and to withdraw or modify requests that pertain solely to the dismissed Lanham Act and Texas common law claims; (2) alternatively, staying Empower's obligation to respond until after the Court rules on Empower's Motion to Invoke Federal Rule of Civil Procedure 7 to Require a Reply [ECF No. 82] and, if that motion is granted, pending Lilly's subsequent Rule 7 reply and the parties' assessment of the remaining claims and defenses; (3) requiring Lilly to bear or share the costs of responding to discovery to the extent it exceeds the scope of the surviving claims, given the extraordinary burden and expense documented by Empower; and (4) granting all other relief to which Empower may be entitled.

### III. RELEVANT BACKGROUND

Lilly filed this action asserting a single federal cause of action under the Lanham Act for false advertising, along with nine state-law claims for unfair competition and deceptive practices. On March 9, 2026, Lilly served its First Set of Interrogatories (Nos. 1–15) and First Set of Requests for Production (Nos. 1–52), which were drafted to encompass the full breadth of the original Complaint—including the now-dismissed Lanham Act false advertising claim and the Texas common law unfair competition claim.

Empower filed its initial Motion for Protective Order [ECF No. 73] and Reply in Support [ECF No. 75], seeking to defer discovery pending resolution of Empower's Motion to Dismiss. Those filings detailed the facial overbreadth, disproportionality, and commercial sensitivity of Lilly's discovery requests.

On April 29, 2026, the Court entered its Memorandum Opinion and Order granting Empower's Motion to Dismiss as to the Lanham Act claim and the Texas common law claim. The Court held that Lilly's Complaint "fails to allege facts that plausibly support an inference that Lilly

has lost sales or suffered irreparable harm to its brand or consumer goodwill traceable to Empower's allegedly false advertising." ECF No. 80, at p. 15.  The Court further concluded that "Texas courts likely would not allow Lilly to pursue such claims based on violation of the Texas FDCA," reasoning that "the structure of the Texas FDCA's enforcement scheme forecloses private enforcement through common-law unfair-competition torts."  ECF No. 80, at p. 31.

Following the Court's Order, Empower engaged in extensive conferral efforts to resolve this dispute without Court intervention.  *See* Exhibits 1-4.

On May 20, 2026, Empower sent its first conferral letter requesting that Lilly narrow its pending interrogatories and requests for production to the eight remaining state-law claims and requesting a meet-and-confer regarding the proper timing and narrowed scope of discovery. *See* Exhibit 1.

In response, Lilly demanded that Empower "immediately" update its discovery responses and asserted that "nothing in the Federal Rules permit Empower to unilaterally insist that Lilly 'narrow' discovery requests before Empower responds."  *See* Exhibit 4.

On May 28, 2026, Empower sent its second conferral letter, explaining in detail why the Court's dismissal renders much of Lilly's discovery inappropriate, why the volume and cost of responding to unnarrowed discovery is disproportionate, and why Empower's pending Rule 7 motion may further narrow the case. *See* Exhibits 2 and 4.

On June 4, 2026, the parties conferred by telephone, but Lilly continued to refuse to narrow its requests.  *See* Exhibit 3.

On June 15, 2026, Empower sent its third conferral letter, providing a detailed request-by-request analysis of the narrowing required for each of Lilly's 15 interrogatories and 52 requests

for production to conform to the surviving claims. Lilly has refused to agree to any narrowing whatsoever. *See* Exhibit 3.

On May 13, 2026, Empower filed its Motion to Invoke Federal Rule of Civil Procedure 7 to Require a Reply [ECF No. 82], asking this Court to follow the procedure endorsed by the Supreme Court in *Cunningham v. Cornell University*, 604 U.S. 693 (2025), and applied by Judge Rosenthal in *Eli Lilly and Co. v. Revive RX, LLC*, 812 F. Supp. 3d 708, 737 (S.D. Tex. 2025). Empower's Rule 7 motion presents a threshold issue that may further narrow the surviving claims before Empower should be forced to incur the extraordinary burden and expense of discovery.

## IV. ARGUMENT AND AUTHORITIES

### A.     *Good Cause Exists Under Rule 26(c) to Require Lilly to Narrow Its Discovery to the Surviving Claims.*

Rule 26(c)(1) authorizes the Court, for good cause, to issue an order protecting a party from annoyance, oppression, undue burden, or expense, including by "forbidding the disclosure or discovery," "specifying terms . . . for the disclosure or discovery," or "limiting the scope of disclosure or discovery to certain matters." That standard is satisfied here.

The Court's April 29, 2026 Order dismissed the primary claims that animated Lilly's discovery requests. Lilly's First Set of Interrogatories and First Set of Requests for Production were drafted to encompass the full breadth of the original Complaint, including Lilly's Lanham Act false advertising claim and Texas common law unfair competition claim. With those claims gone, much of the discovery Lilly served is no longer tied to any viable claim in this case. Interrogatories and requests directed at Lilly's theories of false advertising, consumer deception, proximate causation of lost sales, harm to brand or consumer goodwill, and the "personalized" advertising theory—all of which the Court found deficient—are plainly outside the scope of the surviving claims.

The Federal Rules do not entitle a plaintiff to proceed with discovery untethered to its remaining causes of action. Rule 26(b)(1) limits discovery to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." When a court dismisses the primary claims that animated a plaintiff's discovery requests, the requesting party bears the obligation to ensure that its outstanding discovery conforms to the narrowed scope of the litigation. To hold otherwise would permit a plaintiff to impose discovery burdens designed for a Lanham Act case upon a defendant in what is now a more limited state-law dispute.

> **B.      Lilly's Discovery Requests Are Facially Overbroad and Disproportionate to the Surviving Claims.**

Lilly's interrogatories and requests for production seek nationwide information untethered to the eight surviving-claim states. Empower's third conferral letter detailed the specific narrowing required for each of Lilly's 15 interrogatories and 52 requests for production to conform to the surviving claims. Among other things, as detailed in Exhibit 5, Lilly's requests seek:

a.      Nationwide supplier, distributor, and testing information, when only information relating to products dispensed in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington is relevant to the surviving claims.

b.      Complete nationwide revenue and financial data, when the dismissal of the Lanham Act claim eliminates any need for Empower's total nationwide revenue for the purpose of establishing competitive injury.

c.      Nationwide advertising expenditures, website analytics, and marketing information, when only advertising and promotional materials specifically targeted at or designed to reach consumers in the eight surviving-claim states is relevant. Empower acknowledges that its website and certain social media platforms are technically accessible nationwide; however, the surviving claims are premised on deceptive marketing directed at consumers in those states, and

discovery should be limited to materials specifically targeted at or designed to reach consumers in those states—not materials geo-targeted to, or placed in media specific to, non-surviving-claim states.

d.      Documents relating to consumer confusion about affiliation between Lilly and Empower, which is an element relevant only to Lilly's dismissed Lanham Act false advertising claim.

e.      Documents concerning regulatory actions in Oklahoma, Idaho, California, Iowa, Florida, Pennsylvania, and Virginia—none of which are among the surviving-claim states—which should be withdrawn in their entirety. Regulatory actions taken by states in which no claims survive are not relevant to any claim or defense in this action. The surviving claims are premised on (1) the sale of unapproved new drugs in the eight enumerated states, and (2) deceptive marketing directed at consumers in those states. These additional state-specific regulatory actions in non-surviving jurisdictions are cumulative, disproportionate, and should be withdrawn.

f.      Market size analyses, impact on Lilly's sales or market share, and analyses reflecting competition with Lilly's medicines—all of which relate to the competitive-injury element of the dismissed Lanham Act claim.

g.      Detailed transactional data for every sale of tirzepatide products nationwide, including prescriber names, recipient addresses, and pharmacist identifiers, which vastly exceeds the scope of the surviving state-law claims.

Discovery directed at establishing Lanham Act elements—particularly proximate causation of Lilly's commercial injury, nationwide market impact, and the relationship between Empower's advertising and Lilly's lost sales—is no longer relevant to any claim or defense in this action. Furthermore, requests directed at conduct occurring in Texas (where the common law claim

has been dismissed) or in states other than the eight surviving jurisdictions are disproportionate to the needs of the case.

**C.      *The Volume and Cost of Responding to Unnarrowed Discovery Is Staggering and Disproportionate.***

As set forth in the Declaration of Travis Reed, Empower's Associate General Counsel of Litigation, the burden of responding to Lilly's discovery as currently framed is extraordinary. *See* Exhibit 6.  The information identified to date encompasses several terabytes of data comprising well several million documents—and that volume represents only a fraction of the documentation Lilly's requests encompass. The isolation, compilation, review, and production of the information as requested by Lilly will cost well several millions of dollars. Many weeks of employee time have already been expended simply to preserve, isolate, source, and compile data, and the task is far from complete. If each document requires one minute to review for responsiveness, the review alone will require tens of thousands of hours of review time—and as more information is compiled, the projected costs will only increase.

These costs were disproportionate when Lilly had a Lanham Act claim; they are unconscionable now that only eight state-law claims survive, each of which faces independent threshold defenses that may further narrow or eliminate the claims entirely. Rule 26(b)(1) requires that discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26's proportionality requirement restricts discovery on non-privileged material in consideration of "the importance of the issues at stake in the action, the amount in controversy, *the parties' relative access to relevant information*, the parties' resources, the importance of discovery in resolving the

- 8 -

issues, and *whether the burden or expense of the proposed discovery outweighs its likely benefit*." *Trevino v. Caliber Home Loans, Inc. (In re Trevino)*, 564 B.R. 890, 918 (Bankr. S.D. Tex. 2017) (emphasis in original) (citing FED. R. CIV. P. 26(b)(1)). There can be no serious dispute that requiring Empower to expend, at a minimum, several million dollars responding to discovery tailored to dismissed claims—while threshold issues that may dispose of the surviving claims remain pending—is disproportionate to the needs of this case.

###   D.    *Empower's Pending Rule 7 Motion May Further Narrow the Scope of Permissible Discovery.*

Empower's Motion to Invoke Federal Rule of Civil Procedure 7 to Require a Reply [ECF No. 82] asks this Court to follow the procedure endorsed by the Supreme Court in *Cunningham v. Cornell University*, 604 U.S. 693 (2025), and applied by Judge Rosenthal in *Eli Lilly and Co. v. Revive RX, LLC*, 812 F. Supp. 3d 708, 737 (S.D. Tex. 2025). As Judge Rosenthal explained, Rule 7 "empowers district courts to insist that plaintiffs file a reply addressing viable statutory exemptions, to identify claims that likely will not survive a future summary-judgment motion and should not entitle plaintiffs to impose on defendants the burden of costly discovery." *Revive Rx*, 812 F. Supp. 3d at 737. Justice Alito's concurrence in *Cunningham* further urged that "[d]istrict courts should strongly consider utilizing this option—and employing the other safeguards that the Court describes—to achieve 'the prompt disposition of insubstantial claims.'" *Cunningham*, 604 U.S. at 711 (Alito, J., concurring).

This Court's own Memorandum Opinion and Order recognized that Empower's state-law regulatory exemptions were affirmative defenses that could not be resolved at the Rule 12(b)(6) stage but would need to be addressed going forward. The Court specifically recognized that if Empower pleaded those statutory exemptions as affirmative defenses, Lilly would be required to prove that the violations alleged in its Complaint could overcome those exemptions. Empower has

now filed its Answer and asserted those statutory exemptions and moved for a Rule 7 reply. If the Court grants Empower's Rule 7 motion and Lilly is required to file a reply addressing whether its remaining claims can overcome Empower's regulatory exemptions, the proper scope of discovery may be narrowed further still—or potentially eliminated altogether.

Proceeding with millions of dollars in discovery before this threshold issue is resolved would be the very harm that the Supreme Court in *Cunningham* and Judge Rosenthal in *Revive Rx* sought to prevent through the Rule 7 mechanism. This Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 Fed. App'x 400, 402 (5th Cir. 2011). A stay is proper where discovery could not affect resolution of a threshold motion. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

### E.    Federal Courts Require Narrowing of Discovery After Claims Are Dismissed.

The principles underlying Empower's position are well established. Federal courts have broad discretion to limit, phase, or stay discovery to avoid unnecessary or unduly burdensome expenses, particularly when threshold legal issues may dispose of or materially narrow claims. Under 28 U.S.C. § 473, courts are encouraged to "identify and limit the volume of discovery available to avoid unnecessary or unduly burdensome or expensive discovery" and to "phase discovery into two or more stages." Rule 26(b)(2)(C) independently requires courts to limit discovery where the proposed discovery is "outside the scope permitted by Rule 26(b)(1)," is "unreasonably cumulative or duplicative," or where "the burden or expense of the proposed discovery outweighs its likely benefit."

Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case — which are related but distinct requirements. *See Rocha v. S.P. Richards Co.*,

No. 5:16-CV-411-XR, 2016 U.S. Dist. LEXIS 163628, 2016 WL 6876576, at *1 (W.D. Tex. Nov. 17, 2016) ("Pursuant to the amended Federal Rules of Civil Procedure, requested discovery must be both relevant and proportional."). *See Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017) (concluding that information sought was not relevant to any claims so it was not necessary to determine proportionality).  Here, Lilly's pending discovery related to the dismissed Lanham Act claims and Texas state law claims is no longer relevant, and Lilly's discovery requests must be narrowed or withdrawn accordingly.

> **F.      *A Protective Order Is Necessary Because Lilly Seeks Confidential Commercial Information Before Entry of Any Governing Confidentiality Order.***

Rule 26(c)(1)(G) specifically permits protection against disclosure of trade secrets or other confidential research, development, or commercial information except in a specified way. Lilly's requests seek exactly that type of information, including supplier identities, ownership and investor information, detailed revenues and margins, marketing analytics, formulations, testing and regulatory materials, and transaction-level information. The parties have not entered any protective order governing competitively sensitive information and have not agreed on a concrete ESI protocol addressing custodians, date ranges, search methodology, inaccessible sources, and form of production but are in the process of negotiating both. Without an entered protective order, compelling production of such material would expose Empower to needless commercial harm and impose unnecessary disputes over designation, handling, and use of confidential information. Additionally, despite Lilly's onerous demands for information and production, Lilly's Initial Disclosures served on June 15 only disclose two Lilly witnesses and largely lack the most basic information relevant to this dispute.  *See* Exhibit 7.

### G.    Cost-Shifting Is Appropriate If Discovery Proceeds in Its Current Form.

To the extent the Court permits discovery beyond what Empower contends is proportional, cost-shifting is warranted as a condition of any such discovery, given the extraordinary burden and expense previously documented by Empower, which is anticipated to exceed several million dollars. Rule 26(c) provides that the court may specify conditions for discovery when the requesting party shows good cause for discovery from sources not reasonably accessible because of undue burden or cost. Empower has made—and will continue to make—a compelling showing that the discovery Lilly seeks, in its current form, imposes grossly disproportionate burdens that far exceed any legitimate need tied to the surviving claims. Courts apply the proportionality factors set forth in Federal Rules of Civil Procedure 26(b)(2)(B) and 26(b)(2)(C), weighing the importance of the issues, the amount in controversy, and the parties' resources against the burden imposed.

### H.    Lilly Will Suffer No Cognizable Prejudice from a Protective Order Requiring Narrowing.

Lilly will not be prejudiced by being required to conform its discovery to the claims that survive in this action. A protective order requiring narrowing does not preclude Lilly from obtaining all discovery to which it is entitled under the Federal Rules; it merely requires that discovery be tethered to the surviving claims and proportional to the needs of the case as it now exists—not as Lilly originally filed it.

The Court should recall that this lawsuit is Lilly's second attempt to sue Empower, after initially filing in New Jersey federal court, voluntarily dismissing that matter on the day its response to Empower's then-pending Rule 12(b)(6) motion was due, and then filing this expanded suit. Lilly's own machinations confirm that Lilly will not be prejudiced by requiring narrowing of its discovery to the surviving claims. Other courts have found that staying or limiting discovery at the outset of a case does not prejudice a plaintiff. *See, e.g., Conquest v. Camber Corp.*, No. 14-87,

2014 WL 172500, at *1 (W.D. Tex. Jan. 15, 2014); *Dresser v. MEBA Med. & Benefits Plan*, No. 08-1057, 2008 WL 2705584, at *2 (E.D. La. July 8, 2008).

### I.      *Lilly's Refusal to Narrow Despite Good-Faith Conferral Compels Court Intervention.*

Empower has engaged in extensive and good-faith efforts to resolve this dispute without Court intervention. In three separate conferral letters spanning more than three weeks, Empower explained in detail why the Court's April 29, 2026 Order requires narrowing of Lilly's discovery, identified specific interrogatories and requests for production requiring modification, proposed concrete narrowing language, and requested meet-and-confer discussions. Empower further provided, in its third conferral letter, a request-by-request analysis of all 15 interrogatories and 52 requests for production, identifying the precise narrowing required for each to conform to the surviving claims.

Despite these extensive conferral efforts, Lilly has refused to engage meaningfully. Lilly's position—that Empower must "immediately" respond to discovery requests designed for a case that no longer exists—ignores the fundamental transformation this case underwent when the Court dismissed Lilly's primary federal claim and its Texas common law claim. Empower is not refusing to participate in discovery. Empower is requesting that Lilly do what the Federal Rules require: serve discovery that is relevant to the claims that actually remain in this case and proportional to the needs of the case as it currently exists.

### V. CONCLUSION AND PRAYER

As provided herein, Empower has met the good cause standard by providing exactly the kind of specific, documented showing required—three detailed conferral letters, a request-by-request analysis, and a declaration establishing costs exceeding several million dollars.  For the

foregoing reasons, Empower respectfully requests that the Court grant this Second Motion for Protective Order and enter an order providing that:

a.       Lilly shall narrow its First Set of Interrogatories (Nos. 1–15) and First Set of Requests for Production (Nos. 1–52) to discovery directly tied to and proportional to the eight remaining state-law claims under Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington law, withdrawing or modifying requests that pertain solely to the dismissed Lanham Act and Texas common law claims, as detailed in Empower's June 15, 2026 conferral letter attached hereto as Exhibit 3;

b.       Alternatively, Empower's obligation to respond to Lilly's discovery requests shall be stayed pending the Court's ruling on Empower's Motion to Invoke Federal Rule of Civil Procedure 7 to Require a Reply [ECF No. 82] and, if that motion is granted, pending Lilly's subsequent Rule 7 reply and the parties' assessment of the remaining claims and defenses;

c.       The Court impose cost-shifting as a condition of any discovery that the Court permits, given the extraordinary burden and expense documented by Empower; and

d.       Together with such other and further relief to which Empower is justly entitled.

Dated: June 18, 2026

Respectfully submitted,

**FISHERBROYLES**

By:       */s/ Anthony J. Calamunci*
          Anthony J. Calamunci (*Attorney-in-Charge*)
          anthony.calamunci@fisherbroyles.com
          6800 W. Central Avenue, Suite E
          Toledo, Ohio 43617
          (567) 455-5257
          Lisa A. Powell
          Texas Bar No. 16204215
          lisa.powell@fisherbroyles.com
          Trent D. Stephens
          Texas Bar No. 24008081
          trent.stephens@fisherbroyles.com
          2925 Richmond Ave., Ste. 1200
          Houston, Texas 77098
          (713) 425-3730

- 14 -

**BECK REDDEN LLP**
Geoff A. Gannaway
Texas State Bar No. 24036617
Federal I.D. No. 37039
ggannaway@beckredden.com
David J. Beck
Texas Bar No. 00000070
Federal I.D. No. 16605
dbeck@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700

**HYMAN, PHELPS & MCNAMARA, P.C.**
Karla L. Palmer (Pro Hac Vice)
kpalmer@hpm.com
1101 K Street N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7542

**ATTORNEYS FOR DEFENDANT**
**EMPOWER CLINIC SERVICES, L.L.C.**
**d/b/a EMPOWER PHARMACY**

<u>**CERTIFICATE OF CONFERENCE**</u>

The undersigned counsel certifies that counsel conferred in good faith regarding the subject of this motion, including through correspondence dated May 20, May 28, and June 15, 2026, and through a telephonic meet-and-confer on June 4, 2026, but were unable to resolve the dispute without Court intervention. Plaintiff opposes the relief requested.

*/s/ Anthony J. Calamunci*
Anthony J. Calamunci

- 15 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of June, 2026, I have caused the foregoing to be electronically filed with the Court using the Court's CM/ECF System which sends notification of such filing to all counsel of record.

*/s/ Anthony J. Calamunci*
Anthony J. Calamunci

- 16 -