# EXHIBIT 1

# FisherBroyles

**Trent D. Stephens**
**Partner**
2925 Richmond Ave., Ste. 1200
Houston, Texas 77098
Direct: (713) 425-3730
trent.stephens@fisherbroyles.com

May 20, 2026

_**Via email: patrick.weeks@kirkland.com**_
Mr. Patrick Weeks
Kirkland Ellis, LLP
333 West Wolf Plaza
Chicago, IL 60654

Re:     _Eli Lilly and Company v. Empower Clinic Services, LLC d/b/a Empower Pharmacy_,
         Civil Action No. 4:25-cv-03464, U.S. District Court, S.D. Texas, Houston Division

Dear Counsel:

We are in response to Eli Lilly and Company's ("Lilly") conferral email dated May 18, 2026 regarding its First Set of Interrogatories and First Set of Requests for Production to Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower"), served on March 9, 2026. Empower previously objected to those requests as premature and improper in light of the case posture, including Empower's pending request to stay discovery, the absence of a governing protective order, and the lack of a meaningful ESI protocol.

In light of subsequent developments, including the Court's April 29, 2026 dismissal of Lilly's Lanham Act claims and Texas state-law claims, Empower requests that Lilly narrow its pending interrogatories and requests for production to the eight remaining state-law claims and confirm its availability during the week of May 25-29 to confer regarding the proper timing and narrowed scope of discovery that may remain appropriate.

The Court's April 29, 2026 Memorandum Opinion and Order [ECF No. 80] dismissed Lilly's Lanham Act claims for failure to allege facts capable of establishing the proximate-cause requirement for statutory standing and dismissed Lilly's Texas state-law claims for failure to state a claim for which relief may be granted. The Court declined to dismiss Lilly's remaining claims under Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington law at the Rule 12(b)(6) stage because Empower's state-law regulatory exemptions were affirmative defenses that could not be resolved on the pleadings at that procedural stage. The Court nevertheless recognized that if Empower pleaded those statutory exemptions as affirmative defenses, Lilly would be required to prove that the violations alleged in its Complaint could overcome those exemptions.

Page 2

Empower has now filed its Answer and asserted those statutory exemptions and moved for an order requiring Lilly to file a reply under Federal Rule of Civil Procedure 7(a)(7) ("Rule 7 motion"). Empower's Rule 7 motion explains that a reply is warranted because it would require Lilly to address Empower's regulatory exemptions under Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington law before imposing costly discovery burdens on Empower. Empower's motion relies on Rule 7(a)(7), which permits a court to order a reply to an answer, and on *Cunningham* and *Revive Rx*, which recognize that a Rule 7 reply can identify claims that likely will not survive summary judgment and should not be used to impose expensive discovery.

Lilly's remaining eight state-law claims depend on threshold legal and affirmative-defense issues that Empower has now placed squarely before the Court through its Rule 7 motion, and a court-ordered Rule 7 reply could materially narrow the proper scope of the discovery Lilly served on March 9, 2026. Proceeding with written discovery outside the scope of those remaining eight state-law claims would risk imposing disproportionate burdens on Empower before the Court determines whether Lilly must plead facts showing that its remaining claims can overcome Empower's pleaded statutory exemptions and other threshold defenses.

For these reasons, Empower requests that Lilly narrow its First Set of Interrogatories and First Set of Requests for Production served on March 9, 2026, to discovery proportional to and directly tied to the eight remaining state-law claims under Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington law. Empower further requests that Lilly contact us to schedule a meet-and-confer regarding discovery, including: 1) the dates proposed in your May 18th email regarding discovery responses and initial disclosures, 2) revising the scheduling order, and 3) the categories of information Lilly contends remain relevant to those claims and Empower's position that discovery should be stayed pending the Court's decision on Empower's Motion to Invoke Federal Rule of Civil Procedure 7 to Require a Reply and, if that motion is granted, pending Lilly's subsequent Rule 7 reply and the parties' assessment of the remaining claims and defenses in light of that reply.

Nothing in this letter waives any objection or position available to Empower under its pending Rule 7 motion, its prior stay motion and reply, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Texas, Judge Lake's procedures, privilege, work-product protection, confidentiality, relevance, proportionality, undue burden, overbreadth, or any other applicable ground. Empower expressly reserves all rights, including the right to supplement its objections and to seek appropriate relief under Rule 26(c) if necessary.

Sincerely,

Trent D. Stephens

cc:    Anthony Calamunci [Firm]

Page 3

Amy Butler [Firm]
Lisa Powell [Firm]
Chris Perque [Firm]
Geoff Gannaway - ggannaway@beckredden.com
David Beck - dbeck@beckredden.com
Karla Palmer - kpalmer@hpm.com
James Hurst - james.hurst@kirkland.com
Diana Watral - diana.watral@kirkland.com
Robin McCue - robin.mccue@kirkland.com
Ryan Moorman - ryan.moorman@kirkland.com
James Hileman - jhileman@kirkland.com
Nicholas Ruge - nicholas.ruge@kirkland.com
Joshua Simmons - joshua.simmons@kirkland.com
Jeanna Wacker - jeanna.wacker@kirkland.com
David Horowitz - dhorowitz@kirkland.com
Eugene Temchenko - eugene.temchenko@kirkland.com
James Lomeo - james.lomeo@kirkland.com
Alex Vakuata - alex.vakuata@kirkland.com