# EXHIBIT 2

# Fisher Broyles

**Trent D. Stephens**
**Partner**
2925 Richmond Ave., Ste. 1200
Houston, Texas 77098
Direct: (713) 425-3730
trent.stephens@fisherbroyles.com

May 28, 2026

*Via email: patrick.weeks@kirkland.com*
Mr. Patrick Weeks
Kirkland Ellis, LLP
333 West Wolf Plaza
Chicago, IL 60654

Re:     *Eli Lilly and Company v. Empower Clinic Services, LLC d/b/a Empower Pharmacy*,
        Civil Action No. 4:25-cv-03464, U.S. District Court, S.D. Texas, Houston Division

Dear Counsel:

We write in response to Mr. Weeks' email of May 26, 2026, in which Lilly demands that Empower "immediately" update its discovery responses and asserts that "nothing in the Federal Rules permit Empower to unilaterally insist that Lilly 'narrow' discovery requests before Empower responds." Lilly's position ignores the fundamental transformation this case underwent on April 29, 2026, when the Court dismissed Lilly's primary federal claim under the Lanham Act and its Texas state law claim, leaving only eight state unfair competition claims that themselves face threshold legal challenges. Lilly must narrow its discovery to conform to the surviving claims before Empower can be expected to bear the extraordinary cost and burden of responding to discovery that was designed for a case that no longer exists.

## I. The Court's April 29, 2026 Dismissal Renders Much of Lilly's Discovery Inappropriate

The Court's Memorandum Opinion and Order [ECF No. 80] dismissed Lilly's Lanham Act claims for failure to allege facts capable of establishing the proximate-cause requirement for statutory standing and dismissed Lilly's Texas common law claims for failure to state a claim for which relief may be granted. *See Eli Lilly & Co. v. Empower Clinic Servs., LLC*, 2026 U.S. Dist. LEXIS 93844 (S.D. Tex. Apr. 29, 2026). Lilly's First Set of Interrogatories (Nos. 1–15) and First Set of Requests for Production (Nos. 1–52), served on March 9, 2026, were drafted to encompass the full breadth of the original Complaint—including the now-dismissed Lanham Act false advertising claim and the Texas common law unfair competition claim. With those claims gone, much of the discovery Lilly served is no longer tied to any viable claim in this case. Interrogatories and requests directed at Lilly's theories of false advertising, consumer deception, proximate causation of lost sales, harm to brand or consumer goodwill, and the "personalized" advertising theory—all of which the Court found deficient—are plainly outside the scope of the surviving claims.

Page 2

The Federal Rules do not entitle a plaintiff to proceed with discovery untethered to its remaining causes of action. Rule 26(b)(1) limits discovery to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." When a court dismisses the primary claims that animated a plaintiff's discovery requests, the requesting party bears the obligation to ensure that its outstanding discovery conforms to the narrowed scope of the litigation. To hold otherwise would permit a plaintiff to impose discovery burdens designed for a Lanham Act case upon a defendant in what is now a more limited state-law dispute.

## II. The Volume and Cost of Responding to Unnarrowed Discovery Is Disproportionate

As set forth in Empower's Declaration filed in support of Empower's Motion for Protective Order [ECF No. 73, Ex. 5], the burden of responding to Lilly's discovery as currently framed is staggering. Specifically, the information identified through that date encompassed several terabytes of data comprising well in excess of one million documents—and that this volume represents only a fraction of the documentation Lilly's requests encompass. The isolation, compilation, review, and production of the information as requested by Lilly will cost well over $1,000,000. Many weeks of employee time have already been expended simply to preserve, isolate, source, and compile data, and the task is far from complete. If each document requires one minute to review for responsiveness, the review alone will require thousands of hours of review time—and as more information is compiled, the projected costs will only increase.

These costs were disproportionate when Lilly had a Lanham Act claim; they are unconscionable now that only eight state-law claims survive, each of which faces independent threshold defenses that may further narrow or eliminate the claims entirely. Rule 26(b)(1) requires that discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Proportionality is the "polestar" of discovery, and courts "must balance the marginal value of requested discovery to a particular case when weighed against its costs." *See Lopez v. State Farm Lloyds*, 348 F.R.D. 419 (W.D. Tex. 2025). Here, there can be no serious dispute that requiring Empower to expend millions of dollars responding to discovery tailored to dismissed claims—while threshold issues that may dispose of the surviving claims remain pending—is disproportionate to the needs of this case.

## III. Empower's Pending Rule 7 Motion May Further Narrow the Case

Empower's Motion to Invoke Federal Rule of Civil Procedure 7 to Require a Reply [ECF No. 82], filed May 13, 2026, asks this Court to follow the procedure endorsed by the Supreme Court in *Cunningham v. Cornell University*, 604 U.S. 693 (2025), and applied by Judge Rosenthal in *Eli Lilly and Co. v. Revive RX, LLC*, 812 F. Supp. 3d 708, 737 (S.D. Tex. 2025). As Judge Rosenthal explained, Rule 7 "empowers district courts to insist that plaintiffs file a reply addressing viable statutory exemptions, to identify claims that likely will not survive a future summary-judgment motion and should not entitle plaintiffs to impose on defendants the burden of costly discovery."

ATLANTA I AUSTIN I BOSTON I CHARLOTTE I CHICAGO I CINCINNATI I CLEVELAND I COLUMBUS I DALLAS I DENVER I DETROIT
HOUSTON I KANSAS CITY/OVERLAND PARK I LAS VEGAS I LONDON I LOS ANGELES I MEXICO CITY I MIAMI I MILWAUKEE I MONTERREY
NAPLES I NEW YORK I PALO ALTO I PHILADELPHIA I PRINCETON I SALT LAKE CITY I SEATTLE I WASHINGTON D.C. I WILMINGTON

Page 3

*Revive Rx*, 812 F. Supp. 3d at 737 (emphasis added). Justice Alito's concurrence in *Cunningham* further urged that "[d]istrict courts should strongly consider utilizing this option—and employing the other safeguards that the Court describes—to achieve 'the prompt disposition of insubstantial claims.'" *Cunningham*, 604 U.S. at 711 (Alito, J., concurring) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 597 (1998)).

If the Court grants Empower's Rule 7 motion and Lilly is required to file a reply addressing whether its remaining claims can overcome Empower's regulatory exemptions under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington, the proper scope of discovery may be narrowed further still—or potentially eliminated altogether. Proceeding with millions of dollars in discovery before this threshold issue is resolved would be the very harm that the Supreme Court in *Cunningham* and Judge Rosenthal in *Revive Rx* sought to prevent through the Rule 7 mechanism.

## IV. Federal Courts Routinely Require Narrowing of Discovery After Claims Are Dismissed

The principles underlying Empower's position are well established. Federal courts have broad discretion to limit, phase, or stay discovery to avoid unnecessary or unduly burdensome expenses, particularly when threshold legal issues may dispose of or materially narrow claims. Under 28 U.S.C. § 473, courts are encouraged to "identify and limit the volume of discovery available to avoid unnecessary or unduly burdensome or expensive discovery" and to "phase discovery into two or more stages." Rule 26(b)(2)(C) independently requires courts to limit discovery where the proposed discovery is "outside the scope permitted by Rule 26(b)(1)," is "unreasonably cumulative or duplicative," or where "the burden or expense of the proposed discovery outweighs its likely benefit."

Furthermore, a district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined," and a stay is proper where discovery could not affect resolution of a threshold motion. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Here, Empower's Rule 7 motion presents precisely such a preliminary question: whether Lilly's remaining claims can survive in light of Empower's pleaded statutory exemptions. If they cannot, the discovery Lilly demands will have been entirely unnecessary—and Empower will have been forced to incur millions of dollars for no purpose.

## V. Empower Will Be Forced to Seek Court Intervention

Unless Lilly will confer despite its initial refusal to do so to narrow its discovery in light of the Court's April 29, 2026 Order, Empower is left with no alternative but to seek judicial intervention. For example, if Lilly will not voluntarily conform its discovery to the surviving claims and the proportionality requirements of Rule 26(b)(1), Empower may be required to move for a protective order under Rule 26(c)(1), which authorizes the Court to protect a party from "annoyance, oppression, undue burden, or expense," including by "forbidding the disclosure or discovery," "specifying terms . . . for the disclosure or discovery," or "limiting the scope of disclosure or

Page 4

discovery to certain matters." It may be necessary for Empower to seek cost-shifting as a condition of any discovery that the Court permits, given the extraordinary burden and expense previously documented by Empower's Declaration, which exceeds $1,000,000.

Rule 26(c) provides that "[t]he party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery." Empower has made—and will continue to make—a compelling showing that the discovery Lilly seeks, in its current form, imposes grossly disproportionate burdens that far exceed any legitimate need tied to the surviving claims.

## VI. Empower's Position and Requested Relief

To be clear, Empower is not refusing to participate in discovery. Empower is requesting that Lilly do what the Federal Rules require: confer with Empower and serve discovery that is relevant to the claims that actually remain in this case and proportional to the needs of the case as it currently exists—not as Lilly originally filed it. Specifically, Empower requests:

1. Again, that Lilly make itself available for a meaningful meet-and-confer regarding: (a) the narrowed scope of discovery appropriate to the surviving claims, (b) a revised scheduling order reflecting the current posture of the case, (c) a protective order and ESI protocol, and (d) the timing and sequencing of discovery in light of the pending Rule 7 motion, and (e) exchange of initial disclosures.
2. Lilly narrow its First Set of Interrogatories and First Set of Requests for Production to discovery directly tied to and proportional to the eight remaining state-law claims under Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington law, withdrawing or modifying requests that pertain solely to the dismissed Lanham Act and Texas state law claims; and
3. The parties defer the commencement of substantive discovery pending the Court's ruling on Empower's Motion to Invoke Federal Rule of Civil Procedure 7 to Require a Reply [ECF No. 82], and, if that motion is granted, pending Lilly's subsequent Rule 7 reply and the parties' assessment of the remaining claims and defenses in light of that reply.

## VII. Proposed Six-Month Extension of Docket Control Order and Motion to Amend

Based on the Court's October 22, 2025 Docket Control Order, Empower proposes that each deadline be extended by six (6) months to reflect the narrowed case and anticipated Rule 7 proceedings. The proposed adjustments are set out below:

1. Motions to amend pleadings: June 5, 2026-proposed new date: December 5, 2026.
2. Motions to add new parties: June 5, 2026-proposed new date: December 5, 2026.
3. Affirmative expert reports: November 6, 2026-proposed new date: May 6, 2027.

ATLANTA I AUSTIN I BOSTON I CHARLOTTE I CHICAGO I CINCINNATI I CLEVELAND I COLUMBUS I DALLAS I DENVER I DETROIT
HOUSTON I KANSAS CITY/OVERLAND PARK I LAS VEGAS I LONDON I LOS ANGELES I MEXICO CITY I MIAMI I MILWAUKEE I MONTERREY
NAPLES I NEW YORK I PALO ALTO I PHILADELPHIA I PRINCETON I SALT LAKE CITY I SEATTLE I WASHINGTON D.C. I WILMINGTON

Page 5

4.    Defensive expert reports: December 4, 2026-proposed new date: June 4, 2027.
5.    Completion of discovery: January 22, 2027-proposed new date: July 22, 2027.
6.    Private mediation or settlement conf.: Feb. 5, 2027-proposed new date: August 5, 2027.
7.    Dispositive motions: March 5, 2027-proposed new date: September 5, 2027.
8.    All other pretrial motions, including motions in limine: May 28, 2027-proposed new date: Nov. 28, 2027.
9.    Joint pretrial order: May 28, 2027-proposed new date: November 28, 2027.
10.    Docket call: July 9, 2027 at 2:30 p.m.-proposed new date: January 10, 2028 at 2:30 p.m.

If Lilly agrees, we are prepared to submit a jointly proposed amended Docket Control Order with these revised dates. If Lilly does not agree, please accept this as notice that Empower intends to move under Fed. R. Civ. P. 16(b)(4) (and Rule 6(b) to the extent any deadline has lapsed) to amend the Docket Control Order to incorporate the six-month extensions above.

Nothing in this correspondence waives any objection or position available to Empower under its pending Rule 7 motion, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Texas, Judge Lake's procedures, privilege, work-product protection, confidentiality, relevance, proportionality, undue burden, overbreadth, or any other applicable ground. Empower expressly reserves all rights, including the right to supplement its objections and to seek appropriate relief under Rule 26(c) and cost-shifting if Lilly continues to refuse to narrow its discovery.

Sincerely,

Trent D. Stephens

cc:    Anthony Calamunci [Firm]
       Amy Butler [Firm]
       Lisa Powell [Firm]
       Chris Perque [Firm]
       Geoff Gannaway - ggannaway@beckredden.com
       David Beck - dbeck@beckredden.com
       Karla Palmer - kpalmer@hpm.com
       James Hurst - james.hurst@kirkland.com
       Diana Watral - diana.watral@kirkland.com
       Robin McCue - robin.mccue@kirkland.com
       Ryan Moorman - ryan.moorman@kirkland.com
       James Hileman - jhileman@kirkland.com
       Nicholas Ruge - nicholas.ruge@kirkland.com
       Joshua Simmons - joshua.simmons@kirkland.com
       Jeanna Wacker - jeanna.wacker@kirkland.com
       David Horowitz - dhorowitz@kirkland.com

Page 6

Eugene Temchenko - eugene.temchenko@kirkland.com
James Lomeo - james.lomeo@kirkland.com
Alex Vakuata - alex.vakuata@kirkland.com