# EXHIBIT 3

# Fisher Broyles

**Trent D. Stephens**
**Partner**
2925 Richmond Ave., Ste. 1200
Houston, Texas 77098
Direct: (713) 425-3730
trent.stephens@fisherbroyles.com

June 15, 2026

*Via email: patrick.weeks@kirkland.com*
Mr. Patrick Weeks
Kirkland Ellis, LLP
333 West Wolf Plaza
Chicago, IL 60654

Re:     *Eli Lilly and Company v. Empower Clinic Services, LLC d/b/a Empower Pharmacy*,
        Civil Action No. 4:25-cv-03464, U.S. District Court, S.D. Texas, Houston Division

Dear Counsel:

As a follow up to the parties conferral on June 4, 2026, following Plaintiff Eli Lilly and Company's ("Lilly") May 26 letter and Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower")'s response, we write on behalf of Empower to request that Lilly narrow its First Set of Requests for Production (Nos. 1–52) and First Set of Interrogatories (Nos. 1–15), served on March 9, 2026, in light of the Court's Memorandum Opinion and Order entered on April 29, 2026 (Dkt. No. 80) (the "Court's Order").

## I. SUMMARY OF THE COURT'S ORDER

As you are aware, the Court granted Empower's Motion to Dismiss in part, dismissing with finality Lilly's sole federal claim under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), for failure to allege facts capable of establishing the proximate cause requirement for statutory standing. The Court held that Lilly's Complaint "fails to allege facts that plausibly support an inference that Lilly has lost sales or suffered irreparable harm to its brand or consumer goodwill traceable to Empower's allegedly false advertising." The Court likewise dismissed Lilly's claims asserted under Texas common law, concluding that Texas courts likely would not allow a tort claim based on violations of the Texas Food, Drug, and Cosmetic Act.

Subject to the Empower's pending Motion to Invoke Rule 7 to Require a Reply, Lilly's only surviving claims are Lilly's state statutory unfair competition and deceptive practices claims under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington. These surviving claims are premised on Empower's alleged sale of unapproved new drugs in those eight states in violation of the respective state statutes incorporating federal new-drug approval requirements, and on allegedly deceptive marketing directed at consumers in those states. Critically, these claims do not implicate proof of Lilly's own lost sales, competitive

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT
HOUSTON | KANSAS CITY/OVERLAND PARK | LAS VEGAS | LONDON | LOS ANGELES | MEXICO CITY | MIAMI | MILWAUKEE | MONTERREY
NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON D.C. | WILMINGTON

Page 2

injury, or harm to Lilly's brand reputation — elements that the Court found Lilly failed to plead under the Lanham Act.

Accordingly, as we requested at the parties' June 4 conferral call, Lilly's discovery requests must be narrowed to conform to the scope of the surviving claims. Discovery directed at establishing Lanham Act elements — particularly proximate causation of Lilly's commercial injury, nationwide market impact, and the relationship between Empower's advertising and Lilly's lost sales — is no longer relevant to any claim or defense in this action. Furthermore, requests directed at conduct occurring in Texas (where the common law claim has been dismissed) or in states other than the eight surviving jurisdictions are disproportionate to the needs of the case.  To that end, subject to Empower's objections lodged in its objections and responses and any amended objections and responses, Empower provides this overview of the requesting narrowing of Lilly's interrogatories and requests for production in response to Lilly's steadfast refusal to withdraw and narrow its discovery requests.

## II. Requested Narrowing of Interrogatories

We recognizes that certain of Lilly's interrogatories address centralized corporate operations—such as supply chain, formulation decisions, and FDA interaction—that are not inherently state-specific.  Where we propose geographic narrowing below, we do so on the basis that the surviving claims require Lilly to prove conduct affecting the eight enumerated states, not nationwide conduct.  We request that Lilly narrow the following Interrogatories as described below:

**Interrogatory No. 1** (identification of every Supplier of any ingredient or component in Unapproved Tirzepatide Products): This interrogatory should be narrowed by adding "that is ultimately provided to a patient in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "Unapproved Tirzepatide product." Supplier information for products that are never dispensed in the surviving-claim states is irrelevant to the remaining claims.

**Interrogatory No. 2** (identification of every Distributor): This interrogatory should be narrowed by adding "that ultimately distributes Tirzepatide into Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "Identify every Distributor." Distributor information for non-surviving-claim states has no bearing on the remaining causes of action.

**Interrogatory No. 3** (identification of every Person involved in testing of tirzepatide API and Unapproved Tirzepatide Products): This interrogatory should be narrowed by adding "that is ultimately provided to a patient in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "Your Unapproved Tirzepatide Product."

**Interrogatory No. 4** (identification of every Person involved in the decision to begin or continue compounding Unapproved Tirzepatide Drugs): This interrogatory should be narrowed by adding

ATLANTA I AUSTIN I BOSTON I CHARLOTTE I CHICAGO I CINCINNATI I CLEVELAND I COLUMBUS I DALLAS I DENVER I DETROIT
HOUSTON I KANSAS CITY/OVERLAND PARK I LAS VEGAS I LONDON I LOS ANGELES I MEXICO CITY I MIAMI I MILWAUKEE I MONTERREY
NAPLES I NEW YORK I PALO ALTO I PHILADELPHIA I PRINCETON I SALT LAKE CITY I SEATTLE I WASHINGTON D.C. I WILMINGTON

Page 3

"in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "Unapproved Tirzepatide Drugs."

**Interrogatory No. 5** (factual and legal bases for contention that Unapproved Tirzepatide Products are authorized under state and federal law): This interrogatory should be narrowed by replacing "state and federal law" with "the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington and any applicable federal law." The Court dismissed the Texas common law claim and the Lanham Act claim, leaving only state statutory claims in the eight enumerated states.

**Interrogatory No. 6** (steps taken to secure registration or licensing in any state for Unapproved Tirzepatide Products): This interrogatory should be narrowed by replacing "in any state" with "in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington." Registration or licensing in states where no claims survive is irrelevant.

**Interrogatory No. 7** (steps taken to secure premarket regulatory approval by the FDA or any other regulatory body): This interrogatory should be narrowed by adding "that may be applicable in the states of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "any other regulatory body."

**Interrogatory No. 8** (description of all inspections of Empower's facilities): This interrogatory should be narrowed by adding "for or on behalf of the states of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "by any Person." Inspections conducted by or on behalf of other states are irrelevant to the surviving claims.

**Interrogatory No. 9** (identification of each formulation of Unapproved Tirzepatide Products sold, including variations, changes, and prescriptions filled): This interrogatory should be narrowed by adding "into Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "sold by You" and adding "in those states" at the end to limit the scope to prescriptions filled in those states.

**Interrogatory No. 10** (target market in the United States for Unapproved Tirzepatide Products, including geographic and demographic information): This interrogatory should be narrowed by replacing "in the United States for Your Unapproved Tirzepatide Products, including, but not limited to geographic and demographic information" with "in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington for Your Unapproved Tirzepatide Products." Nationwide market information has no bearing on the surviving state-specific claims.

**Interrogatory No. 11** (complete revenue and financial remuneration from sale of Unapproved Tirzepatide Products): This interrogatory should be narrowed by adding "into or within Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "sale of any Unapproved Tirzepatide Products" and adding "in those states" at the end. With the

Page 4

dismissal of the Lanham Act claim, Lilly is no longer required to prove — and thus is not entitled to discover — evidence of Empower's total nationwide revenue for the purpose of establishing competitive injury.

**Interrogatory No. 12** (instances of advertising Unapproved Tirzepatide Products as "personalized," "products for specific patients," etc.): This interrogatory should be narrowed by adding "where such advertising was directed or accessible in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "tailored to fit individual patients." Advertising directed at consumers in non-surviving-claim states is beyond the scope of the remaining claims.

**Interrogatory No. 13** (factual bases for advertising Unapproved Tirzepatide Products as "personalized"): This interrogatory should be narrowed by adding "where such advertising was directed or accessible in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after the advertising claims language and before "including whether Your personalization."

**Interrogatory No. 14** (instances of advertising Unapproved Tirzepatide Products as safe and effective treatments): This interrogatory should be narrowed by adding "where such advertising was directed or accessible in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after the advertising claims language.

**Interrogatory No. 15** (factual bases for advertising compliance with regulatory requirements): This interrogatory should be narrowed by adding "in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and/or Washington" after "Advertising compliance with regulatory requirements."

### III. Requested Narrowing of Requests for Production

We request that Lilly narrow the following Requests for Production as described below. Where a request is not addressed, no narrowing is sought at this time pursuant to the Court's Order.

**Request for Production No. 1** (organizational charts showing officers, directors, employees, and reporting structure from 2021 to present): No narrowing requested at this time pursuant to the Court's Order.

**Request for Production No. 2** (operating agreements or other corporate documents governing formation and organization): No narrowing requested at this time pursuant to the Court's Order.

**Request for Production No. 3** (draft and final documents concerning testing of purity, potency, endotoxin concentration, and sterility of Unapproved Tirzepatide Products): This request should be narrowed by adding "where such Unapproved Tirzepatide

Page 5

Product was dispensed into Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" at the end. Testing documents for products that were never dispensed in any of the surviving-claim states have no bearing on the remaining claims.

**Request for Production No. 4** (documents showing members, owners, partners, investors, or other persons having a financial interest): No narrowing requested at this time pursuant to the Court's Order.

**Request for Production No. 5** (documents identifying each Distributor): This request should be narrowed by adding "in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "Customers." Distributor information for states in which no claims survive is irrelevant.

**Request for Production No. 6** (documents identifying outsourcing facilities from which Unapproved Tirzepatide Products were procured): This request should be narrowed by adding "for Customers in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" at the end.

**Request for Production No. 7** (documents identifying each Supplier of raw materials, ingredients, API, or other products): This request should be narrowed by adding "in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "Your Customers."

**Request for Production No. 8** (sales, profits, revenue, and expenses associated with Unapproved Tirzepatide Products): This request should be narrowed by adding "into or within Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "Unapproved Tirzepatide Product." Nationwide financial data is no longer relevant with the dismissal of the Lanham Act claim, which was the only claim requiring proof of competitive harm to Lilly.

**Request for Production No. 9** (prescriptions, orders, or prescription orders for Unapproved Tirzepatide Products): This request should be narrowed by adding "to Customers in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" at the end. Nationwide prescription data is not proportional to the surviving state-law claims.

**Request for Production No. 10** (geographic areas in which Unapproved Tirzepatide Products have been sold): This request should be replaced with: "Documents sufficient to show the time period for which Your Unapproved Tirzepatide Products have been sold in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington." Information about sales in other states is irrelevant to the surviving claims.

**Request for Production No. 11** (detailed sales and distribution information for each sale of Unapproved Tirzepatide Products): This request should be narrowed to limit scope to sales and

Page 6

distribution "in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington." Detailed transactional data for every sale nationwide — including prescriber names, recipient addresses, and pharmacist identifiers — vastly exceeds the scope of the surviving claims.

**Request for Production No. 12** (market size, business opportunity, analyses of impact on Lilly's sales or market share, or reflecting competition with Lilly's Medicines): This request should be narrowed by adding "in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "Unapproved Tirzepatide Products" and adding "in those states" after "Lilly's sales or market share" and "Lilly Medicines." The Court dismissed the Lanham Act claim precisely because Lilly failed to establish that Empower's advertising proximately caused Lilly lost sales or competitive injury. Documents reflecting the nationwide "impact of [Empower's] business on Lilly's sales or market share, or reflecting competition with Lilly Medicines" are relevant, if at all, only to the extent they pertain to the eight surviving-claim states.

**Request for Production No. 13** (minutes, resolutions, and meeting materials discussing Lilly's Medicines, Unapproved Tirzepatide Products, manufacturing, and regulatory compliance): This request should be narrowed by adding "in relation to Your Unapproved Tirzepatide Products dispensed in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" at the end. Board-level discussions unrelated to operations in the surviving-claim states are beyond the scope of the remaining claims.

**Request for Production No. 14** (marketing and promotional materials concerning Unapproved Tirzepatide Products): This request should be narrowed to advertising and promotional materials that were specifically targeted at or designed to reach consumers in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington. Empower recognizes that its website and certain social media platforms are technically accessible nationwide. However, the surviving claims are premised on deceptive marketing "directed at consumers in those states," and discovery must be proportional to those claims. To the extent that Lilly's claims are based on general website content accessible to consumers in the surviving-claim states, Empower does not object to producing such content, but objects to the production of advertising materials that were geo-targeted to, or placed in media specific to, non-surviving-claim states. Where Analytics Information can be filtered by geographic location, Empower will produce analytics data for the eight surviving-claim states only.

**Request for Production No. 15** (webpages relating to Unapproved Tirzepatide Products on Empower's website and social media): This request should be narrowed to advertising and promotional materials that were specifically targeted at or designed to reach consumers in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington. Empower recognizes that its website and certain social media platforms are technically accessible nationwide. However, the surviving claims are premised on deceptive marketing "directed at consumers in those states," and discovery must be proportional to those claims. To the extent that Lilly's claims are based on general website content accessible to consumers in the surviving-claim

Page 7

states, Empower does not object to producing such content, but objects to the production of advertising materials that were geo-targeted to, or placed in media specific to, non-surviving-claim states. Where Analytics Information can be filtered by geographic location, Empower will produce analytics data for the eight surviving-claim states only..

**Request for Production No. 16** (documents and communications relating to evaluation of safety, effectiveness, or cost of Unapproved Tirzepatide Products): This request should be narrowed by adding "in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" at the end.

**Request for Production No. 17** (documents provided to physicians, nurses, or other individuals with authority to administer or prescribe Unapproved Tirzepatide Products): This request should be narrowed by adding "in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "other individuals."

**Request for Production No. 18** (documents relating to statements by Empower to Customers or by Customers to Empower about the source, quality, safety, or effectiveness of Unapproved Tirzepatide Products): This request should be narrowed by replacing "Customers" (both instances) with "Customers in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington."

**Request for Production No. 19** (Certificates of Analysis for Unapproved Tirzepatide Products): No narrowing requested.

**Request for Production No. 20** (Certificates of Analysis for API used in Unapproved Tirzepatide Products): No narrowing requested at this time pursuant to the Court's Order.

**Request for Production No. 21** (draft and final documents concerning any study into bioavailability, efficacy, or safety of the Unapproved Tirzepatide Product): No narrowing requested.

**Request for Production No. 22** (documents showing testing conducted on Unapproved Tirzepatide Products, including clinical trials and studies): This request should be narrowed by adding "that were used by Customers in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "Unapproved Tirzepatide Products."

**Request for Production No. 23** (documents and communications relating to any recall of Unapproved Tirzepatide Products): This request should be narrowed by adding "in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" at the end.

**Request for Production No. 24** (documents and communications relating to FDA inspections resulting in observations, Form 483s, warning letters, or other negative findings): This request should be narrowed in two respects. *First*, the phrase "or violations of state or federal law" should

Page 8

be replaced with "or violations of the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington as incorporated by those states' statutes. *Second*, the request should be limited to inspections that relate to Empower's tirzepatide compounding operations or that are referenced in Empower's advertising about regulatory compliance. Inspection findings relating to entirely separate product lines or facilities with no nexus to the products or advertising at issue in the surviving-claim states are not proportional to the needs of the case. Inspection findings relating to violations of the laws of other states are beyond the scope of the surviving claims.

**Request for Production No. 25** (documents and communications relating to the August 2018 consent decree with the Oklahoma Board of Pharmacy): This request should be withdrawn in its entirety. Regulatory actions taken by states in which no claims survive—and which involve conduct unrelated to tirzepatide products dispensed in the eight surviving-claim states—are not relevant to any claim or defense in this action. The surviving claims are premised on (1) the sale of unapproved new drugs in the eight enumerated states, and (2) deceptive marketing directed at consumers in those states. The additional state-specific regulatory actions in non-surviving jurisdictions are cumulative, disproportionate, and should be withdrawn.

**Request for Production No. 26** (documents and communications relating to the July 2019 consent decree with the Idaho Board of Pharmacy): This request should be withdrawn in its entirety. Idaho is not among the surviving-claim states, and this regulatory action has no bearing on the remaining claims. Regulatory actions taken by states in which no claims survive—and which involve conduct unrelated to tirzepatide products dispensed in the eight surviving-claim states—are not relevant to any claim or defense in this action. The surviving claims are premised on (1) the sale of unapproved new drugs in the eight enumerated states, and (2) deceptive marketing directed at consumers in those states. The additional state-specific regulatory actions in non-surviving jurisdictions are cumulative, disproportionate, and should be withdrawn.

**Request for Production No. 27** (documents and communications relating to the September 2021 letter of admonishment from the Colorado Department of Regulatory Agencies): No narrowing requested. Colorado is among the surviving-claim states.

**Request for Production No. 28** (documents and communications relating to the May 2021 Iowa Board of Pharmacy order): This request should be withdrawn in its entirety. Iowa is not among the surviving-claim states. Regulatory actions taken by states in which no claims survive—and which involve conduct unrelated to tirzepatide products dispensed in the eight surviving-claim states— are not relevant to any claim or defense in this action. The surviving claims are premised on (1) the sale of unapproved new drugs in the eight enumerated states, and (2) deceptive marketing directed at consumers in those states. The additional state-specific regulatory actions in non-surviving jurisdictions are cumulative, disproportionate, and should be withdrawn.

**Request for Production No. 29** (documents and communications relating to the January 2023 California Board of Pharmacy stipulated order): This request should be withdrawn in its entirety.

Page 9

California is not among the surviving-claim states.  Regulatory actions taken by states in which no claims survive—and which involve conduct unrelated to tirzepatide products dispensed in the eight surviving-claim states—are not relevant to any claim or defense in this action.  The surviving claims are premised on (1) the sale of unapproved new drugs in the eight enumerated states, and (2) deceptive marketing directed at consumers in those states.  The additional state-specific regulatory actions in non-surviving jurisdictions are cumulative, disproportionate, and should be withdrawn.

**Request for Production No. 30** (documents and communications relating to the November 2024 Florida Board of Pharmacy settlement agreement): This request should be withdrawn in its entirety. Florida is not among the surviving-claim states.  Regulatory actions taken by states in which no claims survive—and which involve conduct unrelated to tirzepatide products dispensed in the eight surviving-claim states—are not relevant to any claim or defense in this action.  The surviving claims are premised on (1) the sale of unapproved new drugs in the eight enumerated states, and (2) deceptive marketing directed at consumers in those states.  The additional state-specific regulatory actions in non-surviving jurisdictions are cumulative, disproportionate, and should be withdrawn.

**Request for Production No. 31** (documents and communications relating to the August 2023 Florida Board of Pharmacy settlement agreement): This request should be withdrawn in its entirety. Florida is not among the surviving-claim states.  Regulatory actions taken by states in which no claims survive—and which involve conduct unrelated to tirzepatide products dispensed in the eight surviving-claim states—are not relevant to any claim or defense in this action.  The surviving claims are premised on (1) the sale of unapproved new drugs in the eight enumerated states, and (2) deceptive marketing directed at consumers in those states.  The additional state-specific regulatory actions in non-surviving jurisdictions are cumulative, disproportionate, and should be withdrawn.

**Request for Production No. 32** (documents and communications relating to the January 2024 Pennsylvania Board of Pharmacy settlement agreement): This request should be withdrawn in its entirety. Pennsylvania is not among the surviving-claim states.  Regulatory actions taken by states in which no claims survive—and which involve conduct unrelated to tirzepatide products dispensed in the eight surviving-claim states—are not relevant to any claim or defense in this action.  The surviving claims are premised on (1) the sale of unapproved new drugs in the eight enumerated states, and (2) deceptive marketing directed at consumers in those states.  The additional state-specific regulatory actions in non-surviving jurisdictions are cumulative, disproportionate, and should be withdrawn.

**Request for Production No. 33** (documents and communications relating to Iowa Board of Pharmacy inspection, emergency order, and settlement agreement): This request should be withdrawn in its entirety. Iowa is not among the surviving-claim states. Regulatory actions taken by states in which no claims survive—and which involve conduct unrelated to tirzepatide products dispensed in the eight surviving-claim states—are not relevant to any claim or defense in this

Page 10

action.  The surviving claims are premised on (1) the sale of unapproved new drugs in the eight enumerated states, and (2) deceptive marketing directed at consumers in those states.  The additional state-specific regulatory actions in non-surviving jurisdictions are cumulative, disproportionate, and should be withdrawn.

**Request for Production No. 34** (documents and communications relating to the September 2024 Virginia Board of Pharmacy consent decree): This request should be withdrawn in its entirety.  Virginia is not among the surviving-claim states.  Regulatory actions taken by states in which no claims survive—and which involve conduct unrelated to tirzepatide products dispensed in the eight surviving-claim states—are not relevant to any claim or defense in this action.  The surviving claims are premised on (1) the sale of unapproved new drugs in the eight enumerated states, and (2) deceptive marketing directed at consumers in those states.  The additional state-specific regulatory actions in non-surviving jurisdictions are cumulative, disproportionate, and should be withdrawn.

**Request for Production No. 35** (documents and communications relating to the February 2025 Virginia Board of Pharmacy order): This request should be withdrawn in its entirety. Virginia is not among the surviving-claim states.  Regulatory actions taken by states in which no claims survive—and which involve conduct unrelated to tirzepatide products dispensed in the eight surviving-claim states—are not relevant to any claim or defense in this action.  The surviving claims are premised on (1) the sale of unapproved new drugs in the eight enumerated states, and (2) deceptive marketing directed at consumers in those states.  The additional state-specific regulatory actions in non-surviving jurisdictions are cumulative, disproportionate, and should be withdrawn.

**Request for Production No. 36** (documents and communications relating to the November 2025 California Board of Pharmacy accusation and petition to revoke probation): This request should be withdrawn in its entirety. California is not among the surviving-claim states.  Regulatory actions taken by states in which no claims survive—and which involve conduct unrelated to tirzepatide products dispensed in the eight surviving-claim states—are not relevant to any claim or defense in this action.  The surviving claims are premised on (1) the sale of unapproved new drugs in the eight enumerated states, and (2) deceptive marketing directed at consumers in those states.  The additional state-specific regulatory actions in non-surviving jurisdictions are cumulative, disproportionate, and should be withdrawn.

**Request for Production No. 37** (documents showing licensing and registration in each state): This request should be narrowed by replacing "in each state" with "in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" and adding "in those states" after references to communications with governmental agencies, boards, or commissions. Licensing and registration in states where no claims survive is irrelevant.

**Request for Production No. 38** (compliance manuals and guidance documents relating to federal, state, or local laws or regulations concerning drug safety and licensing): This request should be

Page 11

narrowed by replacing "any federal, state, or local laws or regulations" with "any federal, state laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington, or local laws or regulations in those states."

**Request for Production No. 39** (pricing methodologies, margin analyses, cost-of-goods calculations, and financial models): This request should be narrowed by adding "in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "Customers." Nationwide pricing and financial modeling data is not proportional to the surviving claims.

**Request for Production No. 40** (documents showing each formulation of Unapproved Tirzepatide Products, including additives and differences from Lilly's Medicines): No narrowing requested.

**Request for Production No. 41** (documents showing every change in additives in Unapproved Tirzepatide Products dispensed to Customers): This request should be narrowed by adding "in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" after "Your Customers" (both instances) and adding "in those states" at the end.

**Request for Production No. 42** (documents relating to actual or possible confusion about affiliation between Lilly and Empower): This request should be withdrawn in its entirety. Consumer confusion regarding affiliation between Lilly and Empower is an element relevant only to Lilly's dismissed Lanham Act false advertising claim. The surviving state-law claims are premised on the sale of unapproved new drugs and deceptive marketing — not consumer confusion about the source or affiliation of the products.

**Request for Production No. 43** (monthly advertising expenditures for Unapproved Tirzepatide Products in the United States): This request should be narrowed by replacing "in the United States" with "directed at or accessible in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington." Nationwide advertising expenditure data is not proportional to the surviving state-specific claims.

**Request for Production No. 44** (analytics information for Empower's website, social media, and online platforms): This request should be narrowed by adding "to the extent such Analytics Information can be filtered to visitors from Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington" at the end. Nationwide analytics data vastly exceeds the scope of the surviving claims.

**Request for Production No. 45** (development of promotional materials and advertisements making "personalized" claims): This request should be narrowed to advertising and promotional materials that were specifically targeted at or designed to reach consumers in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington. Empower recognizes that its website and certain social media platforms are technically accessible nationwide. However, the surviving claims are premised on deceptive marketing "directed at

Page 12

consumers in those states," and discovery must be proportional to those claims.  To the extent that Lilly's claims are based on general website content accessible to consumers in the surviving-claim states, Empower does not object to producing such content, but objects to the production of advertising materials that were geo-targeted to, or placed in media specific to, non-surviving-claim states.  Where Analytics Information can be filtered by geographic location, Empower will produce analytics data for the eight surviving-claim states only.

**Request for Production No. 46** (development of promotional materials and advertisements making safety and efficacy claims): This request should be narrowed to advertising and promotional materials that were specifically targeted at or designed to reach consumers in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington. Empower recognizes that its website and certain social media platforms are technically accessible nationwide. However, the surviving claims are premised on deceptive marketing "directed at consumers in those states," and discovery must be proportional to those claims.  To the extent that Lilly's claims are based on general website content accessible to consumers in the surviving-claim states, Empower does not object to producing such content, but objects to the production of advertising materials that were geo-targeted to, or placed in media specific to, non-surviving-claim states.  Where Analytics Information can be filtered by geographic location, Empower will produce analytics data for the eight surviving-claim states only.

**Request for Production No. 47** (development of promotional materials and advertisements making regulatory compliance claims): This request should be narrowed to advertising and promotional materials that were specifically targeted at or designed to reach consumers in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington. Empower recognizes that its website and certain social media platforms are technically accessible nationwide. However, the surviving claims are premised on deceptive marketing "directed at consumers in those states," and discovery must be proportional to those claims.  To the extent that Lilly's claims are based on general website content accessible to consumers in the surviving-claim states, Empower does not object to producing such content, but objects to the production of advertising materials that were geo-targeted to, or placed in media specific to, non-surviving-claim states.  Where Analytics Information can be filtered by geographic location, Empower will produce analytics data for the eight surviving-claim states only.

**Request for Production No. 48** (persons involved in developing website, promotional materials, and advertisements): This request should be narrowed to advertising and promotional materials that were specifically targeted at or designed to reach consumers in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington. Empower recognizes that its website and certain social media platforms are technically accessible nationwide. However, the surviving claims are premised on deceptive marketing "directed at consumers in those states," and discovery must be proportional to those claims.  To the extent that Lilly's claims are based on general website content accessible to consumers in the surviving-claim states, Empower does not object to producing such content, but objects to the production of advertising materials that were geo-targeted to, or placed in media specific to, non-surviving-claim states.  Where Analytics

Page 13

Information can be filtered by geographic location, Empower will produce analytics data for the eight surviving-claim states only.

**Request for Production No. 49** (documents concerning advertising claims that Unapproved Tirzepatide Products are "personalized"): This request should be narrowed to advertising and promotional materials that were specifically targeted at or designed to reach consumers in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington. Empower recognizes that its website and certain social media platforms are technically accessible nationwide. However, the surviving claims are premised on deceptive marketing "directed at consumers in those states," and discovery must be proportional to those claims. To the extent that Lilly's claims are based on general website content accessible to consumers in the surviving-claim states, Empower does not object to producing such content, but objects to the production of advertising materials that were geo-targeted to, or placed in media specific to, non-surviving-claim states. Where Analytics Information can be filtered by geographic location, Empower will produce analytics data for the eight surviving-claim states only.

**Request for Production No. 50** (documents concerning advertising claims that Unapproved Tirzepatide Products are safe and effective): This request should be narrowed to advertising and promotional materials that were specifically targeted at or designed to reach consumers in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington. Empower recognizes that its website and certain social media platforms are technically accessible nationwide. However, the surviving claims are premised on deceptive marketing "directed at consumers in those states," and discovery must be proportional to those claims. To the extent that Lilly's claims are based on general website content accessible to consumers in the surviving-claim states, Empower does not object to producing such content, but objects to the production of advertising materials that were geo-targeted to, or placed in media specific to, non-surviving-claim states. Where Analytics Information can be filtered by geographic location, Empower will produce analytics data for the eight surviving-claim states only.

**Request for Production No. 51** (documents concerning advertising claims of regulatory compliance): This request should be narrowed to advertising and promotional materials that were specifically targeted at or designed to reach consumers in Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, or Washington. Empower recognizes that its website and certain social media platforms are technically accessible nationwide. However, the surviving claims are premised on deceptive marketing "directed at consumers in those states," and discovery must be proportional to those claims. To the extent that Lilly's claims are based on general website content accessible to consumers in the surviving-claim states, Empower does not object to producing such content, but objects to the production of advertising materials that were geo-targeted to, or placed in media specific to, non-surviving-claim states. Where Analytics Information can be filtered by geographic location, Empower will produce analytics data for the eight surviving-claim states only.

Page 14

**Request for Production No. 52** (documents referenced or discussed in responses to Lilly's Interrogatories): No narrowing requested.

## IV. Conclusion

Empower respectfully requests that Lilly agree to the narrowing described above within fourteen (14) days of this letter. The Court's Order fundamentally altered the scope of this litigation by eliminating the only federal claim and the Texas common law claim, leaving only state statutory claims in eight specific jurisdictions. Discovery must be proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1), and the requests identified above, in their current form, seek information that is neither relevant to the remaining claims nor proportional to the needs of the case as it now stands. Lilly must narrow its discovery to conform to the surviving claims before Empower can be expected to bear the extraordinary cost and burden of responding to discovery that was designed for a case that no longer exists.

Moreover, as you may recall from our meet and confer, given the extraordinary scope of Lilly's discovery requests, cost-shifting is appropriate in this case, especially where Lilly's discovery imposes an undue burden or expense that is disproportionate to the needs of the case. Courts apply the proportionality factors set forth in Federal Rules of Civil Procedure 26(b)(2)(B) and 26(b)(2)(C), weighing the importance of the issues, the amount in controversy, and the parties' resources against the burden imposed. Given the very broad current requests, we believe the court may impose cost-shifting, narrowing the scope of discovery, or requiring production in phases. To that end, Empower is seeking to narrow the scope of Lilly's requests prior to seeking its request for cost-shifting.

If Lilly declines to narrow its discovery requests voluntarily, Empower reserves its right to seek appropriate relief from the Court, including a motion for protective order and motion for cost-shifting. We are available to meet and confer at your convenience to discuss this matter further.

Sincerely,

Trent D. Stephens

cc:     Anthony Calamunci [Firm]
        Amy Butler [Firm]
        Lisa Powell [Firm]
        Chris Perque [Firm]
        Geoff Gannaway - ggannaway@beckredden.com
        David Beck - dbeck@beckredden.com
        Karla Palmer - kpalmer@hpm.com
        James Hurst - james.hurst@kirkland.com
        Diana Watral - diana.watral@kirkland.com

Page 15

Robin McCue - robin.mccue@kirkland.com
Ryan Moorman - ryan.moorman@kirkland.com
James Hileman - jhileman@kirkland.com
Nicholas Ruge - nicholas.ruge@kirkland.com
Joshua Simmons - joshua.simmons@kirkland.com
Jeanna Wacker - jeanna.wacker@kirkland.com
David Horowitz - dhorowitz@kirkland.com
Eugene Temchenko - eugene.temchenko@kirkland.com
James Lomeo - james.lomeo@kirkland.com
Alex Vakuata - alex.vakuata@kirkland.com