# EXHIBIT 4

**Subject:**   RE: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464
**Date:**      Monday, June 15, 2026 at 11:27:22 PM Central Daylight Time
**From:**      Weeks, Patrick
**To:**        Trent Stephens
**CC:**        Anthony Calamunci, Amy L. Butler, Lisa Powell, Chris Perque, Geoff Gannaway, dbeck@beckredden.com, kpalmer@hpm.com, Hurst, James F., Watral, Diana M., McCue, Robin, Moorman, Ryan, Hileman, James R.P., Ruge, Nicholas, Simmons, Joshua L., Wacker, Jeanna, Horowitz, David I., Temchenko, Eugene, Lomeo, James John, Vakauta, Alex Dawn, Haney, Landen T.
**Attachments:** 2026-06-15 Lilly's Rule 26(a)(1)(A) Initial Disclosures to Empower.pdf

Counsel – Please see attached for Lilly's Rule 26(a)(1)(A) Initial Disclosures.

Thanks,

**Patrick Weeks**

————————————————————

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3755
**M** +1 312 825 2777

————————————————————

patrick.weeks@kirkland.com

———————————————————————————————————————————

**From:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Sent:** Monday, June 15, 2026 9:30 PM
**To:** Weeks, Patrick <patrick.weeks@kirkland.com>
**Cc:** Anthony Calamunci <anthony.calamunci@FisherBroyles.com>; Amy L. Butler <amy.butler@FisherBroyles.com>; Lisa Powell <Lisa.Powell@fisherbroyles.com>; Chris Perque <Chris.Perque@fisherbroyles.com>; Geoff Gannaway <ggannaway@beckredden.com>; dbeck@beckredden.com; kpalmer@hpm.com; Hurst, James F. <james.hurst@kirkland.com>; Watral, Diana M. <diana.watral@kirkland.com>; McCue, Robin <rmccue@kirkland.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Hileman, James R.P. <jhileman@kirkland.com>; Ruge, Nicholas <nicholas.ruge@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Wacker, Jeanna <jeanna.wacker@kirkland.com>; Horowitz, David I. <dhorowitz@kirkland.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Lomeo, James John <james.lomeo@kirkland.com>; Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>; Haney, Landen T. <landen.haney@kirkland.com>
**Subject:** Re: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464

Hi Patrick,

As discussed, please see attached:

1. Empower's third conferral letter regarding Lilly's First Set of Interrogatories and Requests for Production;
2. Empower's Initial Disclosures; and
3. Empower's First Amended Objections and Responses to Lilly's First Set of Interrogatories and Requests for Production.

1 of 21

We anticipate circulating comments regarding the ESI protocol and protective order within the next day or two.

Should you have any questions, please contact us.  Thank you.

**Trent D. Stephens, Partner**
**FisherBroyles, LLP** |Direct: 713.425.3730
trent.stephens@fisherbroyles.com **|** fisherbroyles.com

---

**From:** Weeks, Patrick <patrick.weeks@kirkland.com>
**Date:** Friday, June 5, 2026 at 2:04 PM
**To:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Cc:** Anthony Calamunci <anthony.calamunci@FisherBroyles.com>, Amy L. Butler <amy.butler@FisherBroyles.com>, Lisa Powell <Lisa.Powell@fisherbroyles.com>, Chris Perque <Chris.Perque@fisherbroyles.com>, Geoff Gannaway <ggannaway@beckredden.com>, dbeck@beckredden.com <dbeck@beckredden.com>, kpalmer@hpm.com <kpalmer@hpm.com>, Hurst, James F. <james.hurst@kirkland.com>, Watral, Diana M. <diana.watral@kirkland.com>, McCue, Robin <rmccue@kirkland.com>, Moorman, Ryan <ryan.moorman@kirkland.com>, Hileman, James R.P. <jhileman@kirkland.com>, Ruge, Nicholas <nicholas.ruge@kirkland.com>, Simmons, Joshua L. <joshua.simmons@kirkland.com>, Wacker, Jeanna <jeanna.wacker@kirkland.com>, Horowitz, David I. <dhorowitz@kirkland.com>, Temchenko, Eugene <eugene.temchenko@kirkland.com>, Lomeo, James John <james.lomeo@kirkland.com>, Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>, Haney, Landen T. <landen.haney@kirkland.com>
**Subject:** RE: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464

Trent – Thanks for the discussion yesterday.  As discussed, please find attached Lilly's proposed draft ESI protocol and Protective Order.  We'll look for any feedback by June 15, 2026, and in addition, both parties will send their Rule 26 initial disclosures the same day.  We will also get back to you shortly on proposed revisions to the Docket Control Order schedule.

Separately, as further agreed yesterday, we look forward to receiving Empower's updated written responses and objections to Lilly's initial Requests for Production and Interrogatories that provide substantive responses required by the Federal Rules or else state objections tailored to individual requests so we can resolve them.

Thanks,

## Patrick Weeks

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3755

**M** +1 312 825 2777

patrick.weeks@kirkland.com

---

**From:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Sent:** Wednesday, June 3, 2026 4:40 PM
**To:** Weeks, Patrick <patrick.weeks@kirkland.com>
**Cc:** Anthony Calamunci <anthony.calamunci@FisherBroyles.com>; Amy L. Butler <amy.butler@FisherBroyles.com>; Lisa Powell <Lisa.Powell@fisherbroyles.com>; Chris Perque <Chris.Perque@fisherbroyles.com>; Geoff Gannaway <ggannaway@beckredden.com>; dbeck@beckredden.com; kpalmer@hpm.com; Hurst, James F. <james.hurst@kirkland.com>; Watral, Diana M. <diana.watral@kirkland.com>; McCue, Robin <rmccue@kirkland.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Hileman, James R.P. <jhileman@kirkland.com>; Ruge, Nicholas <nicholas.ruge@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Wacker, Jeanna <jeanna.wacker@kirkland.com>; Horowitz, David I. <dhorowitz@kirkland.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Lomeo, James John <james.lomeo@kirkland.com>; Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>
**Subject:** Re: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464

Patrick,

While parties may stipulate to extend deadlines under Rule 29, such stipulations require court approval if they interfere with deadlines set in the scheduling order, including those for amending pleadings or adding parties and Rule 16(b) governs such modifications.

We will proceed with filing a motion noting in the certificate of conference that Lilly is agreed to extending deadlines for the motion to amend pleadings and motion to add parties but is opposed to extending the deadline for Empower's deadline to amend as of right.

**Trent D. Stephens, Partner**
**FisherBroyles, LLP** |Direct: 713.425.3730
trent.stephens@fisherbroyles.com **|** fisherbroyles.com

---

**From:** Weeks, Patrick <patrick.weeks@kirkland.com>
**Date:** Wednesday, June 3, 2026 at 2:47 PM
**To:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Cc:** Anthony Calamunci <anthony.calamunci@FisherBroyles.com>, Amy L. Butler <amy.butler@FisherBroyles.com>, Lisa Powell <Lisa.Powell@fisherbroyles.com>, Chris Perque <Chris.Perque@fisherbroyles.com>, Geoff Gannaway <ggannaway@beckredden.com>, dbeck@beckredden.com <dbeck@beckredden.com>, kpalmer@hpm.com <kpalmer@hpm.com>, Hurst, James F. <james.hurst@kirkland.com>, Watral, Diana M. <diana.watral@kirkland.com>, McCue, Robin <rmccue@kirkland.com>, Moorman, Ryan <ryan.moorman@kirkland.com>, Hileman, James R.P. <jhileman@kirkland.com>, Ruge, Nicholas <nicholas.ruge@kirkland.com>, Simmons, Joshua L. <joshua.simmons@kirkland.com>, Wacker, Jeanna

3 of 21

<jeanna.wacker@kirkland.com>, Horowitz, David I. <dhorowitz@kirkland.com>,
Temchenko, Eugene <eugene.temchenko@kirkland.com>, Lomeo, James John
<james.lomeo@kirkland.com>, Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>
**Subject:** RE: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No.
4:25-cv-03464

Trent – We agreed yesterday to extend the two June 5, 2026 deadlines under the Docket Control Order
(Dkt. 44) to June 15, 2026.  We think it is more efficient to agree to that temporary extension between
the parties and then ask the Court to amend the deadlines in a single motion after we've met and
conferred and agreed dates for all of them. Since we already have agreement on those two, we don't
think submitting a piecemeal motion is necessary or helpful to the Court when the parties will likely
propose further adjustments to all deadlines in a subsequent motion.

Your email today and yesterday afternoon also included a reference to Empower's "deadline to amend as
of right," which is separate from the two June 5 deadlines in the Docket Control Order.  We assume you
are referring to the deadline set forth by Federal Rule of Civil Procedure 15(a)(1)(A).  To be clear, my
response yesterday did not agree to extend Empower's separate 21-day deadline for amending as a
matter of right under Rule 15, and we don't agree to that extension here.

## Patrick Weeks

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3755
**M** +1 312 825 2777

patrick.weeks@kirkland.com

**From:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Sent:** Wednesday, June 3, 2026 1:37 PM
**To:** Weeks, Patrick <patrick.weeks@kirkland.com>
**Cc:** Anthony Calamunci <anthony.calamunci@FisherBroyles.com>; Amy L. Butler
<amy.butler@FisherBroyles.com>; Lisa Powell <Lisa.Powell@fisherbroyles.com>; Chris Perque
<Chris.Perque@fisherbroyles.com>; Geoff Gannaway <ggannaway@beckredden.com>;
dbeck@beckredden.com; kpalmer@hpm.com; Hurst, James F. <james.hurst@kirkland.com>; Watral,
Diana M. <diana.watral@kirkland.com>; McCue, Robin <rmccue@kirkland.com>; Moorman, Ryan
<ryan.moorman@kirkland.com>; Hileman, James R.P. <jhileman@kirkland.com>; Ruge, Nicholas
<nicholas.ruge@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Wacker, Jeanna
<jeanna.wacker@kirkland.com>; Horowitz, David I. <dhorowitz@kirkland.com>; Temchenko, Eugene
<eugene.temchenko@kirkland.com>; Lomeo, James John <james.lomeo@kirkland.com>; Vakauta, Alex
Dawn <alexandra.vakauta@kirkland.com>
**Subject:** Re: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464

Patrick,

Thank you for the confirmation and sending the invite for tomorrow.  To that end, we attach a
proposed agreed motion to modify DCO and proposed Order.  Note that we include an
extension of the deadline for Empower to amend its answer as of right through June 15 as well

as referenced below.

Please review and confirm we can proceed with filing the agreed motion and proposed order. Thanks.

**Trent D. Stephens, Partner**
**FisherBroyles, LLP** |Direct: 713.425.3730
trent.stephens@fisherbroyles.com **|** fisherbroyles.com

---

**From:** Weeks, Patrick <patrick.weeks@kirkland.com>
**Sent:** Tuesday, June 2, 2026 6:12 PM
**To:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Cc:** Anthony Calamunci <anthony.calamunci@FisherBroyles.com>; Amy L. Butler <amy.butler@FisherBroyles.com>; Lisa Powell <Lisa.Powell@fisherbroyles.com>; Chris Perque <Chris.Perque@fisherbroyles.com>; Geoff Gannaway <ggannaway@beckredden.com>; dbeck@beckredden.com <dbeck@beckredden.com>; kpalmer@hpm.com <kpalmer@hpm.com>; Hurst, James F. <james.hurst@kirkland.com>; Watral, Diana M. <diana.watral@kirkland.com>; McCue, Robin <rmccue@kirkland.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Hileman, James R.P. <jhileman@kirkland.com>; Ruge, Nicholas <nicholas.ruge@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Wacker, Jeanna <jeanna.wacker@kirkland.com>; Horowitz, David I. <dhorowitz@kirkland.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Lomeo, James John <james.lomeo@kirkland.com>; Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>
**Subject:** RE: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464

Trent, we can agree to your proposed temporary extension of those two June 5, 2026 deadlines under the Docket Control Order (Dkt. 44) to June 15, 2026.

3:30 CT works on Thursday, I'll follow up with an invite.

**Patrick Weeks**

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3755
**M** +1 312 825 2777

patrick.weeks@kirkland.com

---

**From:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Sent:** Tuesday, June 2, 2026 4:20 PM
**To:** Weeks, Patrick <patrick.weeks@kirkland.com>
**Cc:** Anthony Calamunci <anthony.calamunci@FisherBroyles.com>; Amy L. Butler <amy.butler@FisherBroyles.com>; Lisa Powell <Lisa.Powell@fisherbroyles.com>; Chris Perque <Chris.Perque@fisherbroyles.com>; Geoff Gannaway <ggannaway@beckredden.com>; dbeck@beckredden.com; kpalmer@hpm.com; Hurst, James F. <james.hurst@kirkland.com>; Watral, Diana M. <diana.watral@kirkland.com>; McCue, Robin <rmccue@kirkland.com>; Moorman, Ryan

5 of 21

<ryan.moorman@kirkland.com>; Hileman, James R.P. <jhileman@kirkland.com>; Ruge, Nicholas <nicholas.ruge@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Wacker, Jeanna <jeanna.wacker@kirkland.com>; Horowitz, David I. <dhorowitz@kirkland.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Lomeo, James John <james.lomeo@kirkland.com>; Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>
**Subject:** Re: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464

Patrick,

So that we can schedule a time to meet and confer that might avoid the need for motion practice, can you agree today to extend this week's deadline to amend as of right and to amend pleadings and add new parties until and including June 15?  Then the parties can discuss more broadly the schedule without the time pressure of an imminent deadline.

We are available to meet and confer on Thursday between 8-11am or 3-5pm or on Friday between 11am and 5pm.  Thanks.

**Trent D. Stephens, Partner**
**FisherBroyles, LLP |**Direct: 713.425.3730
trent.stephens@fisherbroyles.com **|** fisherbroyles.com

---

**From:** Weeks, Patrick <patrick.weeks@kirkland.com>
**Date:** Tuesday, June 2, 2026 at 2:50 PM
**To:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Cc:** Anthony Calamunci <anthony.calamunci@FisherBroyles.com>, Amy L. Butler <amy.butler@FisherBroyles.com>, Lisa Powell <Lisa.Powell@fisherbroyles.com>, Chris Perque <Chris.Perque@fisherbroyles.com>, Geoff Gannaway <ggannaway@beckredden.com>, dbeck@beckredden.com <dbeck@beckredden.com>, kpalmer@hpm.com <kpalmer@hpm.com>, Hurst, James F. <james.hurst@kirkland.com>, Watral, Diana M. <diana.watral@kirkland.com>, McCue, Robin <rmccue@kirkland.com>, Moorman, Ryan <ryan.moorman@kirkland.com>, Hileman, James R.P. <jhileman@kirkland.com>, Ruge, Nicholas <nicholas.ruge@kirkland.com>, Simmons, Joshua L. <joshua.simmons@kirkland.com>, Wacker, Jeanna <jeanna.wacker@kirkland.com>, Horowitz, David I. <dhorowitz@kirkland.com>, Temchenko, Eugene <eugene.temchenko@kirkland.com>, Lomeo, James John <james.lomeo@kirkland.com>, Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>
**Subject:** RE: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464
Trent – We're evaluating your proposal, but we also need to resolve Empower's failure to properly respond to Lilly's discovery requests.  You proposed these amended deadlines for the first time just days ago in the middle of our discussion about Empower's deficient discovery responses and Lilly's proposal to exchange initial disclosures and draft discovery protocols (which you didn't respond to either).

We're available to meet and confer about these issues later this week, including to discuss appropriate extensions to the case deadlines as necessary.  But we aren't in a position to get back to you today or

before we've had a chance to discuss this proposal and the other issues below.

Please provide times you're available this week to meet and confer.

## Patrick Weeks

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3755
**M** +1 312 825 2777

patrick.weeks@kirkland.com

---

**From:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Sent:** Tuesday, June 2, 2026 1:15 PM
**To:** Weeks, Patrick <patrick.weeks@kirkland.com>
**Cc:** Anthony Calamunci <anthony.calamunci@FisherBroyles.com>; Amy L. Butler <amy.butler@FisherBroyles.com>; Lisa Powell <Lisa.Powell@fisherbroyles.com>; Chris Perque <Chris.Perque@fisherbroyles.com>; Geoff Gannaway <ggannaway@beckredden.com>; dbeck@beckredden.com; kpalmer@hpm.com; Hurst, James F. <james.hurst@kirkland.com>; Watral, Diana M. <diana.watral@kirkland.com>; McCue, Robin <rmccue@kirkland.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Hileman, James R.P. <jhileman@kirkland.com>; Ruge, Nicholas <nicholas.ruge@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Wacker, Jeanna <jeanna.wacker@kirkland.com>; Horowitz, David I. <dhorowitz@kirkland.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Lomeo, James John <james.lomeo@kirkland.com>; Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>
**Subject:** Re: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464

Hi Patrick,

As you know from my voicemail message this afternoon and as a follow up to our May 28 correspondence below, please let us know whether Lilly is agreed, opposed, or unopposed to a six month extension of the dates and deadlines in the current October 22, 2025 Docket Control Order. Specifically, Empower proposes that each deadline be extended by six (6) months to reflect the narrowed case and anticipated Rule 7 proceedings. The proposed adjustments are set out below:

1. Motions to amend pleadings: June 5, 2026-proposed new date: December 5, 2026.
2. Motions to add new parties: June 5, 2026-proposed new date: December 5, 2026.
3. Affirmative expert reports: November 6, 2026-proposed new date: May 6, 2027.
4. Defensive expert reports: December 4, 2026-proposed new date: June 4, 2027.
5. Completion of discovery: January 22, 2027-proposed new date: July 22, 2027.
6. Private mediation or settlement conf.: Feb. 5, 2027-proposed new date: August 5, 2027.
7. Dispositive motions: March 5, 2027-proposed new date: September 5, 2027.
8. All other pretrial motions, including motions in limine: May 28, 2027-proposed new date: Nov. 28, 2027.
9. Joint pretrial order: May 28, 2027-proposed new date: November 28, 2027.
10. Docket call: July 9, 2027 at 2:30 p.m.-proposed new date: January 10, 2028 at 2:30 p.m.

We are planning to file a motion to amend the docket control order today by 5pm so please communicate Lilly's position by that time.

Thank you,

**Trent D. Stephens, Partner**
**FisherBroyles, LLP** |Direct: 713.425.3730
trent.stephens@fisherbroyles.com **|** fisherbroyles.com

---

**From:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Date:** Thursday, May 28, 2026 at 5:24 PM
**To:** Weeks, Patrick <patrick.weeks@kirkland.com>
**Cc:** Anthony Calamunci <anthony.calamunci@FisherBroyles.com>, Amy L. Butler <amy.butler@FisherBroyles.com>, Lisa Powell <Lisa.Powell@fisherbroyles.com>, Chris Perque <Chris.Perque@fisherbroyles.com>, Geoff Gannaway <ggannaway@beckredden.com>, dbeck@beckredden.com <dbeck@beckredden.com>, kpalmer@hpm.com <kpalmer@hpm.com>, Hurst, James F. <james.hurst@kirkland.com>, Watral, Diana M. <diana.watral@kirkland.com>, McCue, Robin <rmccue@kirkland.com>, Moorman, Ryan <ryan.moorman@kirkland.com>, Hileman, James R.P. <jhileman@kirkland.com>, Ruge, Nicholas <nicholas.ruge@kirkland.com>, Simmons, Joshua L. <joshua.simmons@kirkland.com>, Wacker, Jeanna <jeanna.wacker@kirkland.com>, Horowitz, David I. <dhorowitz@kirkland.com>, Temchenko, Eugene <eugene.temchenko@kirkland.com>, Lomeo, James John <james.lomeo@kirkland.com>, Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>
**Subject:** Re: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464
Dear Counsel:

We write in response to Mr. Weeks' email of May 26, 2026, in which Lilly demands that Empower "immediately" update its discovery responses and asserts that "nothing in the Federal Rules permit Empower to unilaterally insist that Lilly 'narrow' discovery requests before Empower responds." Lilly's position ignores the fundamental transformation this case underwent on April 29, 2026, when the Court dismissed Lilly's primary federal claim under the Lanham Act and its Texas state law claim, leaving only eight state unfair competition claims that themselves face threshold legal challenges. Lilly must narrow its discovery to conform to the surviving claims before Empower can be expected to bear the extraordinary cost and burden of responding to discovery that was designed for a case that no longer exists.

## I. The Court's April 29, 2026 Dismissal Renders Much of Lilly's Discovery Inappropriate

The Court's Memorandum Opinion and Order [ECF No. 80] dismissed Lilly's Lanham Act claims for failure to allege facts capable of establishing the proximate-cause requirement for statutory standing and dismissed Lilly's Texas common law claims for failure to state a claim for which relief may be granted. *See Eli Lilly & Co. v. Empower Clinic Servs., LLC*, 2026 U.S. Dist. LEXIS 93844 (S.D. Tex. Apr. 29, 2026). Lilly's First Set of Interrogatories (Nos. 1–15) and First Set of Requests for Production (Nos. 1–52), served on March 9, 2026, were drafted to encompass the full breadth of the

original Complaint—including the now-dismissed Lanham Act false advertising claim and the Texas common law unfair competition claim. With those claims gone, much of the discovery Lilly served is no longer tied to any viable claim in this case. Interrogatories and requests directed at Lilly's theories of false advertising, consumer deception, proximate causation of lost sales, harm to brand or consumer goodwill, and the "personalized" advertising theory—all of which the Court found deficient—are plainly outside the scope of the surviving claims.

The Federal Rules do not entitle a plaintiff to proceed with discovery untethered to its remaining causes of action. Rule 26(b)(1) limits discovery to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." When a court dismisses the primary claims that animated a plaintiff's discovery requests, the requesting party bears the obligation to ensure that its outstanding discovery conforms to the narrowed scope of the litigation. To hold otherwise would permit a plaintiff to impose discovery burdens designed for a Lanham Act case upon a defendant in what is now a more limited state-law dispute.

## II. The Volume and Cost of Responding to Unnarrowed Discovery Is Disproportionate

As set forth in Empower's Declaration filed in support of Empower's Motion for Protective Order [ECF No. 73, Ex. 5], the burden of responding to Lilly's discovery as currently framed is staggering. Specifically, the information identified through that date encompassed several terabytes of data comprising well in excess of one million documents—and that this volume represents only a fraction of the documentation Lilly's requests encompass. The isolation, compilation, review, and production of the information as requested by Lilly will cost well over $1,000,000. Many weeks of employee time have already been expended simply to preserve, isolate, source, and compile data, and the task is far from complete. If each document requires one minute to review for responsiveness, the review alone will require thousands of hours of review time—and as more information is compiled, the projected costs will only increase.

These costs were disproportionate when Lilly had a Lanham Act claim; they are unconscionable now that only eight state-law claims survive, each of which faces independent threshold defenses that may further narrow or eliminate the claims entirely. Rule 26(b)(1) requires that discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Proportionality is the "polestar" of discovery, and courts "must balance the marginal value of requested discovery to a particular case when weighed against its costs." *See Lopez v. State Farm Lloyds*, 348 F.R.D. 419 (W.D. Tex. 2025). Here, there can be no serious dispute that requiring Empower to expend millions of dollars responding to discovery tailored to dismissed claims—while threshold issues that may dispose of the surviving claims remain pending—is disproportionate to the needs of this case.

## III. Empower's Pending Rule 7 Motion May Further Narrow the Case

Empower's Motion to Invoke Federal Rule of Civil Procedure 7 to Require a Reply [ECF No. 82], filed May 13, 2026, asks this Court to follow the procedure endorsed by the Supreme Court in *Cunningham v. Cornell University*, 604 U.S. 693 (2025), and applied by Judge Rosenthal in *Eli Lilly and Co. v. Revive RX, LLC*, 812 F. Supp. 3d 708, 737 (S.D. Tex. 2025). As Judge Rosenthal explained,

Rule 7 "empowers district courts to insist that plaintiffs file a reply addressing viable statutory exemptions, to identify claims that likely will not survive a future summary-judgment motion and should not entitle plaintiffs to impose on defendants the burden of costly discovery." *Revive Rx*, 812 F. Supp. 3d at 737 (emphasis added). Justice Alito's concurrence in *Cunningham* further urged that "[d]istrict courts should strongly consider utilizing this option—and employing the other safeguards that the Court describes—to achieve 'the prompt disposition of insubstantial claims.'" *Cunningham*, 604 U.S. at 711 (Alito, J., concurring) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 597 (1998)).

If the Court grants Empower's Rule 7 motion and Lilly is required to file a reply addressing whether its remaining claims can overcome Empower's regulatory exemptions under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington, the proper scope of discovery may be narrowed further still—or potentially eliminated altogether. Proceeding with millions of dollars in discovery before this threshold issue is resolved would be the very harm that the Supreme Court in *Cunningham* and Judge Rosenthal in *Revive Rx* sought to prevent through the Rule 7 mechanism.

## IV. Federal Courts Routinely Require Narrowing of Discovery After Claims Are Dismissed

The principles underlying Empower's position are well established. Federal courts have broad discretion to limit, phase, or stay discovery to avoid unnecessary or unduly burdensome expenses, particularly when threshold legal issues may dispose of or materially narrow claims. Under 28 U.S.C. § 473, courts are encouraged to "identify and limit the volume of discovery available to avoid unnecessary or unduly burdensome or expensive discovery" and to "phase discovery into two or more stages." Rule 26(b)(2)(C) independently requires courts to limit discovery where the proposed discovery is "outside the scope permitted by Rule 26(b)(1)," is "unreasonably cumulative or duplicative," or where "the burden or expense of the proposed discovery outweighs its likely benefit."

Furthermore, a district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined," and a stay is proper where discovery could not affect resolution of a threshold motion. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Here, Empower's Rule 7 motion presents precisely such a preliminary question: whether Lilly's remaining claims can survive in light of Empower's pleaded statutory exemptions. If they cannot, the discovery Lilly demands will have been entirely unnecessary—and Empower will have been forced to incur millions of dollars for no purpose.

## V. Empower Will Be Forced to Seek Court Intervention

Unless Lilly will confer despite its initial refusal to do so to narrow its discovery in light of the Court's April 29, 2026 Order, Empower is left with no alternative but to seek judicial intervention. For example, if Lilly will not voluntarily conform its discovery to the surviving claims and the proportionality requirements of Rule 26(b)(1), Empower may be required to move for a protective order under Rule 26(c)(1), which authorizes the Court to protect a party from "annoyance, oppression, undue burden, or expense," including by "forbidding the disclosure or discovery,"

"specifying terms . . . for the disclosure or discovery," or "limiting the scope of disclosure or discovery to certain matters." It may be necessary for Empower to seek cost-shifting as a condition of any discovery that the Court permits, given the extraordinary burden and expense previously documented by Empower's Declaration, which exceeds $1,000,000.

Rule 26(c) provides that "[t]he party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery." Empower has made—and will continue to make—a compelling showing that the discovery Lilly seeks, in its current form, imposes grossly disproportionate burdens that far exceed any legitimate need tied to the surviving claims.

## VI. Empower's Position and Requested Relief

To be clear, Empower is not refusing to participate in discovery. Empower is requesting that Lilly do what the Federal Rules require: confer with Empower and serve discovery that is relevant to the claims that actually remain in this case and proportional to the needs of the case as it currently exists—not as Lilly originally filed it. Specifically, Empower requests:

1. Again, that Lilly make itself available for a meaningful meet-and-confer regarding: (a) the narrowed scope of discovery appropriate to the surviving claims, (b) a revised scheduling order reflecting the current posture of the case, (c) a protective order and ESI protocol, and (d) the timing and sequencing of discovery in light of the pending Rule 7 motion, and (e) exchange of initial disclosures.
2. Lilly narrow its First Set of Interrogatories and First Set of Requests for Production to discovery directly tied to and proportional to the eight remaining state-law claims under Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington law, withdrawing or modifying requests that pertain solely to the dismissed Lanham Act and Texas state law claims; and
3. The parties defer the commencement of substantive discovery pending the Court's ruling on Empower's Motion to Invoke Federal Rule of Civil Procedure 7 to Require a Reply [ECF No. 82], and, if that motion is granted, pending Lilly's subsequent Rule 7 reply and the parties' assessment of the remaining claims and defenses in light of that reply.

## VII. Proposed Six-Month Extension of Docket Control Order and Motion to Amend

Based on the Court's October 22, 2025 Docket Control Order, Empower proposes that each deadline be extended by six (6) months to reflect the narrowed case and anticipated Rule 7 proceedings. The proposed adjustments are set out below:

1. Motions to amend pleadings: June 5, 2026-proposed new date: December 5, 2026.
2. Motions to add new parties: June 5, 2026-proposed new date: December 5, 2026.
3. Affirmative expert reports: November 6, 2026-proposed new date: May 6, 2027.
4. Defensive expert reports: December 4, 2026-proposed new date: June 4, 2027.
5. Completion of discovery: January 22, 2027-proposed new date: July 22, 2027.

6. Private mediation or settlement conf.: Feb. 5, 2027-proposed new date: August 5, 2027.
7. Dispositive motions: March 5, 2027-proposed new date: September 5, 2027.
8. All other pretrial motions, including motions in limine: May 28, 2027-proposed new date: Nov. 28, 2027.
9. Joint pretrial order: May 28, 2027-proposed new date: November 28, 2027.
10. Docket call: July 9, 2027 at 2:30 p.m.-proposed new date: January 10, 2028 at 2:30 p.m.

If Lilly agrees, we are prepared to submit a jointly proposed amended Docket Control Order with these revised dates. If Lilly does not agree, please accept this as notice that Empower intends to move under Fed. R. Civ. P. 16(b)(4) (and Rule 6(b) to the extent any deadline has lapsed) to amend the Docket Control Order to incorporate the six-month extensions above.

Nothing in this correspondence waives any objection or position available to Empower under its pending Rule 7 motion, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Texas, Judge Lake's procedures, privilege, work-product protection, confidentiality, relevance, proportionality, undue burden, overbreadth, or any other applicable ground. Empower expressly reserves all rights, including the right to supplement its objections and to seek appropriate relief under Rule 26(c) and cost-shifting if Lilly continues to refuse to narrow its discovery.

Sincerely,

**Trent D. Stephens, Partner**
**FisherBroyles, LLP** |Direct: 713.425.3730
trent.stephens@fisherbroyles.com **|** fisherbroyles.com

---

**From:** Weeks, Patrick <patrick.weeks@kirkland.com>
**Date:** Tuesday, May 26, 2026 at 6:06 PM
**To:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Cc:** Anthony Calamunci <anthony.calamunci@FisherBroyles.com>, Amy L. Butler <amy.butler@FisherBroyles.com>, Lisa Powell <Lisa.Powell@fisherbroyles.com>, Chris Perque <Chris.Perque@fisherbroyles.com>, Geoff Gannaway <ggannaway@beckredden.com>, dbeck@beckredden.com <dbeck@beckredden.com>, kpalmer@hpm.com <kpalmer@hpm.com>, Hurst, James F. <james.hurst@kirkland.com>, Watral, Diana M. <diana.watral@kirkland.com>, McCue, Robin <rmccue@kirkland.com>, Moorman, Ryan <ryan.moorman@kirkland.com>, Hileman, James R.P. <jhileman@kirkland.com>, Ruge, Nicholas <nicholas.ruge@kirkland.com>, Simmons, Joshua L. <joshua.simmons@kirkland.com>, Wacker, Jeanna <jeanna.wacker@kirkland.com>, Horowitz, David I. <dhorowitz@kirkland.com>, Temchenko, Eugene <eugene.temchenko@kirkland.com>, Lomeo, James John <james.lomeo@kirkland.com>, Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>
**Subject:** RE: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464

Trent – We're not following why the events described in your email provide a basis for continuing to ignore properly served discovery under the Federal Rules.  We agree that Lilly served its First Set of

Interrogatories and First Set of Requests for Production over ten weeks ago on March 9, 2026. And we also agree with your statement that Empower did not "serve any substantive response" in response to Lilly's Requests, citing its pending motions before the Court. But the Court never stayed discovery in this case, and the Court has now expressly denied both of Empower's discovery-related motions in its April 29, 2026 order.

The Federal Rules require Empower to substantively respond to discovery requests or lodge specific objections tailored to individual requests. Once Empower properly responds, we can discuss the grounds for any objection on a request-by-request basis if necessary. But nothing in the Federal Rules permit Empower to unilaterally insist that Lilly "narrow" discovery requests before Empower responds. Discovery is open, and no pending motion before the Court excuses Empower from participating. Please confirm Empower will update its discovery responses immediately.

As to your request to meet and confer on other issues, we already proposed that the parties exchange initial disclosures later this week on May 28—please confirm you agree. We also plan to share a draft ESI protocol and PO as soon as possible. Empower has been contending for months that discovery is premature in part because the parties had not yet exchanged these documents, so we propose exchanging them now. And if Empower has a proposal to make on "revising the scheduling order," please present it, and we can make ourselves available to discuss once we review.

**Patrick Weeks**
_____

**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3755
**M** +1 312 825 2777
_____

patrick.weeks@kirkland.com

_____

**From:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Sent:** Wednesday, May 20, 2026 5:00 PM
**To:** Weeks, Patrick <patrick.weeks@kirkland.com>
**Cc:** Anthony Calamunci <anthony.calamunci@FisherBroyles.com>; Amy L. Butler <amy.butler@FisherBroyles.com>; Lisa Powell <Lisa.Powell@fisherbroyles.com>; Chris Perque <Chris.Perque@fisherbroyles.com>; Geoff Gannaway <ggannaway@beckredden.com>; dbeck@beckredden.com; kpalmer@hpm.com; Hurst, James F. <james.hurst@kirkland.com>; Watral, Diana M. <diana.watral@kirkland.com>; McCue, Robin <rmccue@kirkland.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Hileman, James R.P. <jhileman@kirkland.com>; Ruge, Nicholas <nicholas.ruge@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Wacker, Jeanna <jeanna.wacker@kirkland.com>; Horowitz, David I. <dhorowitz@kirkland.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Lomeo, James John <james.lomeo@kirkland.com>; Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>
**Subject:** Re: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464


Dear Counsel:

We are in response to Eli Lilly and Company's ("Lilly") conferral email dated May 18, 2026 regarding its First Set of Interrogatories and First Set of Requests for Production to Empower Clinic Services,

L.L.C. d/b/a Empower Pharmacy ("Empower"), served on March 9, 2026. Empower previously objected to those requests as premature and improper in light of the case posture, including Empower's pending request to stay discovery, the absence of a governing protective order, and the lack of a meaningful ESI protocol.

In light of subsequent developments, including the Court's April 29, 2026 dismissal of Lilly's Lanham Act claims and Texas state-law claims, Empower requests that Lilly narrow its pending interrogatories and requests for production to the eight remaining state-law claims and confirm its availability during the week of May 25-29 to confer regarding the proper timing and narrowed scope of discovery that may remain appropriate.

The Court's April 29, 2026 Memorandum Opinion and Order [ECF No. 80] dismissed Lilly's Lanham Act claims for failure to allege facts capable of establishing the proximate-cause requirement for statutory standing and dismissed Lilly's Texas state-law claims for failure to state a claim for which relief may be granted. The Court declined to dismiss Lilly's remaining claims under Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington law at the Rule 12(b)(6) stage because Empower's state-law regulatory exemptions were affirmative defenses that could not be resolved on the pleadings at that procedural stage. The Court nevertheless recognized that if Empower pleaded those statutory exemptions as affirmative defenses, Lilly would be required to prove that the violations alleged in its Complaint could overcome those exemptions.

Empower has now filed its Answer and asserted those statutory exemptions and moved for an order requiring Lilly to file a reply under Federal Rule of Civil Procedure 7(a)(7) ("Rule 7 motion"). Empower's Rule 7 motion explains that a reply is warranted because it would require Lilly to address Empower's regulatory exemptions under Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington law before imposing costly discovery burdens on Empower. Empower's motion relies on Rule 7(a)(7), which permits a court to order a reply to an answer, and on *Cunningham* and *Revive Rx*, which recognize that a Rule 7 reply can identify claims that likely will not survive summary judgment and should not be used to impose expensive discovery.

Lilly's remaining eight state-law claims depend on threshold legal and affirmative-defense issues that Empower has now placed squarely before the Court through its Rule 7 motion, and a court-ordered Rule 7 reply could materially narrow the proper scope of the discovery Lilly served on March 9, 2026. Proceeding with written discovery outside the scope of those remaining eight state-law claims would risk imposing disproportionate burdens on Empower before the Court determines whether Lilly must plead facts showing that its remaining claims can overcome Empower's pleaded statutory exemptions and other threshold defenses.

For these reasons, Empower requests that Lilly narrow its First Set of Interrogatories and First Set of Requests for Production served on March 9, 2026, to discovery proportional to and directly tied to the eight remaining state-law claims under Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington law. Empower further requests that Lilly contact us to schedule a meet-and-confer regarding discovery, including: 1) the dates proposed in your May 18th email regarding discovery responses and initial disclosures, 2) revising the scheduling order, and 3) the categories of information Lilly contends remain relevant to those claims and Empower's

position that discovery should be stayed pending the Court's decision on Empower's Motion to Invoke Federal Rule of Civil Procedure 7 to Require a Reply and, if that motion is granted, pending Lilly's subsequent Rule 7 reply and the parties' assessment of the remaining claims and defenses in light of that reply.

Nothing in this letter waives any objection or position available to Empower under its pending Rule 7 motion, its prior stay motion and reply, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Texas, Judge Lake's procedures, privilege, work-product protection, confidentiality, relevance, proportionality, undue burden, overbreadth, or any other applicable ground. Empower expressly reserves all rights, including the right to supplement its objections and to seek appropriate relief under Rule 26(c) if necessary.

Sincerely,

**Trent D. Stephens, Partner**
**FisherBroyles, LLP** |Direct: 713.425.3730
trent.stephens@fisherbroyles.com **|** fisherbroyles.com

---

**From:** Weeks, Patrick <patrick.weeks@kirkland.com>
**Date:** Monday, May 18, 2026 at 11:04 PM
**To:** Trent Stephens <trent.stephens@FisherBroyles.com>, kpalmer@hpm.com <kpalmer@hpm.com>, Lisa Powell <Lisa.Powell@fisherbroyles.com>, Anthony Calamunci <anthony.calamunci@FisherBroyles.com>, Amy L. Butler <amy.butler@FisherBroyles.com>, Chris Perque <Chris.Perque@fisherbroyles.com>, Geoff Gannaway <ggannaway@beckredden.com>, dbeck@beckredden.com <dbeck@beckredden.com>
**Cc:** Hurst, James F. <james.hurst@kirkland.com>, Watral, Diana M. <diana.watral@kirkland.com>, McCue, Robin <rmccue@kirkland.com>, Moorman, Ryan <ryan.moorman@kirkland.com>, Hileman, James R.P. <jhileman@kirkland.com>, Ruge, Nicholas <nicholas.ruge@kirkland.com>, Simmons, Joshua L. <joshua.simmons@kirkland.com>, Wacker, Jeanna <jeanna.wacker@kirkland.com>, Horowitz, David I. <dhorowitz@kirkland.com>, Temchenko, Eugene <eugene.temchenko@kirkland.com>, Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>, Lomeo, James John <james.lomeo@kirkland.com>
**Subject:** RE: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464
Counsel,

We're following up on Empower's responses and objections to Lilly's March 9, 2026 Requests for Production and Interrogatories.

Several weeks ago, Empower served plainly deficient responses to Lilly's properly served discovery requests lodging boilerplate objections and providing no substantive response to any request. Instead, Empower stated it would "serve any substantive response" to Lilly's discovery "subject further to the Court's resolution of Empower's pending Motion to Dismiss, Motion to Stay Discovery,

and Motion for Protective Order." As you know, on April 29, 2026, the Court denied Empower's motion to dismiss on Lilly's unfair competition claims under Alaska, Connecticut, Colorado, Hawai'i, North Carolina, Tennessee, and Washington. The Court also denied Empower's motion to stay discovery and motion for a protective order seeking substantially similar relief. Dkt. 80. Empower's current discovery responses do not comply with the Federal Rules, and it must update its responses and objections to the discovery Lilly served months ago by Tuesday, May 26, 2026. Please confirm you will do so.

Separately, Lilly proposes that the parties exchange Rule 26(a)(1) initial disclosures on May 28, 2026. On or before that date, Lilly will provide a proposed ESI protocol and protective order for review so discovery can proceed in an orderly fashion.

Thanks,

**Patrick Weeks**
_____
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3755
**M** +1 312 825 2777
_____
patrick.weeks@kirkland.com

---

**From:** Weeks, Patrick
**Sent:** Monday, March 23, 2026 10:08 PM
**To:** Trent Stephens <trent.stephens@FisherBroyles.com>; Lomeo, James John <james.lomeo@kirkland.com>
**Cc:** Geoff Gannaway <ggannaway@beckredden.com>; dbeck@beckredden.com; Hurst, James F. <james.hurst@kirkland.com>; Watral, Diana M. <diana.watral@kirkland.com>; McCue, Robin <rmccue@kirkland.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Hileman, James R.P. <jhileman@kirkland.com>; Ruge, Nicholas <nicholas.ruge@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Wacker, Jeanna <jeanna.wacker@kirkland.com>; Horowitz, David I. <dhorowitz@kirkland.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>; kpalmer@hpm.com; Lisa Powell <Lisa.Powell@fisherbroyles.com>; Anthony Calamunci <anthony.calamunci@FisherBroyles.com>; Amy L. Butler <amy.butler@FisherBroyles.com>; Chris Perque <Chris.Perque@fisherbroyles.com>
**Subject:** RE: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464

Counsel – Please see attached for Lilly's response to your March 16 letter. As set forth in our response, please confirm Empower will respond to Lilly's discovery within the deadline under the Federal Rules. Let us know if Empower agrees to confer on selecting dates for the parties' exchange of initial disclosures and a draft ESI/Protective Order.

Thanks,

**Patrick Weeks**
_____
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 3755
**M** +1 312 825 2777

------------------------------------------

patrick.weeks@kirkland.com

---

**From:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Sent:** Monday, March 23, 2026 12:05 PM
**To:** Lomeo, James John <james.lomeo@kirkland.com>
**Cc:** Geoff Gannaway <ggannaway@beckredden.com>; dbeck@beckredden.com; Hurst, James F. <james.hurst@kirkland.com>; Watral, Diana M. <diana.watral@kirkland.com>; McCue, Robin <rmccue@kirkland.com>; Moorman, Ryan <ryan.moorman@kirkland.com>; Hileman, James R.P. <jhileman@kirkland.com>; Ruge, Nicholas <nicholas.ruge@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Wacker, Jeanna <jeanna.wacker@kirkland.com>; Horowitz, David I. <dhorowitz@kirkland.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>; kpalmer@hpm.com; Lisa Powell <Lisa.Powell@fisherbroyles.com>; Anthony Calamunci <anthony.calamunci@FisherBroyles.com>; Amy L. Butler <amy.butler@FisherBroyles.com>; Chris Perque <Chris.Perque@fisherbroyles.com>
**Subject:** Re: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464

Dear Counsel,

As you know, we wrote on March 16 in response to Lilly's discovery served on March 9 and have not received a response.  In that correspondence, we objected to the premature and improper nature of the discovery given Empower's motion to stay discovery and the other reasons detailed below.  We received no response whatsoever to our email.  Please confirm that Lilly's Interrogatories and Requests for Production are withdrawn or let us know if you would like to meet and confer regarding deferral pending a ruling on Empower's pending motion to stay and motion to dismiss.  We request a response by 5:00 pm CST on March 24, 2026. If we do not receive a response by that time and date, we will assume that Lilly is declining to confer and will proceed with filing a motion for protection.  Thank you.

**Trent D. Stephens, Partner**
**FisherBroyles, LLP |**Direct: 713.425.3730
trent.stephens@fisherbroyles.com **|** fisherbroyles.com

---

**From:** Trent Stephens <trent.stephens@FisherBroyles.com>
**Date:** Monday, March 16, 2026 at 4:59 PM
**To:** Lomeo, James John <james.lomeo@kirkland.com>
**Cc:** gganaway@beckredden.com <gganaway@beckredden.com>, dbeck@beckredden.com <dbeck@beckredden.com>, Hurst, James F. <james.hurst@kirkland.com>, Watral, Diana M. <diana.watral@kirkland.com>, McCue, Robin <rmccue@kirkland.com>, Moorman, Ryan <ryan.moorman@kirkland.com>, Hileman, James R.P. <jhileman@kirkland.com>, Ruge, Nicholas <nicholas.ruge@kirkland.com>, Simmons, Joshua L. <joshua.simmons@kirkland.com>, Wacker, Jeanna <jeanna.wacker@kirkland.com>, Horowitz, David I. <dhorowitz@kirkland.com>, Temchenko, Eugene <eugene.temchenko@kirkland.com>, Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>, kpalmer@hpm.com <kpalmer@hpm.com>, Lisa Powell <Lisa.Powell@fisherbroyles.com>,

Anthony Calamunci <anthony.calamunci@FisherBroyles.com>, Amy L. Butler <amy.butler@FisherBroyles.com>, Chris Perque <Chris.Perque@fisherbroyles.com>
**Subject:** Re: [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No. 4:25-cv-03464

Dear Counsel:

We write regarding Plaintiff Eli Lilly and Company's ("Lilly") First Set of Interrogatories and First Set of Requests for Production to Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower"), served on March 9, 2026.

Empower objects to these requests as premature and improper in light of the procedural posture of this case, including Empower's pending motion to stay discovery and the absence of a governing protective-order framework and meaningful ESI protocol. As you know, Empower previously moved to stay discovery pending resolution of its motion to dismiss, and that motion remains part of the case posture. You may recall that Empower detailed in its motion to stay and reply that the dispositive motion raises threshold legal issues that may eliminate or materially narrow discovery, and that Lilly itself had not served Rule 26(a)(1) initial disclosures, which have not been served, to date.

First, Lilly's discovery requests are premature under Rule 26 and the present case posture. Rule 26(d)(1) provides that a party may not seek discovery before the parties have conferred as required by Rule 26(f), absent stipulation or court order; and Rule 26(f) requires the parties to discuss not only the timing of disclosures but also issues concerning preservation and ESI production. Rule 26(a)(1) further requires parties, without awaiting discovery requests, to provide their initial disclosures, including the witnesses and categories of documents they may use to support their claims or defenses. Given the procedural posture, Lilly cannot seek to proceed with discovery, notwithstanding that Empower has clearly stated its position that merits discovery should be stayed pending a ruling on the motion to stay and motion to dismiss.

Second, the requests improperly seek confidential commercial information before entry of a protective order. Rule 26(c)(1) authorizes the court, for good cause, to protect a party from annoyance, oppression, undue burden, or expense, including by forbidding discovery, limiting its scope, or requiring that trade secret or other confidential commercial information be revealed only in a specified way. Lilly's requests target precisely that kind of information, including supplier identities, ownership and investor information, detailed revenues and margins, marketing analytics, formulations, and regulatory materials. Until an acceptable protective order is negotiated and entered, Empower objects to producing such information.

Third, Lilly's demands are premature absent a concrete ESI protocol. Rule 26(f)(3)(C) requires the parties' discovery plan to address issues concerning disclosure, discovery, or preservation of electronically stored information, including the form in which ESI should be produced. Rule 26(b)(2)(B) also recognizes that ESI from sources not reasonably accessible because of undue burden or cost need not be provided absent a showing of good cause. Yet, Lilly's requests seek broad swaths of ESI—"all documents," "all communications," website materials, analytics, drafts, and electronically stored information—without agreed custodians, date ranges, search methodology, form of production, or handling for inaccessible sources. Empower objects on that basis as well.

Fourth, there is ample basis to defer discovery while threshold motions are resolved. The Fifth Circuit has held that a district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined," and that a stay is proper where discovery could not affect resolution of a Rule 12(b)(6) motion. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).  Empower's own stay motion and reply already cited this authority and explained why the pending motion raises threshold legal questions and why Lilly would suffer no cognizable prejudice from a brief stay. Judge Lake's motion procedures also reflect that discovery disputes should be conferred on in good faith before court involvement.

Finally, the requests are facially overbroad and disproportionate under Rule 26(b)(1). Discovery must be limited to nonprivileged matter relevant to a claim or defense and proportional to the needs of the case, taking into account burden and expense versus likely benefit. Here, Lilly's requests sweep far beyond any proportional scope. By way of example only:

- Interrogatories 1–4 and RFPs 5–7 seek expansive third-party supplier, distributor, and testing information, including contact information and historical business relationships.
- Interrogatories 8–15 and RFPs 12–18, 24–46 seek "all documents" and "all communications" concerning broad subjects such as inspections, marketing development, analytics, safety/effectiveness, alleged personalization, and regulatory statements, often without reasonable temporal or custodial limits.
- RFPs 9 and 11 seek effectively every prescription/order and granular transaction-level information for every sale, including recipient names, shipment addresses, prescribers, pharmacists, and other highly sensitive commercial and patient-related data.
- The RFP instructions purport to require production of all responsive documents "in full, without abbreviation, expurgation, or redaction," even though no protective order has been entered.

Notwithstanding the premature nature of the requests as detailed in the first through fourth points above, these are not proportional discovery at this stage. Judge Lake's procedures expressly state that most discovery disputes—especially those involving the number, length, and form of written questions, the responsiveness of answers, and the mechanics of document production, including protective orders and privilege issues—should be resolved by counsel without court intervention, and that discovery motions require a good-faith conference.

Accordingly, Empower objects to the Interrogatories and Requests for Production in their entirety at this time as premature, disproportionate, unduly burdensome, and as seeking confidential commercial information absent a protective order and ESI framework and requests that counsel for Eli Lilly confirm that its Interrogatories and Requests for Production served March 9, 2026 are withdrawn. To the extent necessary, Empower is willing to meet and confer promptly regarding deferral of discovery pending a ruling on the pending motion to stay and motion to dismiss.

Nothing in this letter waives any objection available under Empower's motion to stay, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Texas, Judge Lake's procedures, privilege, work-product protection, confidentiality, relevance, proportionality, undue burden, overbreadth, or any other applicable ground. Moreover, Empower expressly reserves the right to supplement these objections and to seek a protective order under Rule 26(c), if necessary.

19 of 21

Sincerely,

**Trent D. Stephens, Partner**
**FisherBroyles, LLP** |Direct: 713.425.3730
trent.stephens@fisherbroyles.com **|** fisherbroyles.com

---

**From:** Vakauta, Alex Dawn <alexandra.vakauta@kirkland.com>
**Date:** Monday, March 9, 2026 at 9:17 PM
**To:** dbeck@beckredden.com <dbeck@beckredden.com>,
gganaway@beckredden.com <gganaway@beckredden.com>,
kpalmer@hpm.com <kpalmer@hpm.com>, Anthony Calamunci
<anthony.calamunci@FisherBroyles.com>, Chris Perque
<Chris.Perque@fisherbroyles.com>, Lisa Powell <Lisa.Powell@fisherbroyles.com>, Trent
Stephens <trent.stephens@FisherBroyles.com>
**Cc:** Lomeo, James John <james.lomeo@kirkland.com>, Hurst, James F.
<james.hurst@kirkland.com>, Watral, Diana M. <diana.watral@kirkland.com>, McCue,
Robin <rmccue@kirkland.com>, Moorman, Ryan <ryan.moorman@kirkland.com>,
Hileman, James R.P. <jhileman@kirkland.com>, Ruge, Nicholas
<nicholas.ruge@kirkland.com>, Simmons, Joshua L. <joshua.simmons@kirkland.com>,
Wacker, Jeanna <jeanna.wacker@kirkland.com>, Horowitz, David I.
<dhorowitz@kirkland.com>, Temchenko, Eugene <eugene.temchenko@kirkland.com>
**Subject:** [External Sender]Eli Lilly and Company v. Empower Clinic Services, Case No.
4:25-cv-03464
Counsel,

Please see the attached Eli Lilly and Company's First Set of Interrogatories (Nos. 1-15) and Eli Lilly
and Company's First Set of Requests for Production (Nos. 1-52) in relation to the above captioned
matter.

Best regards,

**Alex Vakauta**
Paralegal I

--------------------------------
**KIRKLAND & ELLIS LLP**
95 South State Street, Salt Lake City, UT 84111
**T** +1 801 877 8194  **M** +1 385 259 2008
**F** +1 801 877 8101
--------------------------------

alexandra.vakauta@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.