# EXHIBIT 5

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, | |
| Plaintiff, | |
| v. | Case No. 4:25-cv-03464 |
| EMPOWER CLINIC SERVICES, LLC d/b/a EMPOWER PHARMACY, | |
| Defendant. | Hon. Sim Lake |

**DEFENDANT EMPOWER CLINIC SERVICES, L.L.C. D/B/A EMPOWER PHARMACY'S FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF ELI LILLY AND COMPANY'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION**

Following the Court's dismissal of Plaintiff Eli Lilly and Company's ("Lilly") claims pursuant to the Court's Memorandum and Opinion Order [ECF No. 80], which dismissed Lilly's Lanham Act claims and Texas common law claims but permitted Lilly's state law claims under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington to proceed, Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower") serves these amended objections and responses to Plaintiff Eli Lilly and Company's First Set of Interrogatories and First Set of Requests for Production. Empower reserves the right to supplement, amend, or revise these objections and to serve substantive responses on such schedule as the Court directs.

Dated: June 15, 2026

Respectfully submitted,

**FISHERBROYLES**

By:  */s/ Anthony J. Calamunci*
　　Anthony J. Calamunci (*Attorney-in-Charge*)
　　6800 W. Central Avenue, Suite E
　　Toledo, Ohio 43617
　　(567) 455-5257
　　anthony.calamunci@fisherbroyles.com
　　Lisa A. Powell
　　Texas Bar No. 16204215
　　lisa.powell@fisherbroyles.com
　　Trent D. Stephens

1

Texas Bar No. 24008081
trent.stephens@fisherbroyles.com
2925 Richmond Ave., Ste. 1200
Houston, Texas 77098
(713) 425-3730


**BECK REDDEN LLP**
Geoff A. Gannaway
Texas State Bar No. 24036617
Federal I.D. No. 37039
ggannaway@beckredden.com
David J. Beck
Texas Bar No. 00000070
Federal I.D. No. 16605
dbeck@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700

**HYMAN, PHELPS & MCNAMARA, P.C.**
Karla L. Palmer (Pro Hac Vice)
kpalmer@hpm.com
1101 K Street N.W., Suite 700
Washington, DC 20005
Telephone: (202) 737-7542

**ATTORNEYS FOR DEFENDANT
EMPOWER CLINIC SERVICES, L.L.C.
d/b/a EMPOWER PHARMACY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of June, 2026, I have served a copy of Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy's First Amended objections and responses to Plaintiff Eli Lilly and Company's First Set of Interrogatories and First Set of Requests for Production on all counsel of record.

/s/ Anthony J. Calamunci
Anthony J. Calamunci

2

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS ("General Objections")

1. **Prematurity / sequencing.** Empower objects to providing a complete response until a mutually agreeable cost sharing agreement has been finalized and the requests sufficiently narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, surviving under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington and consistent with the Court's Memorandum and Opinion Order [ECF No. 80].

2. **Overbreadth and disproportionality.** Subject to the narrowing requests detailed in its third conferral letter, Empower objects to the extent Lilly's requests are overbroad, not narrowly tailored to any claim or defense, and not proportional to the needs of the case under Rule 26(b)(1), particularly at the pleading stage while the viability and scope of Lilly's claims remain unresolved. The burden and expense of complying with these Requests in their full breadth would be disproportionate to the importance of the issues at stake and the likely benefit of such discovery. Empower reserves the right to object to specific Requests on proportionality grounds.

3. **Undue burden and expense.** Empower objects to the extent the requests impose undue burden or extraordinary expense by demanding sweeping merits discovery, including historical business information, broad categories of Electronically Stored Information ("ESI"), and transaction-level information that would require substantial collection, review, and processing efforts. The Requests, taken together, seek production of an extraordinarily broad and burdensome volume of documents spanning multiple years, covering virtually every aspect of Empower's business operations, and extending to non-party entities.

4. **Confidential commercial information.** Empower objects to requests seeking non-public material, trade secrets or other confidential research, development, financial, operational, regulatory, marketing, formulation, supplier, distributor, ownership, pricing, or competitive information absent an entered confidentiality order and appropriate safeguards. *See* Fed. R. Civ. P. 26(c)(1)(G). Empower will not produce any non-public materials absent entry of a stipulated protective order, and will not produce trade secret information unless directed by the Court (even if a protective order is entered).

5. **ESI protocol.** There is no protocol for the production of ESI. Empower objects to requests that seek broad unilateral categories of ESI absent a concrete agreed ESI protocol addressing custodians, date ranges, search methodology, inaccessible sources, deduplication, metadata, and form of production. *See* Fed. R. Civ. P. 26(f)(3)(C) and 26(b)(2)(B).

6. **Initial disclosures and orderly discovery framework.** Empower objects that the parties have not yet exchanged Rule 26(a)(1) initial disclosures and have not finalized a protective order or ESI framework, all of which underscore why Lilly's sweeping merits discovery should be deferred at this stage.

7. **Vagueness / ambiguity / overbroad definitions.** Empower objects to Lilly's definitions and instructions, including definitions of "You," "Your," "Relating to," "Communication(s)," "Document(s)," and similar terms, to the extent they are vague, ambiguous, overbroad, or purport to expand discovery obligations beyond the Federal Rules. Such Requests are unduly burdensome or expensive, seek cumulative information, and do not describe the information sought with sufficient particularity. Empower will use reasonable diligence to locate responsive non-privileged information and documents, based upon inquiry of those persons who reasonably may be expected to possess such information and on examination of those sources that reasonably may be expected to yield such information.

8. Empower objects to the Requests to the extent that the Requests seek documents or information relating to persons or entities who are not parties to this litigation.

3

**9. Privilege and work product.** Empower objects to the extent any request seeks information or documents protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege, immunity, or protection. *See* FED. R. CIV. P. 26(b)(1). The inadvertent production of any privileged or protected document shall not constitute a waiver of any privilege or protection, and Empower reserves all rights under FED. R. EVID. 502 and any applicable protective or clawback order.

**10. Contention discovery / legal conclusions.** Empower objects to the extent certain interrogatories seek premature contention discovery, legal conclusions, attorney mental impressions, or marshaling of all facts or law supporting Empower's positions before the pleadings are settled and before an orderly discovery framework is in place.

**11. Third-party confidentiality and privacy.** Empower objects to the extent requests seek third-party confidential information, supplier and distributor identities and contact information, proprietary relationships, or customer-, patient-, prescriber-, shipment-, and transaction-level information without adequate narrowing or protections.

**12. Publicly available information.** Empower objects to the extent Lilly seeks information or documents equally available to Lilly from public sources, Lilly's own records, or matters already alleged in Lilly's Complaint.

**13. Reservation of rights.** By stating these general objections and specific objections below, Empower does not waive (i) any other objection, (ii) the right to assert any privilege, immunity, or protection applicable to any document or communication, (iii) the right to challenge the admissibility of any document or information at trial or in any proceeding, and (iv) any and all other rights available to it under the law, including the right to seek a protective order under FED. R. CIV. P. 26(c). Empower reserves the right to supplement, amend, narrow, or revise these objections and any responses as discovery proceeds, the Court rules on the pending motions, and the parties negotiate appropriate confidentiality and ESI protocols.

**14. Definition of Empower.** Empower objects to Lilly's expansive definitions of "'Empower,' 'Defendant,' 'You,' and 'Your'" to the extent they purport to include persons or entities not parties to this action, including but not limited to affiliates, parents, subsidiaries, independent contractors, or any person 'acting under direction' absent legal control. Empower further objects to the definition as overbroad and not proportional to the needs of the case as required by FED. R. CIV. P. 26(b)(1). The sweeping inclusion of "all present and former parents, subsidiaries, and affiliates," "all divisions, predecessors, successors, and assigns," and "all other Persons, acting or purporting to act under Empower control" extends the definition far beyond the actual party to this litigation and imposes obligations on Empower to search for, collect, and produce documents from an indeterminate number of non-party entities and individuals, many of whom may have no connection to the claims or defenses at issue. Empower further objects to the definition because the phrase "persons acting or purporting to act on behalf of" Empower is vague and ambiguous, as it fails to identify with reasonable particularity which persons or entities are encompassed. A requesting party must describe items to be produced with "reasonable particularity" under FED. R. CIV. P. 34(b)(1)(A). Empower will construe the terms "Empower," "Defendant," "You," and "Your" to refer to Empower Clinic Services, L.L.C., acting through its current officers, directors, and employees, and will produce responsive, non-privileged documents within its own possession, custody, or control that are relevant and proportional to the needs of the case.

**15. Definition of "Communications."** Empower objects to Lilly's expansive definition of "communications." This definition is impermissibly vague, unreasonably overbroad, and not proportional to the needs of the case. FED. R. CIV. P. 26(B). The definition imposes no temporal, geographic, or subject-matter limitations and purports to capture every conceivable transfer of information, regardless of relevance

to any claim or defense in this action. The phrase "at any time or place, under any circumstances" is limitless and would include privileged communications, communications with counsel, and communications wholly unrelated to the subject matter of this litigation. Empower further objects to the extent this definition seeks to compel production of communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. *See* FED. R. CIV. P. 26(b)(1); *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). To the extent Empower responds to any Request calling for "Communications," Empower will construe the term as limited to non-privileged communications that are relevant to the claims or defenses in this action and proportional to the needs of the case under FED. R. CIV. P. 26(b)(1).

**16. Definition of "Document(s)."** Empower objects to Lilly's overbroad and burdensome definition of "Document(s)." FED. R. CIV. P. 34(a). This definition extends beyond the scope of Federal Rule of Civil Procedure 34(a) by providing that the term "Document(s)" includes not only documents in Empower's "care, custody, possession or control" but also "all documents made available to" Empower, "whether or not such documents are in [Empower's] custody or possession." Furthermore, the definition is vague and potentially limitless, as it could be read to encompass any document ever "made available" to Empower by any person, at any time, regardless of whether Empower retained or has access to such a document. The inclusion of all "copies" bearing "any notation, handwriting, or other additions" imposes an undue burden insofar as it requires Empower to locate and produce every annotated copy of every document, including internal working copies that may be duplicative of the underlying document. Further, the definition's provision that "[i]ncluding" shall always be construed to mean "including, but not limited to" (Definition No. 15) renders every enumerated category of "Documents" an open-ended invitation to produce materials without identifiable boundaries. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, surviving under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington and consistent with the Court's Memorandum and Opinion Order [ECF No. 80], Empower will produce responsive documents within its possession, custody, or control as required by Rule 34(a)(1).

**17. Definition of "Relating to."** Empower objects that Lilly's overbroad definition of "Relating to" as unreasonably expansive, overbroad, and vague. The definition seeks to impose discovery obligations beyond those required by the Federal Rules by encompassing any document that "in any way, directly or indirectly" "alludes to," "suggests," "mentions," or "otherwise involves" the subject matter of a Request, the definition vastly exceeds the scope of relevance under FED. R. CIV. P. 26(b)(1) and would sweep in virtually every document Empower possesses, regardless of materiality. Courts have criticized such expansive "relating to" definitions as imposing obligations disproportionate to the needs of the case. *See, e.g., Roca Labs, Inc. v. Consumer Opinion Corp.*, No. 8:14-cv-2096-T-33, 2015 WL 12734082, at *3 (M.D. Fla. Mar. 31, 2015) (finding overly broad "relating to" definitions objectionable). The inclusion of terms such as "alluding to," "suggesting," and "otherwise involving" renders the definition boundless and imposes an unreasonable burden on Empower to search for and produce documents that bear no meaningful relevance to the claims or defenses in this case. Empower will construe "Relating to" in a reasonable manner consistent with the proportionality requirements of FED. R. CIV. P. 26(b)(1) to mean "directly concerning or specifically addressing."

**18. Definition of "Advertise," "Advertised," and "Advertising.** Empower objects to Lilly's definition of "Advertise," "Advertised," and "Advertising" as vague and overbroad. Specifically, the inclusion of the phrase "or otherwise make the public aware of, by any means" renders this definition vague and overbroad, as it could encompass any communication by Empower—including routine internal communications, regulatory submissions, or educational materials—that incidentally references a product.

5

To the extent Requests incorporating this definition seek documents beyond Empower's commercial advertising and promotional materials directed to consumers or prescribers, Empower objects that such Requests exceed the scope of relevant discovery and are not proportional to the needs of the case under FED. R. CIV. P. 26(b)(1). Empower will construe these terms in their ordinary and commonly understood sense.

19. **Definition of "Customer(s)."** Empower objects to Lilly's definition of "Customer(s)" as overbroad insofar as it encompasses any "entity" that "received" a Tirzepatide Product "as a result of any service provided by" Empower, which could extend to third-party logistics providers, shipping companies, healthcare providers, and other intermediaries who may have handled but not purchased or consumed such products. The definition also raises significant privacy concerns to the extent it would require disclosure of personally identifiable information of individual patients. Empower objects to the production of patient-identifying information absent an appropriate protective order. Empower will construe "Customer(s)" reasonably.

20. **Definition of "And" and "Or."** Empower objects Lilly's disjunctive construction of "And" and "Or" which provides that "'And' and 'or' shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all documents and information that might otherwise be construed to be outside of its scope." This definition effectively permits Lilly to maximize the scope of each Request beyond its plain language, rendering the Requests inherently uncertain and depriving Empower of fair notice of what is being requested. *See* FED. R. CIV. P. 34(b)(1)(A) (requiring requests to describe items with "reasonable particularity"). Empower will construe "and" and "or" in accordance with their ordinary meaning and the context of each Request.

21. **Definition of "'Any' and 'all.'"** Empower objects to Lilly's definition of "any" and "all" which provides that "'any' and 'all' are mutually interchangeable and are meant to encompass each other." This definition is overbroad and unduly burdensome because it effectively transforms every Request into a demand for all documents of any kind that touch upon the subject matter, regardless of relevance or proportionality. Empower will construe "any" and "all" in accordance with their ordinary meaning and in light of the proportionality requirements of FED. R. CIV. P. 26(b)(1).

22. **Definition of "Including."** Empower objects to Lilly's definition of "including" as "including, but not limited to." Empower objects to the extent this definition is used to expand the scope of individual Requests beyond their plain language and beyond the bounds of proportional discovery. Each Request will be read to seek specific, identifiable categories of documents, and the phrase "including, but not limited to" cannot serve as a vehicle to impose open-ended obligations on Empower.

23. **Definition of "Person" or "Persons."** Empower objects to Lilly's definition of "Person" or "Person" as overbroad to the extent it is used in combination with other overbroad definitions—such as the definitions of "You" and "Relating to"—to extend the scope of Requests to documents involving any entity anywhere in the world, without limitation as to relevance or proportionality.

24. **Definition of "Tirzepatide Product" and "Unapproved Tirzepatide Products."** Empower objects to Lilly's definition of "Tirzepatide Product" as overbroad. Lilly defines "Tirzepatide Product" as "any drug or other product that contains, purports to contain, or purported to contain tirzepatide, including Lilly's Medicines and Unapproved Tirzepatide Products," and defines "Unapproved Tirzepatide Products" as "any drug or product that contains, purports to contain, or purported to contain tirzepatide and has not received regulatory approval by the Food and Drug Administration or any other regulatory body, including but not limited to Empower's compounded Tirzepatide Products." These definitions are overbroad insofar as they are not limited to products manufactured, compounded, or distributed by Empower, but instead encompass tirzepatide products made by any entity worldwide. To the extent Requests incorporating these

6

definitions seek documents concerning third-party tirzepatide products that have no connection to Empower's operations, such Requests exceed the scope of proportional discovery under FED. R. CIV. P. 26(b)(1).  Empower further objects to the characterization of its lawfully compounded products as "Unapproved Tirzepatide Products."  This defined term is argumentative and presupposes the resolution of disputed factual and legal issues in this litigation—namely, whether Empower's compounded products require or are subject to FDA "approval" within the meaning of the applicable regulatory framework. Empower's use of this term in responding to any Request shall not be construed as an admission regarding the legal or regulatory status of its products.

**25.  Definition of "Defendant's Website(s)" or "Your Website(s)."**  Empower  objects to Lilly's definition of "Defendants Website(s)" and "Your Website(s)" as overbroad.  Specifically, the inclusion of "any other domain name, now or in the past" is unlimited in temporal scope and potentially extends to domains that have no connection to the subject matter of this litigation.  Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, surviving under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington and consistent with the Court's Memorandum and Opinion Order [ECF No. 80], Empower will produce responsive documents relating to websites that are relevant to the claims and defenses at issue.

**26.  Definition of "Distributor."**  Empower objects Lill's definition of "Distributor" as overbroad. Specifically, the phrase "or otherwise facilitates the delivery" is vague and could encompass a virtually limitless universe of persons and entities, including common carriers, couriers, and other service providers with no substantive involvement in Empower's business.  Empower will construe this term reasonably and consistent with its ordinary meaning.

**27.  Definition of "Supplier."**  Empower objects Lilly's definition of "Supplier" as overbroad. Specifically, the phrase "or is in any way involved in" supplying ingredients is vague and overbroad, as it could encompass upstream manufacturers, brokers, raw material providers, and other entities in the supply chain with no direct relationship to Empower.  Empower will construe this term to refer to entities from which Empower directly procures APIs and ingredients.

**28.  Definition of "Analytics Information."**  Empower objects Lilly's definition of "Analytics Information" as overbroad.  Specifically, Empower objects to the extent this definition requires production of granular, voluminous web analytics data that may be unduly burdensome and expensive to collect, process, and produce, and that may not be proportional to the needs of the case.  Empower further objects to the extent such data may reveal competitively sensitive business information absent an adequate protective order.

**29.  Instruction No. 5.**  Empower objects to Instruction No. 5 to the Requests for Production, which provides that "[t]hese Requests shall be deemed continuing and require further and supplemental production by You as and whenever You acquire, make, or locate additional Documents between the time of the initial production and the time of the final judgment in this Litigation."  Empower similarly objects to Instruction No. 5 to the Interrogatories, which provides that  "[t]hese Interrogatories are continuing in nature. If, after answering the Interrogatories, You obtain or become aware of any information or answers that are responsive to these Interrogatories, You shall promptly amend or supplement Your answers to these Interrogatories as required under Federal Rule of Civil Procedure 26(e)." These Instructions purport to impose obligations beyond those required by the Federal Rules.  A party's duty to supplement discovery responses is governed exclusively by FED. R. CIV. P. 26(e), which requires supplementation only in limited circumstances—specifically, where the party learns that a prior response is "incomplete or incorrect" and "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process."  Plaintiff cannot unilaterally impose a broader or perpetual duty of supplementation

7

by so stating in its discovery requests.  Empower will comply with its obligations under FED. R. CIV. P. 26(e) but does not accept the continuous production, supplementation, or amendment obligations as stated.

**30. Instruction No. 2.**  Empower objects to Instruction No. 2, which directs Empower to "produce all responsive Documents in full, without abbreviation, expurgation, or redaction."  Empower objects to this instruction to the extent it purports to require unredacted production of documents containing information protected by the attorney-client privilege, the work product doctrine, or other applicable privileges or immunities.  Empower also objects to the extent this instruction purports to require unredacted production of confidential patient information, trade secrets, or other proprietary information absent an adequate protective order.  Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, surviving under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington and consistent with the Court's Memorandum and Opinion Order [ECF No. 80], Empower will produce responsive documents in accordance with the Federal Rules and any protective order entered in this case, and will redact privileged and protected information as appropriate, identifying such redactions on a privilege log as required.

**31. Instruction No. 1 ("Possession, Custody, and Control").**  Empower objects to Instruction No. 1, which provides that the Requests "cover all Documents in Your possession, custody, and control, including Documents in the possession of Your affiliates, agents, attorneys, consultants, investigators, or other Persons acting on Your behalf."  This instruction, read in conjunction with the overbroad definition of "You" and "Your", purports to impose obligations on Empower to produce documents held by non-parties, including affiliated entities, consultants, and agents, over which Empower may not have legal control.  A party may only be compelled to produce documents within its own "possession, custody, or control" as those terms are understood under FED. R. CIV. P. 34(a)(1). Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, surviving under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington and consistent with the Court's Memorandum and Opinion Order [ECF No. 80], Empower will produce responsive, non-privileged documents within its own possession, custody, or control, and will not undertake to produce documents held by non-parties absent a showing of legal entitlement to demand such documents.

**32. Characterization of Empower's Products.**  Empower objects to the Requests to the extent they incorporate defined terms—such as "Unapproved Tirzepatide Products"—that characterize Empower's lawfully compounded products in a manner that presupposes the resolution of contested factual and legal issues in this action.  The use of the term "unapproved" is argumentative and assumes that Empower's compounded products are required to undergo the FDA new drug application approval process, which is a central disputed issue in this litigation.  Empower's responses to any Request using such terminology shall not be construed as adopting or conceding the factual or legal premises embedded in Lilly's defined terms.

**33. Creation of Documents.**  Empower objects to the Requests to the extent that they call for the creation of documents that do not currently exist.  Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, surviving under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington and consistent with the Court's Memorandum and Opinion Order [ECF No. 80], Empower will produce responsive, non-privileged documents within its own possession, custody, or control.

**34. HIPAA.**  Empower objects to the extent any request seeks information protected by the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d et seq., its implementing

8

regulations at 45 C.F.R. Parts 160 and 164, and/or applicable state pharmacy practice acts governing the confidentiality of patient and prescription information.

## FIRST AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify every Supplier of any ingredient or component in your Unapproved Tirzepatide product that You have used or are using, including by providing, as to each Supplier: the Supplier's name, physical address, e-mail address, and phone number; any representative or point of contact that You have worked with; and the date You first began receiving tirzepatide API or other ingredients from this Supplier and the date You stopped receiving tirzepatide API or other ingredients from this Supplier.

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory seeks every supplier of any ingredient or component, together with direct contact information, points of contact, and the full duration of each relationship, without any reasonable temporal limitation. It seeks highly sensitive supplier identities and business relationships and is disproportionate and commercially sensitive absent a protective order. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Empower further objects that supplier identities, relationships, and contact information constitute trade secrets and are not subject to disclosure. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol. Where the burden of deriving or ascertaining the answer to this interrogatory would be substantially the same for either party upon a review of records, Empower may produce records rather than providing a narrative response.

**INTERROGATORY NO. 2:**

Identify every Distributor, including by providing, as to each Distributor, the Distributor's name, physical address, e-mail address, and phone number; the date the Distributor began acting as Your Distributor; and the date the Distributor stopped acting as Your Distributor.

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory seeks every distributor and detailed contact information and duration of each relationship, again without reasonable narrowing. It seeks confidential third-party business relationships and competitive information and is overbroad and disproportionate at this stage. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Empower further objects that supplier identities, relationships, and contact information constitute trade secrets and are not subject to disclosure. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**INTERROGATORY NO. 3:**

Identify every Person involved in any testing of tirzepatide API, API or ingredients other than tirzepatide used in Your Unapproved Tirzepatide Product, or Your Unapproved Tirzepatide Product, such as for purity, potency, endotoxin concentration, bacterial contamination, and sterility, including by providing, as to each such Person, the Person's name, physical address, e-mail address, phone number, and a description of each test such Person performs.

10

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory seeks every person involved in any testing, together with personal contact information and descriptions of testing functions. It is overbroad on its face, seeks confidential third-party and operational information, improperly seeks confidential employee information, may violate HIPAA, and would require burdensome collection and investigation absent a defined scope and ESI protocol. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Empower objects that seeking "every Person involved in any testing" is vague and overbroad, as it could encompass hundreds of employees and contractors engaged in routine quality-control functions. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**INTERROGATORY NO. 4:**

Identify every Person involved in Your decision to begin compounding Unapproved Tirzepatide Drugs or to continue compounding Unapproved Tirzepatide Drugs.

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory broadly seeks every person involved in the decision to begin or continue compounding, without temporal or subject-matter limits and in light of the narrowed scope of the case following the Court's ruling on the Motion to Dismiss. It seeks internal decision-making and commercially sensitive information before entry of a confidentiality order. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Specifically, this interrogatory directly implicates privileged attorney-client communications and work product, as decisions regarding the legality and continuation of compounding operations were made in consultation with and upon the advice of counsel. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**INTERROGATORY NO. 5:**

Describe with particularity Your factual and legal bases for Your contention that Your Unapproved Tirzepatide Products are authorized under state and federal law.

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory is a premature contention interrogatory seeking Empower's complete factual and legal bases and attorney thought processes regarding authorization under state and federal law. Empower further objects that the Court has dismissed Lilly's federal Lanham Act claims, and to the extent this interrogatory seeks information regarding federal law authorization beyond the scope of the surviving state law claims, it is overbroad and not proportional to the needs of the case as narrowed by the Court's Memorandum and Opinion Order [ECF No. 80]. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule

11

7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**INTERROGATORY NO. 6:**

Describe with particularity any and all steps You took to secure registration or licensing in any state for Your Unapproved Tirzepatide Products.

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory is irrelevant, vague, and ambiguous as it seeks all steps taken to secure registration or licensing in any state, without reasonable limitation as to time, jurisdiction, or relevance to any surviving claim. It also implicates extensive regulatory materials and ESI collection. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Empower objects that this interrogatory is overly broad and limitless in scope as it seeks information spanning all fifty states and U.S. territories without limiting the request to jurisdictions at issue in this litigation.  Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**INTERROGATORY NO. 7:**

Describe with particularity any and all steps You took to secure premarket regulatory approval by the United States Food and Drug Administration or any other regulatory body for Your Unapproved Tirzepatide Products.

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory is argumentative and overly broad as it seeks all steps taken to secure premarket regulatory approval, a broad merits contention topic that is disproportionate and premature given the threshold issues raised in Empower's motion to dismiss. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Empower further objects that this interrogatory assumes the legal conclusion that premarket regulatory approval was required for compounded products, a threshold legal issue that is contested and the subject of Empower's pending Motion to Dismiss. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**INTERROGATORY NO. 8:**

Describe with particularity all inspections of Your facilities by any Person, including by identifying the date of the inspection, the address of the facilities inspected, the name of the Person inspecting the facilities (including his or her employer), a complete and accurate recitation of all findings of such inspection, and Your response to such inspection or findings.

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory seeks all inspections of Empower's facilities by any person, including a complete recitation of findings and responses, without reasonable temporal or subject-matter limits. It sweeps in inspections far beyond the claims at issue and seeks confidential regulatory and operational materials. Empower further objects to the extent the

Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Empower further objects that this interrogatory is overbroad.  Spcifically, Empower objects that "all inspections ... by any Person" encompasses inspections wholly unrelated to the claims at issue, including fire, building, OSHA, and insurance inspections. Empower further objects that seeking "a complete and accurate recitation of all findings" and "Your response to such inspection" constitutes multiple discrete subparts requiring narrative responses that exceed the scope of a single interrogatory.  Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**INTERROGATORY NO. 9:**

For each formulation of the Unapproved Tirzepatide Products that were sold by You— including any variations in additives, excipients, dosages, concentrations, or delivery mechanisms—identify the formulation of the Unapproved Tirzepatide Products, including the ratio of tirzepatide and any additives (including but not limited to niacinamide, pyridoxine, glycine, or l-carnitine), the time period during which it was available, describe any changes in formulation over time, state the reason for each formulation or change in formulation, and state the number of prescriptions filled of each formulation over time.

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory seeks each formulation sold, all changes over time, reasons for each change, and prescription counts over time. It thus demands trade-secret formulation information and transaction-level business information and is burdensome, overbroad, and commercially sensitive. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Empower objects that this interrogatory contains at least six discrete subparts and should be counted as multiple interrogatories under Rule 33(a)(1). Empower further objects that formulation details, including additive ratios and concentrations, constitute trade secrets that may not be disclosed even under a protective order absent a showing of substantial need. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**INTERROGATORY NO. 10:**

Describe the target market in the United States for Your Unapproved Tirzepatide Products, including, but not limited to geographic and demographic information.

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. Compounded drug products are tailored to meet patient-specific needs as legally prescribed pursuant to a bona fide provider-patient relationship. Empower objects to this interrogatory to the extent it seeks the disclosure of protected personal health information of its patients. Empower further objects that "target market" is vague and undefined. This interrogatory seeks broad market and demographic information concerning the alleged target market in the United States, which is commercially sensitive and not proportional at this stage. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Empower further objects that this interrogatory presupposes the existence of analyses that Empower may not have conducted, and to the extent it calls for the creation of new analyses, it exceeds the scope of discovery. Once a mutually agreeable

cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**INTERROGATORY NO. 11:**

Identify the complete revenue and other financial remuneration that You received Relating to Your sale of any Unapproved Tirzepatide Products, including but not limited to monies collected from the sale of Unapproved Tirzepatide Products and/or subscription fees collected from customers prescribed Unapproved Tirzepatide Products.

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory seeks complete revenue and other financial remuneration relating to sales, including subscription fees, without narrowing. It seeks highly sensitive revenue and financial information before entry of a protective order. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Empower objects that "other financial remuneration" is vague and undefined. To the extent Empower is ultimately required to respond, Empower reserves the right to designate any financial information under any protective order entered in this case.  Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**INTERROGATORY NO. 12:**

Identify and describe with particularity each instance in which You Advertised Your Unapproved Tirzepatide Products as "personalized," "products for specific patients," "tailor[ed] to meet [patients'] unique needs," "custom, high- quality prescriptions," and "tailored to fit individual patients," including but not limited to the date each Advertisement became publicly accessible, Analytics Information for each Advertisement, all individuals involved in the creation of each Advertisement, and the amount spent on each Advertisement.

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory seeks each instance of specified advertising, together with analytics information, all individuals involved, and amounts spent. It demands broad merits discovery, ESI, analytics, and confidential marketing information absent an ESI protocol and protective order. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**INTERROGATORY NO. 13:**

Identify and describe with particularity the complete factual bases for Your Advertising Your Unapproved Tirzepatide Products as "personalized," "products for specific patients," "tailor[ed] to meet [patients'] unique needs," "custom, high-quality prescriptions," and to be "tailored to fit individual patients," including whether Your personalization of medicine involves any modification of Your Unapproved Tirzepatide Products' formulation, dosage, delivery method, or other characteristics, and if so, describe each such modification in detail.

14

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory seeks the complete factual bases for advertising claims concerning personalization and asks whether personalization involves modifications to formulation, dosage, delivery method, or other characteristics. It is a premature contention interrogatory and also seeks trade-secret formulation and operational information. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Empower further objects that formulation details, including additive ratios and concentrations, constitute trade secrets that may not be disclosed even under a protective order absent a showing of substantial need. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**INTERROGATORY NO. 14:**

Identify and describe with particularity each instance in which You Advertised Your Unapproved Tirzepatide Products as safe and effective treatments for type 2 diabetes and weight management, including but not limited to by claiming that the Unapproved Tirzepatide Products "activate[] both glucagon-like peptide-1 (GLP-1) and glucose-dependent insulinotropic polypeptide (GIP) receptors," "enhance[] insulin production and secretion from pancreatic beta cells," "play a role in blood sugar regulation," "influence fat metabolism," "significantly reduce[] body weight," and "help people with non-alcoholic fatty liver disease," including but not limited to the date each Advertisement became publicly accessible, Analytics Information for each Advertisement, all individuals involved in the creation of each Advertisement, and the amount spent on each Advertisement.

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory seeks each instance of specified advertising claims regarding safety and effectiveness, together with analytics, participants, and advertising spend. It is overbroad, ESI-intensive, and seeks confidential marketing and commercially sensitive information. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**INTERROGATORY NO. 15:**

Identify and describe with particularity the complete factual bases for Your Advertising compliance with regulatory requirements, including but not limited to Your claims that You "adhere to stringent regulations set by State Boards of Pharmacy, the FDA, and USP standards, and even voluntary quality testing" and that Your "multi-pronged quality process adheres to stringent regulatory standards across every step."

**FIRST AMENDED RESPONSE:** Empower objects to this Interrogatory on the grounds set forth in the General Objections, which are incorporated herein by reference. This interrogatory seeks the complete factual bases for advertising compliance with regulatory requirements. It is a premature contention interrogatory that also seeks attorney thought processes and broad regulatory and compliance information given the narrowed scope of the surviving claims. Empower further objects to the extent the Interrogatory seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any

15

other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will serve any substantive response, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Organizational chart(s) or other documents sufficient to show Your officers, directors, employees (including their titles), and the reporting structure of Your business from 2021 to the present.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks broad internal organizational materials from 2021 to the present and reaches well beyond any narrowly tailored issue at the pleading stage. Empower further object to the overly broad and unduly burdensome nature of this Request due to the inclusion of all employees since 2021, many of whom do not possess information relevant to this litigation, do not have decision-making authority relevant to the matters at issue, and may no longer be employed by Empower. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 2:**

Operating agreements or other corporate documents governing the formation and organization of Your limited liability company.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks internal governance and formation documents that are confidential corporate records and not proportional at this stage. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 3:**

All draft and final documents concerning any testing of the purity, potency, endotoxin concentration, and sterility of the Unapproved Tirzepatide Product or any active or inactive ingredient of the Unapproved Tirzepatide Product.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all draft and final testing documents and therefore is facially overbroad, ESI-intensive, and directed to highly sensitive technical information. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects to the extent this Request seeks draft documents, including preliminary notes, internal deliberative materials, and non-final reports, the production of which would be unduly burdensome and disproportionate. Empower will construe this request as seeking final testing documentation only, subject to an appropriate ESI protocol. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply,

17

Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show all members, owners, partners, investors, or other Persons having a financial interest in Your limited liability company, including the ownership percentage of each member, their phone number, e-mail address, and last known residence.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks ownership, investor, and financial-interest information, including personal contact information and residences, and thus seeks highly sensitive confidential and private information absent any sufficient narrowing. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify each and every Distributor that You are engaged, partnered, contracted, or affiliated with, or that otherwise distributed the Unapproved Tirzepatide Products to Customers, and the time period(s) that You worked with each Distributor.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks documents identifying every distributor and the duration of each relationship and therefore seeks confidential third-party business relationships and competitive information. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower objects that this Request is cumulative and duplicative of Interrogatory Nos. 1 and 2, which seeks substantially the same information. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Empower further objects that distributor identities, relationships, and contact information constitute trade secrets under the Texas Uniform Trade Secrets Act Tex. Civ. Prac. & Rem. Code § 134A.002, and are not subject to disclosure absent heightened protections. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify each and every outsourcing facility, as the term is defined in 21 U.S.C. § 353b, from which You otherwise procured any Unapproved Tirzepatide Product.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks documents identifying each outsourcing facility from which Empower otherwise procured any unapproved tirzepatide product and thus seeks confidential sourcing information without narrowing. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection.

Empower objects that this request is cumulative and duplicative of Interrogatory Nos. 1 and 2, which seeks substantially the same information. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify each and every Supplier of any raw materials, ingredients, API, or other products for the Unapproved Tirzepatide Products that You provide to Your Customers and the time period(s) each entity served as an API Supplier.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks documents identifying each supplier of raw materials, ingredients, API, or other products and the duration of each relationship, which is highly confidential supplier information. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower objects that this Request is cumulative and duplicative of Interrogatory Nos. 1 and 2, which seeks substantially the same information. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Empower further objects that supplier identities, relationships, and contact information constitute trade secrets and are not subject to disclosure. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show Your sales, profits, revenue, and expenses associated with the sale of Your Unapproved Tirzepatide Product from the time you began offering it to the present.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks sales, profits, revenue, and expenses associated with product sales from inception to present and thus seeks highly sensitive financial information before entry of a protective order. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show every prescription, order, or prescription order pursuant to which You have sold any of the Unapproved Tirzepatide Products.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks documents sufficient to show every prescription, order, or prescription order and therefore calls for sweeping transaction-level and patient-related materials that are not proportional at this stage. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection.

19

Empower further objects to the extent this Request seeks protected health information and personally identifiable information of patients and prescribers in potential violation of HIPAA and applicable state pharmacy confidentiality laws.  Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show the geographic areas in the United States in which Your Unapproved Tirzepatide Products have been or are sold, including, but not limited to, the time period for which they have been sold in each area.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks documents sufficient to show geographic areas and time periods of sales throughout the United States and would require broad transaction-level compilation absent a defined framework. Empower further object to the extent this overly broad Request seeks production of information that may disclose protected health information of patients and prescribers.  Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 11:**

For each of Your sales or distribution of the Unapproved Tirzepatide Products, Documents sufficient to show: (a) the date of the sale or distribution; (b) the name of the Unapproved Tirzepatide Product sold or distributed; (c) the quantity and concentration of the Unapproved Tirzepatide Product sold; (d) the dispensed by date of the Unapproved Tirzepatide Product sold; (e) the amount of money paid by the Customer in connection with the sale; (f) the amount of money You received in connection with the sale; (g) the name of the licensed pharmacist by or under whose direct supervision the Unapproved Tirzepatide Product was compounded, if any; (h) whether the sale or distribution was made pursuant to a prescription; (i) the name of the prescribing licensed physician or licensed nurse practitioner, if any; (j) the name of the recipient of the Unapproved Tirzepatide Product; (k) the address to which the Unapproved Tirzepatide Product sold was shipped, if any; and (l) whether You obtained a statement of significant difference from a prescriber for each prescription and, if so, the date You obtained the statement.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks granular transaction-by-transaction sales and distribution information, including recipient names, shipment addresses, prescribers, pharmacists, prices, and amounts received. It is extraordinarily burdensome, commercially sensitive, and implicates sensitive customer and patient-related information. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that subparts (i), (j), and (k) seek protected health information and personally identifiable information of patients and prescribers in potential violation of HIPAA and applicable state pharmacy confidentiality laws. Once a mutually agreeable cost sharing agreement has been

finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Relating to the current or future size of the market or business opportunity for the Unapproved Tirzepatide Products, including all analyses, forecasts, or estimates of the impact of Your business on Lilly's sales or market share, or reflecting competition with Lilly Medicines.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents relating to current or future market size, business opportunity, forecasts, estimates, and competitive impact, which are classic confidential commercial materials. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 13:**

All minutes, resolutions, consents, agendas, presentations, or notes of meetings of the board of directors, managers, members, shareholders, partners, or comparable governing bodies of each entity within Your corporate structure at which Lilly's Medicines; Unapproved Tirzepatide Products; policies, procedures, protocols or training for Your employees concerning manufacturing, preparing, or dispensing Your Unapproved Tirzepatide Products (including with regard to prescription practices and patient evaluation); clinical trials for any products You compounded; or regulatory compliance were discussed.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks board- and governance-level minutes, agendas, presentations, and notes across each entity within Empower's corporate structure regarding broad subjects, including Lilly medicines, products, policies, procedures, training, clinical trials, and regulatory compliance. It is facially overbroad and seeks highly sensitive internal deliberative materials. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 14:**

Your marketing and promotional materials concerning Unapproved Tirzepatide Products.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks marketing and promotional materials concerning the products and, as phrased, is not temporally limited and would encompass broad categories of ESI and internal marketing materials. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or

21

protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 15:**

All webpages Relating to the Unapproved Tirzepatide Products that have appeared on Your Website, Your social media accounts, or any other online platform owned or operated by You, from the date of their creation to present.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all webpages relating to the products that appeared on Empower's website, social media, or any online platform from creation to present, making it broad, ESI-intensive, and disproportionate absent custodial and technical limitations. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications Relating to any evaluation of the safety, effectiveness, or cost of the Unapproved Tirzepatide Products compounded, sold, or otherwise distributed by You.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents and communications relating to any evaluation of safety, effectiveness, or cost and is overbroad, ESI-intensive, and directed to sensitive merits contentions. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents provided by You to physicians, nurses, or other individuals with authority to administer or prescribe Unapproved Tirzepatide Products concerning any Tirzepatide Product.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents provided to physicians, nurses, or other individuals with authority to administer or prescribe concerning any tirzepatide product and is overbroad and not reasonably limited. Empower further objects that this Request seeks the production of protected health information of patients and their prescribers and violates HIPAA. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged

22

responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Relating to any statements by You to Customers or by Customers to You relating to the source or quality of the Unapproved Tirzepatide Products, or about the quality, safety, or effectiveness of the Unapproved Tirzepatide Products.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents relating to statements by Empower to customers or by customers to Empower about source, quality, safety, or effectiveness. It sweeps broadly across customer communications and ESI and is disproportionate at this stage. Empower further objects that this Request seeks the production of protected health information of patients and their prescribers and violates HIPAA. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 19:**

All Certificates of Analysis for the Unapproved Tirzepatide Products.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all certificates of analysis for the products and thus seeks technical and commercially sensitive materials before a confidentiality order is in place. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 20:**

All Certificates of Analysis for the API used in the Unapproved Tirzepatide Products.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all certificates of analysis for the API used in the products and therefore seeks highly confidential supplier- and product-related technical materials. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objections that this Request seeks production of proprietary and commercially sensitive information belonging to parties not involved in this litigation. We consistently take the position that the API COA is proprietary to the supplier and we lack standing to produce without express authorization or order, except when required to provide in the course of a regulatory investigation. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any

nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 21:**

All draft and final documents concerning any study into the bioavailability, efficacy, or safety of the Unapproved Tirzepatide Product.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all draft and final documents concerning any study into bioavailability, efficacy, or safety and is facially overbroad and ESI-intensive. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show any testing conducted by You or on Your behalf on the Unapproved Tirzepatide Products, including the results of any clinical trials and any studies concerning the bioavailability, efficacy, or safety of the Unapproved Tirzepatide Product.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks documents sufficient to show any testing conducted, including clinical trials and studies concerning bioavailability, efficacy, or safety, and thus seeks broad technical materials beyond any narrowed scope. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications Relating to any recall of Your Unapproved Tirzepatide Products.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents and communications relating to any recall, without temporal limitation or narrowing, and is overbroad as framed. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications Relating to any inspection by the FDA concerning You that resulted in an observation, a Form 483, a notice, a warning letter, or any other Documents or Communications reflecting negative or objectionable conditions or issues or violations of state or federal law, including but not limited to the FDA inspections (a) conducted November 9, 2015 through November 25, 2015 that resulted in a Form 483 dated November 25, 2015 and a Warning Letter dated May 25, 2017, (b) conducted October 16, 2023 through December 1, 2023 that resulted in a Form 483 dated December 1, 2023, (c) conducted Sept ember 24, 2024 through October 4, 2024 that resulted in a Form 483 dated October 4, 2024 and a Warning Letter dated April 2, 2025, (d) conducted January 10, 2018 through January 24, 2018 that resulted in a Form 483 dated January 24, 2018 and an informal citation dated July 22, 2019, (e) conducted February 12, 2020 through March 6, 2020 that resulted in a Form 483 dated March 6, 2020 and a Warning Letter dated October 15, 2021, (f) conducted July 18, 2022 through August 5, 2022 that resulted in a Form 483 dated August 5, 2022, (g) conducted August 1, 2024 through August 28, 2024 that resulted in a Form 483 dated August 28, 202 4 and a Warning Letter dated April 2, 2025, (h) conducted December 11, 2023 through December 22, 2023 that resulted in a Form 483 dated December 22, 2023, (i) conducted November 5, 2024 through November 18, 2024 that resulted in a Form 483 dated November 18, 2024, and (j) conducted November 3, 2025 through November 14, 2025 that resulted in two Form 483s dated November 14, 2025.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents and communications relating to a wide range of FDA inspections, Form 483s, warning letters, and alleged negative conditions or issues across multiple years and inspection events. It is facially overbroad, unduly burdensome, harassing, and seeks sensitive regulatory materials far beyond any narrow issue. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this Request seeks substantially equivalent information that is available from public sources. Empower further objects that this request seeks documents concerning regulatory actions that are temporally remote, involve different products, and/or involve different jurisdictions with no demonstrated nexus to the claims at issue. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications Relating to the August 2018 consent decree that You entered into with the Oklahoma Board of Pharmacy based on Your illegal sale of unapproved compounded medicines.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request is misleading as it mischaracterizes and misidentifies the document. It also seeks all documents and communications relating to an August 2018 Oklahoma consent decree and thus reaches historical regulatory matters far predating the present discovery requests. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this Request seeks information that is equally available from public sources. Empower further objects that this request seeks documents concerning regulatory actions that are temporally remote, involve different products, and/or involve different jurisdictions with no demonstrated nexus to the claims at issue. Empower

25

further objects that the requested documents may be subject to confidentiality provisions in the underlying consent decree/settlement agreement, and production may be prohibited under the terms of those agreements. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications Relating to the July 2019 consent decree that You entered into with the Idaho Board of Pharmacy based on Your illegal sale of unapproved compounded medicines.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request is misleading as it mischaracterizes and misidentifies the document. It also seeks all documents and communications relating to a July 2019 Idaho consent decree and is overbroad, burdensome, and directed to historical regulatory matters. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this Request seeks information that is equally available from public sources. Empower further objects that this request seeks documents concerning regulatory actions that are temporally remote, involve different products, and/or involve different jurisdictions with no demonstrated nexus to the claims at issue. Empower further objects that the requested documents may be subject to confidentiality provisions in the underlying consent decree/settlement agreement, and production may be prohibited under the terms of those agreements. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications Relating to the September 2021 letter of admonishment that You received from the Colorado Department of Regulatory Agencies based on Your violations committed in other states.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request is misleading as it mischaracterizes and references "violations committed in other states." It also seeks all documents and communications relating to a September 2021 Colorado admonishment and is overbroad and disproportionate at this stage. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this Request seeks information that is equally available from public sources. Empower further objects that this request seeks documents concerning regulatory actions that are temporally remote, involve different products, and/or involve different jurisdictions with no demonstrated nexus to the claims at issue. Empower further objects that the requested documents may be subject to confidentiality provisions in the underlying consent decree/settlement agreement, and production may be prohibited under the terms of those agreements. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications Relating to the May 2021 order issued by the Iowa Board of Pharmacy finding that You violated Board Rule 657 IAC 20.12 by compounding essentially copies of approved drugs.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents and communications relating to a May 2021 Iowa order and historical compounding issues, which are broad historical regulatory matters. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this Request seeks information that is equally available from public sources. Empower further objects that this request seeks documents concerning regulatory actions that are temporally remote, involve different products, and/or involve different jurisdictions with no demonstrated nexus to the claims at issue. Empower further objects that the requested documents may be subject to confidentiality provisions in the underlying consent decree/settlement agreement, and production may be prohibited under the terms of those agreements. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications Relating to the January 2023 stipulated order that You entered into with the California Board of Pharmacy Relating to the charges included in California's Third Amended Accusation in the case In the Matter of the Accusation Against Empower Clinic Services, LLC, DBA Empower Pharmacy, No. 7117 (Cal. Bd. of Pharmacy 2022).

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents and communications relating to a January 2023 California stipulated order and related charges, and is a sweeping request for historical regulatory files. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this Request seeks information that is equally available from public sources. Empower further objects that this request seeks documents concerning regulatory actions that are temporally remote, involve different products, and/or involve different jurisdictions with no demonstrated nexus to the claims at issue. Empower further objects that the requested documents may be subject to confidentiality provisions in the underlying consent decree/settlement agreement, and production may be prohibited under the terms of those agreements. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications Relating to the November 2024 settlement agreement that You entered into with the Florida Board of Pharmacy Relating to the charges included in California's Third Amended Accusation in the case In the Matter of the Accusation Against Empower Clinic Services, LLC, DBA Empower Pharmacy, No. 7117 (Cal. Bd. of Pharmacy 2022).

27

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents and communications relating to a November 2024 Florida settlement agreement tied to California charges, and is broad, burdensome, and seeks sensitive regulatory materials. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this Request seeks information that is equally available from public sources. Empower further objects that this request seeks documents concerning regulatory actions that are temporally remote, involve different products, and/or involve different jurisdictions with no demonstrated nexus to the claims at issue. Empower further objects that the requested documents may be subject to confidentiality provisions in the underlying consent decree/settlement agreement, and production may be prohibited under the terms of those agreements. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications Relating to the August 2023 settlement agreement that You entered into with the Florida Board of Pharmacy Relating to the charges included in California's Third Amended Accusation in the case In the Matter of the Accusation Against Empower Clinic Services, LLC, DBA Empower Pharmacy, No. 7117 (Cal. Bd. of Pharmacy 2022).

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents and communications relating to an August 2023 Florida settlement agreement tied to California charges, and is likewise broad and historical. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this Request seeks information that is equally available from public sources. Empower further objects that this request seeks documents concerning regulatory actions that are temporally remote, involve different products, and/or involve different jurisdictions with no demonstrated nexus to the claims at issue. Empower further objects that the requested documents may be subject to confidentiality provisions in the underlying consent decree/settlement agreement, and production may be prohibited under the terms of those agreements. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications Relating to the January 2024 settlement agreement that You entered into with the Pennsylvania Board of Pharmacy Relating to the charges included in California's Third Amended Accusation in the case In the Matter of the Accusation Against Empower Clinic Services, LLC, DBA Empower Pharmacy, No. 7117 (Cal. Bd. of Pharmacy 2022).

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents and communications relating to a January 2024 Pennsylvania settlement agreement tied to California charges, and is broad and burdensome. Empower further objects to the extent this Request seeks documents or

information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this Request seeks information that is equally available from public sources. Empower further objects that this request seeks documents concerning regulatory actions that are temporally remote, involve different products, and/or involve different jurisdictions with no demonstrated nexus to the claims at issue. Empower further objects that the requested documents may be subject to confidentiality provisions in the underlying consent decree/settlement agreement, and production may be prohibited under the terms of those agreements. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications Relating to (a) Your November 2023 inspection by the Iowa Board of Pharmacy identifying "deficiencies related to sterile, nonsterile, and hazardous drug compounding," (b) the emergency order issued by Iowa in March 2024 indefinitely suspending Your license, and (c) the settlement agreement You entered into with Iowa in January 2025.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents and communications relating to multiple Iowa regulatory events, including an inspection, emergency order, and settlement agreement, and is broad historical regulatory discovery. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this Request seeks information that is equally available from public sources. Empower further objects that this request seeks documents concerning regulatory actions that are temporally remote, involve different products, and/or involve different jurisdictions with no demonstrated nexus to the claims at issue. Empower further objects that the requested documents may be subject to confidentiality provisions in the underlying consent decree/settlement agreement, and production may be prohibited under the terms of those agreements. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications Relating to the consent decree that You entered into in September 2024 with the Virginia Board of Pharmacy Relating to the violation of Virginia regulations and statutes at Your affiliated outsourcing facility.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request is misleading as it mischaracterizes and misidentifies the document. It also seeks all documents and communications relating to a September 2024 Virginia consent decree involving an affiliated outsourcing facility and is broad, historical, and seeks sensitive regulatory files. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this Request seeks information that is equally available from public sources. Empower further objects that this request seeks documents concerning regulatory actions that are temporally remote,

involve different products, and/or involve different jurisdictions with no demonstrated nexus to the claims at issue. Empower further objects that the requested documents may be subject to confidentiality provisions in the underlying consent decree/settlement agreement, and production may be prohibited under the terms of those agreements. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications Relating to the Order issued by the Virginia Board of Pharmacy in February 2025 prohibiting Empower from delivering compounded sterile drugs into Virginia.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents and communications relating to a February 2025 Virginia order and is broad regulatory discovery that should not proceed absent a protective order and narrowed scope. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this Request seeks information that is equally available from public sources. Empower further objects that this request seeks documents concerning regulatory actions that are temporally remote, involve different products, and/or involve different jurisdictions with no demonstrated nexus to the claims at issue. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications Relating to the charges included in the November 24, 2025 Accusation and Petition to Revoke Probation in the case In the Matter of the Accusation, and Petition to Revoke Probation Against Empower Clinic Services, LLC, DBA Empower Pharmacy; Arta Shaun Noorian, Member; Jordan Bowers Cuccia, PIC, No. 7437 (Cal. Bd. of Pharmacy 2025).

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request is premature since this matter is only in the discovery phase and has not yet been adjudicated. Empower further objects to this Request as it seeks all documents and communications relating to a November 24, 2025 California accusation and petition to revoke probation, and is broad merits and regulatory discovery concerning contested charges. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this Request seeks information that is equally available from public sources. Empower further objects that this request seeks documents concerning regulatory actions that are temporally remote, involve different products, and/or involve different jurisdictions with no demonstrated nexus to the claims at issue. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to show Your licensing and registration in each state, including but not limited to any Communications with and submissions to federal, state, or local governmental agency, board, or commission Relating to licensing or registration.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks documents sufficient to show licensing and registration in each state, including communications with and submissions to governmental bodies, without reasonable narrowing. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 38:**

All compliance manuals and guidance Documents Relating to any federal, state, or local laws or regulations concerning drug safety and licensing.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all compliance manuals and guidance documents relating to any federal, state, or local laws or regulations concerning drug safety and licensing. It is facially overbroad and seeks sensitive compliance materials. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents reflecting Your pricing methodologies, margin analyses, cost-of-goods calculations, break-even analyses, or other financial models used to set the price charged to Customers for Unapproved Tirzepatide Products.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks pricing methodologies, margin analyses, cost-of-goods calculations, break-even analyses, and other financial models, which are quintessential confidential commercial materials. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this request seeks trade secrets, including pricing algorithms, cost structures, and margin analyses, the disclosure of which—even under a protective order—could cause irreparable competitive harm. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 40:**

31

Documents sufficient to show each formulation of the Unapproved Tirzepatide Products that You have made, whether sold or not, including the amount of any additives (including but not limited to niacinamide, pyridoxine, glycine, or l-carnitine), the ratio of any additive to tirzepatide, and other differences between the formulation of Lilly's Medicines and the Unapproved Tirzepatide Products.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks documents sufficient to show each formulation made, whether sold or not, including additive amounts and ratios and differences from Lilly's medicines. It seeks trade-secret formulation information and is highly sensitive. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that this request improperly asks Empower to identify "differences" between its products and Lilly's Medicines, which presupposes that Empower has knowledge of Lilly's proprietary formulations and calls for a comparative analysis that Empower is not obligated to create. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to show every change in additives (including but not limited to niacinamide, pyridoxine, glycine, or l-carnitine) in the Unapproved Tirzepatide Products dispensed to Your Customers, and the reasons for each change in additive (including but not limited to niacinamide, pyridoxine, glycine, or l-carnitine) to the Unapproved Tirzepatide Products, including all Communications Relating to each change and how each change was communicated to Your Customers.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks documents sufficient to show every change in additives, reasons for each change, all related communications, and how each change was communicated to customers. It is broad, technical, ESI-intensive, and commercially sensitive. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents Relating to any instances of or inquiries concerning actual or possible confusion, mistake, or deception about whether there is any affiliation between Lilly or Lilly's Medicines and You or the Unapproved Tirzepatide Products.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents relating to any instances of or inquiries concerning actual or possible confusion, mistake, or deception about affiliation with Lilly and is broad and untethered to a reasonable scope. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or

protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 43:**

Documents sufficient to show all monthly expenditures for Advertising the Unapproved Tirzepatide Products in the United States, including Documents sufficient to explain each type of expenditure.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks documents sufficient to show all monthly advertising expenditures in the United States and explanations of each type of expenditure, which are sensitive marketing and financial records. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents Relating to Analytics Information for Your Website, Your social media accounts, or any other online platform owned or operated by You, including but not limited to web traffic, bounce rate, page views, click path, visitors and visits, or impressions of each.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents relating to analytics information for Empower's website, social media, or any online platform, including traffic, bounce rate, page views, click paths, visits, or impressions. It is broad, ESI-intensive, and seeks proprietary marketing analytics. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Empower further objects that analytics data from platforms unrelated to tirzepatide marketing is irrelevant. Empower further objects that certain analytics data is maintained by third-party platforms and may not be in Empower's possession, custody, or control. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents Relating to the development of Your promotional materials and Your Advertisements, including but not limited to those published on Your Website, in which You Advertised Your Unapproved Tirzepatide Products as "personalized," "products for specific patients," "tailor[ed] to meet [patients'] unique needs," "custom, high-quality prescriptions," and "tailored to fit individual patients," and including prior iterations, drafts, and communications with any third party about Your Website, Your promotional materials, and Your Advertisements.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents relating to development of promotional materials and advertisements concerning personalization claims, including drafts and third-party communications. It is broad, ESI-intensive, and seeks internal deliberations and

33

marketing strategy. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents Relating to the development of Your promotional materials and Your Advertisements, including but not limited to those published on Your Website, in which You Advertised Your Unapproved Tirzepatide Products as safe and effective treatments for type 2 diabetes and weight management, including but not limited to by claiming that the Unapproved Tirzepatide Products "activate[] both glucagon-like peptide-1 (GLP-1) and glucose-dependent insulinotropic polypeptide (GIP) receptors," "enhance[] insulin production and secretion from pancreatic beta cells," "play a role in blood sugar regulation," "influence fat metabolism," "significantly reduce[] body weight," and "help people with non-alcoholic fatty liver disease," and including prior iterations, drafts, and communications with any third party about Your Website, Your promotional materials, and Your Advertisements.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents relating to development of promotional materials and advertisements concerning safety-and-effectiveness claims, including drafts and third-party communications. It is broad, ESI-intensive, and seeks internal deliberations and marketing strategy. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents Relating to the development of Your promotional materials and Your Advertisements, including but not limited to those published on Your Website, in which You Advertised Your compliance with regulatory requirements, including but not limited to Your claims that You "adhere[] to stringent regulations set by State Boards of Pharmacy, the FDA, and USP standards, and even voluntary quality testing" and that Your "multi-pronged quality process adheres to stringent regulatory standards across every step," and including prior iterations, drafts, and communications with any third party about Your Website, Your promotional materials, and Your Advertisements.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents relating to development of promotional materials and advertisements concerning regulatory-compliance claims, including drafts and third-party communications. It is broad, ESI-intensive, and seeks internal deliberations and regulatory materials. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will

34

produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to show all Persons involved in the development of Your Website, Your promotional materials, and Your Advertisements, and including which Advertisements, promotional materials, and/or Website was worked on by each Person, as applicable.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request is also overly broad as it is unlimited in time and scope as it seeks documents sufficient to show all persons involved in development of the website, promotional materials, and advertisements, together with what each person worked on. It is broad and seeks sensitive internal and third-party information. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents concerning Your Advertising claim that Your Unapproved Tirzepatide Products are "personalized," "products for specific patients," "tailor[ed] to meet [patients'] unique 15 needs," "custom, high-quality prescriptions," and to "tailored to fit individual patients," as identified in ¶¶ 112-121 of the Complaint, including any underlying research studies or other documents supporting or refuting that claim.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents concerning personalization advertising claims, including underlying research studies or other documents supporting or refuting those claims. It is a broad merits request that seeks internal analyses and technical materials. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents concerning Your Advertising claim that Your Unapproved Tirzepatide Products are safe and effective treatments for type 2 diabetes and weight management, including but not limited to by claiming that the Unapproved Tirzepatide Products "activate[] both glucagon-like peptide-1 (GLP-1) and glucose-dependent insulinotropic polypeptide (GIP) receptors," "enhance[] insulin production and secretion from pancreatic beta cells," "play a role in blood sugar regulation," "influence fat metabolism," "significantly reduce[] body weight," and "help people with non-alcoholic fatty liver disease," as identified in ¶¶ 93-111 of the Complaint, including any underlying research studies or other documents supporting or refuting that claim.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents concerning safety-and-effectiveness advertising claims, including underlying research studies or other

documents supporting or refuting those claims. It is a broad merits request that seeks internal analyses and technical materials. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents concerning Your Advertising claim that You comply with regulatory requirements, including but not limited to Your claims that You "adhere to stringent regulations set by State Boards of Pharmacy, the FDA, and USP standards, and even voluntary quality testing" and that Your "multi-pronged quality process adheres to stringent regulatory standards across every step," as identified in ¶¶ 122-125 of the Complaint, including any underlying research studies or other documents supporting or refuting that claim.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents concerning regulatory-compliance advertising claims, including underlying research studies or other documents supporting or refuting those claims. It is a broad merits and regulatory request seeking internal analyses. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents referenced or discussed in Your response to Lilly's Interrogatories or that You relied on in responding to any of Lilly's Interrogatories.

**FIRST AMENDED RESPONSE:** Empower objects to this Request on the grounds set forth in the General Objections, which are incorporated herein by reference. This request seeks all documents referenced or discussed in responses to interrogatories or relied on in responding to interrogatories. It is derivative of the interrogatories and premature for the same reasons. Empower further objects to the extent this Request seeks documents or information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, consulting-expert protection, or any other applicable privilege or protection. Once a mutually agreeable cost sharing agreement has been finalized and the request narrowed to the existing state law claims and following the Court's resolution of the pending Motion to Invoke Rule 7 to Require a Reply, Empower will produce any nonprivileged responsive materials, if required, on the schedule directed by the Court and pursuant to an appropriate confidentiality order and ESI protocol.