# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ELI LILLY AND COMPANY, | |
| Plaintiff, | |
| v. | Civil Action No. 4:25-cv-3464 |
| EMPOWER CLINIC SERVICES, LLC d/b/a EMPOWER PHARMACY, | |
| Defendant. | |

**DECLARATION OF TRAVIS REED IN SUPPORT OF EMPOWER CLINICAL SERVICES, L.L.C. D/B/A EMPOWER PHARMACY'S SECOND MOTION FOR PROTECTIVE ORDER**

I, Travis Reed, declare as follows:

1.      My name is Travis Reed, I am over the age of 21, a resident of Harris County, Texas, and am fully competent to testify regarding the facts set forth in this Declaration.  The statements made herein are true and correct, based on my personal knowledge, and I execute this Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

2.      I am currently acting as the Associate General Counsel of Litigation at Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy ("Empower").

3.      Upon receipt of the written discovery requests from counsel for Eli Lilly and Company ("Lilly") on or about March 9, 2026, and after failure of the meet and confer attempts with counsel for Lilly, Empower filed its first Motion for Protective Order [ECF No. 73] on March 26, 2026.  My prior Declaration was filed in support of that motion as Exhibit 5.

4.      On April 29, 2026, the Court entered its Memorandum Opinion and Order [ECF No. 80], granting Empower's Motion to Dismiss as to Lilly's sole federal claim under the Lanham

Act, 15 U.S.C. § 1125(a)(1)(B), and Lilly's Texas common law unfair competition claim. The Court denied Empower's prior Motion for Protective Order [ECF No. 73] as moot in light of its ruling on the Motion to Dismiss.

5.      The Court's Order fundamentally altered the scope of this litigation. Lilly's only surviving claims are state statutory unfair competition and deceptive practices claims under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington. These surviving claims are premised on Empower's alleged sale of unapproved new drugs in those eight states and on allegedly deceptive marketing directed at consumers in those states.

6.      Despite this fundamental narrowing of the case, Lilly has refused to narrow its First Set of Interrogatories (Nos. 1–15) and First Set of Requests for Production (Nos. 1–52) to conform to the surviving claims. In three separate conferral letters dated May 20, May 28, and June 15, 2026, and during a meet and confer conference on June 4, 2026, Empower requested that Lilly withdraw or modify discovery requests that pertain solely to the dismissed Lanham Act and Texas common law claims, and narrow remaining requests to discovery proportional to and directly tied to the eight surviving state-law claims. To date, Lilly has refused to agree to any narrowing whatsoever and has not responded to Empower's third conferral letter, which specifically proposes narrowing of Lilly's discovery requests.

7.      Additionally, on May 13, 2026, Empower filed its Motion to Invoke Federal Rule of Civil Procedure 7 to Require a Reply [ECF No. 82], which presents a threshold issue that may further narrow or eliminate the surviving claims before Empower should be forced to incur the extraordinary burden and expense of the discovery Lilly seeks.

8. Simultaneous to being served Lilly's discovery requests, Empower began identifying the sources and availability of the information requested by Lilly.

9. Upon receipt of the discovery requests, Empower has and continues to attempt to identify the voluminous and overly broad documentation requested. Despite diligent attention, isolation of the requested information is still underway due to the voluminous requests that, Empower believes, far exceed any scope of relevancy or relation to the surviving claims in this case. The overbreadth of Lilly's requests is now even more apparent following the Court's dismissal of Lilly's Lanham Act and Texas common law claims, as many of the requests seek nationwide information, competitive injury data, and materials relating solely to the dismissed claims. However, to preserve all necessary data, source isolation and compilation is underway.

10. The information identified based on the overly broad, unduly burdensome, and irrelevant discovery, at this point, is many terabytes, which encompasses several million documents. (This is a document count, not a page count.) This volume is only a fraction of the documentation requested by Lilly.

11. Empower has been and continues to be actively identifying, isolating, and quantifying the overly broad and unduly burdensome requests issued by Lilly.

12. The volume requested has already included weeks of employee time simply to preserve, isolate source, and compile and the task is far from complete, despite best efforts. Based on the current estimates of many terabytes of data, in the event Empower proceeds with reviewing each document for responsiveness, this review is expected to necessitate in excess of tens of thousands of hours of review time if each document requires one minute to review.

13. In sum, without limitation by Lilly, isolation, compilation, review, and production of the information as requested by Lilly will cost several millions of dollars to process due to the

3

large volume.  These costs were disproportionate when Lilly had a Lanham Act claim; they are unconscionable now that only eight state-law claims survive, each of which faces independent threshold defenses that may further narrow or eliminate the claims entirely.

14.    Absent a narrowing of issues by Lilly and/or this Court, as more information is compiled, the projected costs for review and production will increase.  Empower respectfully submits that requiring it to expend millions of dollars responding to discovery tailored to dismissed claims—while threshold issues that may dispose of the surviving claims remain pending—is disproportionate to the needs of this case and warrants the protective relief requested in Empower's Second Motion for Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, State of Texas, on the 18th day of June 2026.

*/s/Travis Reed*
Travis Reed