United States District Court
Southern District of Texas

**ENTERED**

July 30, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ELI LILLY AND COMPANY,                §
                                      §
    Plaintiff,                     §
                                      §
v.                                    §   CIVIL ACTION NO. H-25-3464
                                      §
EMPOWER CLINIC SERVICES, LLC          §
D/B/A EMPOWER PHARMACY,               §
                                      §
    Defendant.                     §

### MEMORANDUM OPINION AND ORDER

Plaintiff, Eli Lilly and Company ("Lilly" or "Plaintiff"), brings this action against Defendant, Empower Clinic Services, LLC, d/b/a Empower Pharmacy ("Empower" or "Defendant"), for false or misleading advertising and promotion in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and for related claims based on the statutory or common law of the states of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, Texas, and Washington.[1]  Lilly seeks declaratory, injunctive, and monetary relief.[2]   Pending before the court is Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy's Motion to Invoke Fed. R. Civ. P. 7 to Require a Reply ("Defendant's Motion to Require a Reply") (Docket Entry No. 82).  Plaintiff has responded to Defendant's motion by filing Plaintiff Eli Lilly and Company's Opposition to Defendant's Motion to Invoke Fed. R. Civ. P. 7 to

---

[1]Complaint, Docket Entry No. 1, pp. 54-74 ¶¶ 161-290. Page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system.

[2]Id. 75-78.

Require a Reply ("Plaintiff's Opposition to Defendant's Motion to Require a Reply") (Docket Entry No. 84).  Defendant has replied by filing Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy's Reply in Support of Its Motion to Invoke Fed. R. Civ. P. 7 to Require a Reply ("Defendant's Reply") (Docket Entry No. 86).  For the reasons stated below, Defendant's' Motion to Require a Reply will be denied.

## I.    **Factual and Procedural Background**[3]

The court incorporates herein the factual allegations discussed in its prior Memorandum Opinion and Order (Docket Entry No. 80), granting in part and denying in part Empower's Motion to Dismiss (Docket Entry No. 34), and denying as moot Empower's Motion to Stay (Docket Entry No. 46), and Empower's Motion for Protective Order (Docket Entry No. 73).  In its Memorandum Opinion and Order the court granted Empower's motion to dismiss Lilly's claims for violation of the Lanham Act and the common law of Texas.  The court denied Empower's motion to dismiss Lilly's claims asserted under the state laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington as barred by regulatory exemptions.[4]

---

[3]The facts in this section are alleged in the "General Allegations" section of Lilly's's Complaint, Docket Entry No. 1, pp. 9-54 ¶¶ 26-160.

[4]Docket Entry No. 80, pp. 34-48.  <u>See also</u> <u>Eli Lilly & Co. v. Empower Clinic Services, LLC</u>, No. H-25-3464, 2026 WL 1162765, at *14-*19 (S.D. Tex. April 29, 2026).

Lilly is a pharmaceutical company responsible for developing, testing, and gaining approval from the United States Food and Drug Administration ("FDA") for two medications containing the active ingredient tirzepatide: MOUNJARO® and ZEPBOUND®.  As the first to gain FDA approval for tirzepatide-based medications, Lilly enjoys a period of market exclusivity through at least May of 2027.

Empower is a licensed compounding pharmacy located in Houston, Texas, that makes and sells two versions of tirzepatide medications: Tirzepatide ODT taken orally, and injections containing fixed-dose combinations of tirzepatide and niacinamide (a form of vitamin B-3).  Lilly alleges that, unlike its tirzepatide medications, Empower's compounded medications have not been tested or approved by the FDA, and that Empower has a history of regulatory violations.  Lilly alleges that Empower's marketing and sale of its compounded tirzepatide medications is unfair, deceptive, false, and misleading, and creates a significant risk to patient safety and to the brand-image of tirzepatide-based medications that Lilly spent billions of dollars to develop. Asserting that Empower's sales of compounded tirzepatide products would have been made by Lilly but for Empower's unlawful and unfair competition, Lilly alleges that it has suffered financial harm in the form of lost sales as a direct result of Empower's unfair competition.  Lilly also alleges that Empower's deceptive practices have caused irreparable harm to its brand and customer goodwill by promising results that consumers will not obtain from Empower's products.

On May 13, 2026, Empower answered Lilly's Complaint by filing Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy's Response to Plaintiff Eli Lilly and Company's Complaint ("Answer") (Docket Entry No. 81) asserting 37 affirmative defenses.  In the Answer Empower asserts inter alia that regulatory exemptions bar the claims that Lilly has alleged under the state laws of Alaska, Colorado, Connecticut, Hawaii, South Carolina, Tennessee, and Washington, and that a Learned Professional Exemption bars claims that Lilly has asserted under the state law of North Carolina.  The same day that Empower filed its Answer, it filed the pending Motion to Require a Reply.

Citing Eli Lilly and Co. v. Revive Rx, LLC, 812 F. Supp.3d 708, 740 (S.D. Tex. 2025), for holding that if Revive filed an answer asserting statutory exemptions provided by the laws of Alaska and North Carolina, Lilly would need to file a reply pursuant to Rule 7(a)(7) alleging facts sufficient to avoid those exemptions, Empower moves the court to "order Lilly to address Empower's regulatory exemptions under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington [asserted in its Answer to Lilly's Complaint]."[5] Empower argues that a Rule 7(a)(7) reply would "identify claims that are well pleaded but ultimately futile and should not entitle Lilly to impose on Empower the burden of costly discovery."[6]

---

[5]Defendant's Motion to Require a Reply, Docket Entry No. 82, p. 5.

[6]Id.

Lilly argues that Empower's motion should be denied because

> Empower does not and cannot identify any convincing reason. It instead tries to relitigate issues it lost in its motion to dismiss, and raise new arguments this Court and the Fifth Circuit have already rejected and Empower considered too weak for its dismissal motion. Those arguments . . . do not justify a reply. The efficient next step in this case is discovery into the contested fact issues, not more pleadings.[7]

The court agrees.

## II. **Standard of Review**

Federal Rule of Civil Procedure 7(a) states in pertinent part "[o]nly these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; . . . (7) if the court orders one, a reply to an answer." Rule 7(a)(7) provides district courts discretion to order a reply to an answer. See Reyes v. Sazan, 168 F.3d 158, 161 (reviewing denial of motion to file Rule 7 reply for abuse of discretion).

> A substantial reason must be given or necessity must be demonstrated by the movant to justify the court ordering a reply to an answer. This strict standard has proven difficult to satisfy inasmuch as the federal rules provide a number of other devices for uncovering the facts and narrowing the issues that are more effective than a court-ordered reply.

In re Enron Corporation Securities, Derivative & "ERISA" Litigation, 540 F. Supp. 2d 759, 795 (S.D. Tex. 2007) (quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure Civ. 3d § 1185 at 31–32 (West 2004)).

---

[7]Plaintiff's Opposition to Defendant's Motion to Require a Reply, Docket Entry No. 84, p. 11.

In the Fifth Circuit Rule 7 replies have long been used in cases against government officials entitled to qualified immunity. See Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995) (en banc). Schultea established the use of a Rule 7(a) reply to resolve the inherent conflict between the Federal Rules' notice pleading procedures and the substantive right of qualified immunity, which requires that a plaintiff allege with particularity those facts necessary to overcome a qualified immunity defense:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

Id. at 1433. By requiring a Rule 7(a) reply in such cases district courts can be satisfied that the "plaintiff has adequately alleged facts sufficient to pass the pleading stage." Truvia v. Julien, 187 F. App'x 346, 349 (5th Cir. 2006) (per curiam).

The use of Rule 7(a)(7) replies was recently mentioned by the Supreme Court as a means "to screen out meritless claims before discovery" in "barebones . . . suits." Cunningham v. Cornell University, 145 S. Ct. 1020, 1032 (2025) (citing Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998), and Cole v. Carson, 935 F.3d 444, 446 (5th Cir. 2019)(en banc), cert denied sub nom, Hunter v. Cole, 141 S. Ct. 111 (2020) ("[C]ourts have developed procedures and pretrial practices, including . . . a reply to an answer under Rule 7(a) on order of the district court, particularized to address the defense of immunity.")).

## II. __Analysis__

Asserting that "[t]his Court previously declined to resolve Empower's regulatory-exemption arguments at the Rule 12(b)(6) stage because the exemptions constituted affirmative defenses that Empower was required to plead and prove,"[8] Empower argues that it

> has now pleaded those defenses. ECF No. 81. A Rule 7 Reply would require Lilly to address the statutory exemptions and demonstrate that its claims are not ultimately futile — thereby sharpening the issues for summary judgment and preventing Lilly from imposing unwarranted discovery burdens on Empower.[9]

Although Empower frames its motion as a request to "order Lilly to address [its] regulatory exemptions under the laws of Alaska, Colorado, Connecticut, Hawaii, North Carolina, South Carolina, Tennessee, and Washington [asserted in its Answer to Lilly's Complaint],"[10] Empower fails to identify any substantial reason or necessity for the court to order a reply to the regulatory exemption affirmative defenses asserted in its answer. Instead, reasserting arguments made in its motion to dismiss, Empower argues only that the reply will "identify claims that are well pleaded but ultimately futile and should not entitle Lilly to impose on Empower the burden of costly discovery."[11]

---

[8]Defendant's Motion to Require a Reply, Docket Entry No. 82, p. 8.

[9]__Id.__ at 8-9.

[10]__Id.__ at 5.

[11]__Id.__   __See also__ Defendant's Reply, Docket No. 86, p. 18 (arguing that "[a] Rule 7 reply will 'sharpen[] the issues for
(continued...)

Empower's main argument is that its "compounded medicines dispensed pursuant to prescription fall outside the reach of [state] new drug statutes."[12]  But as the court recognized in its April 29, 2026, Memorandum Opinion and Order, "Lilly alleges that Empower is not engaged in compounding pharmaceuticals, . . . but instead, that Empower is manufacturing and selling unapproved pharmaceuticals."[13]  Empower argues that "[even if Lilly had alleged a violation of the state new drug statutes, it would not constitute 'unfair competition.'"[14]  But the Fifth Circuit squarely rejected this argument in Zyla Life Sciences, L.L.C. v. Wells Pharma of Houston, L.L.C., 134 F.4th 326, 331 (5th Cir. 2025), by holding that "[i]f anyone sells drugs in violation of [state 'new drug'] laws, competitors may bring suit under traditional state unfair-competition law."  What Empower produces, how it dispenses its products, and whether it is selling unapproved pharmaceuticals are

---

[11](...continued)
summary judgment and prevent[] Lilly from imposing unwarranted discovery burdens on Empower").

[12]Defendant's Motion to Require a Reply, Docket Entry No. 82, p. 10.  Compare Defendant Empower Clinic Services, L.L.C. D/B/A Empower Pharmacy's Motion to Dismiss for Failure to State a Claim and Memorandum in Support ("Empower's Motion to Dismiss"), Docket Entry No. 34, pp. 41-45 (arguing that Lilly cannot state a claim based on its "unapproved drug theory").

[13]Docket Entry No. 80, p. 43.  See also Eli Lilly, 2026 WL 1162765, at *17.

[14]Defendant's Motion to Require a Reply, Docket Entry No. 82, p. 11.  Compare Empower's Motion to Dismiss, Docket Entry No. 34, p. 13 (arguing that "none of these . . . state laws allow a profit-motivated drug manufacturer like Lilly to police patient access to compounded drugs by contorting Empower's legal conduct into unfair competition and deceptive practices").

disputed issues of fact that require discovery — not more pleadings — to resolve.

Empower's Answer alleges state regulatory exemptions as affirmative defenses but instead of adding anything new to the dispute, merely asserts that Empower is authorized under state laws to compound and dispense medications, including tirzepatide products, without obtaining new drug approval, and that its compounding and dispensing activities are permissible activities conducted in compliance with relevant state laws and regulations.[15] Empower's motion to dismiss contained the same or substantially the same assertions,[16] and Lilly's opposition to Empower's motion to dismiss responded to those assertions in detail.[17]

Moreover, Lilly argues — and the courts agrees — that its "Complaint already alleges Empower's <u>non-compliance</u> with . . . state regulatory exemptions in detail."[18]  For example, Lilly alleges that Empower does not obtain necessary prescriptions, fails to follow pharmacy compounding standards, and uses impermissibly substandard ingredients.[19]

---

[15]Answer, Docket Entry No. 81, pp. 47-50.

[16]<u>See</u> Docket Entry No. 34, pp. 42-46.

[17]<u>See</u> Plaintiff Eli Lilly and Company's Opposition to Defendant's Motion to Dismiss for Failure to State a Claim, Docket Entry No. 49, pp. 21-28 (arguing that Empower's conduct is not protected by state-law safe harbors).

[18]Plaintiff's Opposition to Defendant's Motion to Require a Reply, Docket Entry No. 84, p. 17.

[19]<u>Id.</u> (citing Complaint, Docket Entry No. 1, p. 24 ¶ 81).

Because Empower's previously filed — and resolved — motion to dismiss made the same or substantially the same exemption arguments as those made in both its Answer and the pending Motion to Require a Reply, because Lilly's response in opposition to Empower's motion to dismiss addressed Empower's state law exemption arguments in detail, and because Lilly's Complaint contains factual allegations detailing Empower's non-compliance with state statutes and regulations on which Empower bases its qualification to regulatory exemptions, ordering Lilly to file a reply to Empower's Answer is not needed to satisfy the court that Lilly has adequately alleged facts in support of claims sufficient to pass the pleading stage, to screen out meritless claims before discovery, or to sharpen the issues for summary judgment.  In Cunningham, 145 S. Ct. at 1032, the Court encouraged the use of a Rule 7(a)(7) reply to address "barebones . . . suits."  Id.  As Lilly argues, its "Complaint . . . is far from 'barebones.'"[20]  And as demonstrated by the court's April 29, 2026, Memorandum Opinion and Order, resolving Empower's motion to dismiss, the issues surrounding Empower's assertions of affirmative defenses based on statutory exemptions have already been sharpened for purposes of summary judgment.[21]  See Truvia, 187 F. App'x at 349-50 (affirming denial of Rule 7 reply where defense

---

[20]Id. at 16.

[21]See Docket Entry No. 80, pp. 34-48.  See also Eli Lilly, 2026 WL 1162765, at *14-*19.

was raised in prior 12(b)(6) motion).  See also Wilson v. Barcella, No. H-05-cv-3646, 2007 WL 963977, at *11 (S.D. Tex. March 29, 2007), aff'd, 284 F. App'x 210 (5th Cir. 2008) ("When the briefing in response to motions to dismiss . . . adequately addresses [the] issues, a district court need not require a Rule 7 response.").

### III. Conclusions and Order

Because Empower has failed to identify a "substantial reason" or "necessity . . . to justify the court ordering a reply to [its] answer," Enron, 540 F. Supp. 2d at 795, and instead reasserts arguments made in its Motion to Dismiss, Defendant Empower Clinic Services, L.L.C. d/b/a Empower Pharmacy's Motion to Invoke Fed. R. Civ. P. 7 to Require a Reply, Docket Entry No. 82, is **DENIED**.

**SIGNED** at Houston, Texas, this 30th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE